MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: (310) 271.6223 |
F: (310) 271.9805
E: michael.berger@bankruptcypower.com

Counsel for Debtor
Michael H. Miroyan

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:

Michael H. Miroyan,

        Debtor.

CASE NO.: 22-50339

Chapter 13

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS DEBTOR'S BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**

Date:     June 9, 2022
Time:    10:00 a.m.
Courtroom:  9
Place:    280 South First Street
            San Jose, CA 95113

## NOTICE OF MOTION

**TO THE HONORABLE STEPHEN L. JOHNSON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, THE DEBTOR, CREDITORS AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that, on June 9, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Stephen L. Johnson, United States

1

NOTICE OF MOTION AND MOTION TO WITHDRAW AS DEBTOR'S BANKRUPTCY COUNSEL; DECLARATION OF
MICHAEL JAY BERGER IN SUPPORT THEREOF

Case: 22-50339   Doc# 14   Filed: 05/10/22   Entered: 05/10/22 16:43:24   Page 1 of 6

District Judge, Courtroom 9, of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113, Michael J. Berger, of Law Offices of Michael Jay Berger, shall and hereby does respectfully seek leave of this Court, pursuant to LOCAL R. 11-5(a) and in compliance with CAL. R. PROF. CONDUCT 3-700, to withdraw as counsel for Debtor, Michael H Miroyan.

## MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR

Pursuant to LOCAL R. 11-5, Michael J. Berger ("Movant") hereby notifies the parties and the Court of his intent to withdraw as counsel for Debtor. Movant states the following grounds for this notice and motion:

(1) Debtor's failure to cooperate with Counsel in the prosecution of his case and failure to follow Counsel's advice on material matters;

(2) Breakdown of relationship between Debtor and Counsel.

## I. FACTUAL BACKGROUND

On April 22, 2022, Debtor filed the instant voluntary Chapter 13 Bankruptcy (the "Instant Bankruptcy").

The Debtor has failed to follow Counsel's recommendations in prosecuting the Instant Bankruptcy. The precise nature of the advice given is covered by the attorney-client privilege but will be disclosed in camera, if required by this Court.

Counsel has represented the Debtor to the best of his ability. However, Counsel must withdraw from the Instant Bankruptcy Proceedings, because the Debtor is not cooperating with Counsel and has breached Paragraph 3 of Counsel's fee agreement, which states: "CLIENT'S DUTIES: You agree to be truthful with me, to cooperate with me, to keep me informed of developments that affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts."

Counsel must withdraw from the Instant Bankruptcy case because the attorney-client relationship between the Debtor and Counsel has irreparably broken down.

## II.  AUTHORITY FOR MOTION

Counsel moves the Court under LOCAL R. 11-5 and California Rule of Professional Conduct Rule 3-700(C) for an order granting Counsel's motion to withdraw as general bankruptcy counsel for the Debtor.

## III.  ARGUMENT

Under LOCAL R. 11-5 "Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." LOCAL R. 11-5(a).

A. <u>Counsel Should be Granted Permissive Withdrawal Before of Debtor's Lack of Cooperation</u>

Rule 3-700(C) of the Rules of Professional Conduct govern when a Counsel *may* withdraw from representation in a case.

Here, permissive withdrawal under Rule 3-700(C) is applicable because Debtor has been uncooperative in connection with the prosecution of his Chapter 13 case.

Paragraph 6 of the Fee Agreement states, "DISCHARGE AND WITHDRAWAL. You may discharge me at any time. <u>I may withdraw</u> with your consent or <u>for good cause as found by a court of law. Good cause includes</u>, but is not limited to, your breach of this agreement, <u>your refusal to cooperate with me or to follow my advice on a material matter, or any fact or circumstance which would render my continuing representation of you nonproductive, unlawful or unethical.</u>"

B. <u>Permissive Withdrawal Should be Granted Because Debtor's Conduct in the Instant Bankruptcy Case Renders It Unreasonably Difficult for Counsel to Represent Debtor Effectively</u>

Permissive withdrawal under Rule 3-700(C)(1)(d) is applicable. A member representing a client before a tribunal *may* withdraw from employment with the

3

NOTICE OF MOTION AND MOTION TO WITHDRAW AS DEBTOR'S BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF
Case: 22-50339    Doc# 14    Filed: 05/10/22    Entered: 05/10/22 16:43:24    Page 3 of 6

permission of the tribunal, if the client, by its conduct, renders it unreasonably difficult for Counsel to carry out the employment effectively.

In the Instant Bankruptcy, permissive withdrawal is applicable because Debtor's lack of cooperation with Counsel renders it unreasonably difficult for Counsel to effectively represent the Debtor, since Counsel is unable to prosecute Debtor's case without Debtor's willingness to follow Counsel's advice.

Counsel requires Debtor to cooperate so that Counsel can assist and adequately represent the Debtor. Lack of cooperation is a violation of section 3 of the Debtor's Fee Agreement, which states:

"CLIENT'S DUTIES. You agree to be truthful with me, to cooperate with me, to keep me informed of developments which affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts."

Debtor failed to cooperate with Counsel's requests.

Therefore, permissive withdrawal should be granted under 3-700(C)(1)(d) because of Debtor's lack of cooperation with Counsel in the Instant Bankruptcy and the breakdown of the attorney-client relationship.

## IV. CONCLUSION

WHEREFORE, based on the foregoing, Counsel requests an entry of order granting the Motion to Withdraw as Debtor's Bankruptcy Counsel as the attorney-client relationship between the Debtor and Counsel has irreparably broken down.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 5/10/2022    By: /s/ Michael J Berger
Michael Jay Berger
Counsel for Debtor
Michael H. Miroyan

# DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare as follows:

1. I am the counsel for the Debtor Michael H. Miroyan (the "Debtor") in the herein bankruptcy ("Main Bankruptcy Case").

2. I have personal knowledge of the facts set forth herein. If called as a witness herein, I could and would testify competently and truthfully as set forth herein.

3. On April 22, 2022, Debtor filed the instant voluntary Chapter 13 Bankruptcy (the "Instant Bankruptcy").

4. I request that this Court allow me to withdraw from Debtor's case for the following reasons:

- Debtor's failure to cooperate with me in the prosecution of his case and failure to follow my advice on material matters;
- Breakdown of relationship between Debtor and I.

5. The Debtor failed to follow my recommendations in prosecuting the Instant Bankruptcy. The precise nature of the advice given is covered by the attorney-client privilege, but will be disclosed in camera, if required by this Court.

6. I have represented the Debtor to the best of my ability. However, I must withdraw from the Instant Bankruptcy Proceedings, because the Debtor is not cooperating with me and had breached Paragraph 3 of Counsel's fee agreement, which states: "CLIENT'S DUTIES: You agree to be truthful with me, to cooperate with me, to keep me informed of developments which affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts."

7. I must withdraw from the Instant Bankruptcy case because the attorney-client relationship between the Debtor and myself has irreparably broken down.

8. Permissive withdrawal is also applicable because Debtor's lack of cooperation renders it unreasonably difficult for me to effectively represent the Debtor

5

NOTICE OF MOTION AND MOTION TO WITHDRAW AS DEBTOR'S BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

since I am unable to prosecute Debtor's case without Debtor's willingness to follow my advice.

9. The Debtor failed to abide by his duties as required under the Fee Agreement.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 10, 2022 at Beverly Hills, California.

*Michael Jay Berger*