

The following constitutes the order of the Court.
Signed: June 10, 2022

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>               Debtor. | Case No.: 22-50339 SLJ<br><br>Chapter 13<br><br>Date: June 9, 2022<br>Time: 10:00 a.m.<br>Ctrm: Remote |

**ORDER GRANTING MOTION TO WITHDRAW
AS DEBTOR'S BANKRUPTCY COUNSEL**

    The Motion to Withdraw as Debtor's Bankruptcy Counsel ("Motion"), filed by Debtor's attorney Michael Jay Berger, came on for hearing at the above-referenced date and time. Appearances were noted on the record. Debtor opposed the Motion. After hearing arguments from the parties, the court took the Motion under submission.

    Debtor's counsel ("Counsel" or "Berger") sought to withdraw pursuant to California Rule of Professional Conduct ("Rule") 3-700(C), which has been superceded by a new set of Rules of Professional Conduct made effective on November 1, 2018, by the California Supreme Court. The current rule is Rule 1.16(b), which provides for permissive withdrawal under certain circumstances. Counsel alleged that Debtor failed to follow Counsel's advice and was not

cooperating with Counsel, rendering Counsel's representation unreasonably difficult and ineffective. Debtor opposed the Motion at the hearing and made various accusations against Counsel on the record.

Under Civil Local Rule 11-5(a), as incorporated by Bankruptcy Local Rule 1001-2(a), a lawyer may not withdraw from an action until relieved by order of court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Substantively, the court must examine four factors in reviewing a motion to withdraw: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008).

The procedural requirement has been satisfied. Counsel gave appropriate notice under the applicable local rules to Debtor and all creditors.

Rule 1.16(b)(4) permits withdrawal when the client's conduct renders it unreasonably difficult for the lawyer to effectively carry out the representation. The court does not need to resolve the allegations that Debtor made against Counsel. It was clear from the hearing that disagreements emerged and communications between Counsel and Debtor have irreparably broken down. In fact, Debtor has accused his counsel of taking bribes (or being influenced by) opposing counsel. Both Berger and opposing counsel denied that was so, but the allegation itself demonstrates the relationship is irretrievably broken.

The court finds that Counsel has laid out a basis for permissive withdrawal which is further supported by the parties' conduct during oral argument. The withdrawal will not prejudice other parties, and no arguments has been presented otherwise. As an individual bankruptcy case, Debtor may represent himself. Moreover, this case was filed recently on April 22, 2022, and there are no pending matters which resolutions may be delayed by Counsel's

/ / /

/ / /

/ / /

ORDER GRANTING MOTION TO WITHDRAW AS DEBTOR'S ATTORNEY
-2-

1   withdrawal.
2          For the foregoing reasons,
3          IT IS HEREBY ORDERED that the Motion is GRANTED.
4
5                          *** END OF ORDER***

**COURT SERVICE LIST**

Michael Haroutun Miroyan
P.O. Box 3181
Saratoga, CA 95070-1181

ECF Notifications

ORDER GRANTING MOTION TO WITHDRAW AS DEBTOR'S ATTORNEY
-4-