MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com

Proposed Counsel for Debtor and Debtor-In-Possession
Hawaiian Riverbend, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Hawaiian Riverbend, LLC,<br><br>               Debtor-in-Possession. | Case No.: 22-50314 SLJ<br><br>**Chapter 11**<br><br>**DEBTOR'S INITIAL STATUS CONFERENCE REPORT; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**<br><br>Date: June 2, 2022<br>Time: 11:00 A.M.<br>Via Tele/Videoconference,<br>www.canb.uscourts.gov/calendars |

**TO THE HONORABLE STEPHEN L. JOHNSON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, SUBCHAPTER V TRUSTEE, DEBTOR'S CREDITORS, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Hawaiian Riverbend, LLC, the debtor and debtor-in-possession herein (the "Debtor") hereby submits its Initial Status Conference Report ("Initial Status Report"), as follows:

    The Debtor filed a voluntary Subchapter V Chapter 11 bankruptcy case on April 14, 2022. This is the Debtor's second bankruptcy case, having previously filed a chapter 11

1
DEBTOR'S INITIAL STATUS CONFERENCE REPORT

bankruptcy in April 2016 in the District of Hawaii. Michael H. Miroyan is the principal of the Debtor.

The Debtor owns a 14.66-acres commercial lot located in Wai Koloa Village, Hawaii (big island) with a scheduled estimated value of $6,000,000.00 (the "Property"). The secured obligations against the Property include property taxes owed to Hawaii County Tax Collector for an estimated $150,000.00 and a deed of trust secured by a promissory note in favor of Kai Family Trust for an estimated $540,000.00.

Debtor's personal property consists of two pre-petition bank accounts with a combined balance of $250.00 as of the petition date.

Debtor's unsecured creditors include various loans with an estimated total claim amount of approximately $300,000.00.[1]

The major event precipitating the filing of the present bankruptcy was the pending foreclosure sale of the Property.

### A. Deadline for Filing the Plan

The deadline for Debtor to file its SubChapter V Plan is July 13, 2022. At the meeting of creditors on May 17, 2022, there was a discussion about the Debtor not proceeding as a Subchapter V Debtor since the Debtor is a single asset real estate case. The Debtor is in the process of filing an amendment to its voluntary petition to uncheck the Subchapter V box and instead choose to proceed as a single asset real estate case.

### B. Disclosure Statement

---

[1] Debtor is in the process of amending its schedules to add creditors. Debtor's counsel has been having problems getting information from the Debtor to accurately prepare the schedules and the compliance. A Motion to Withdraw has been filed; hearing set for June 7, 2022.

2
DEBTOR'S INITIAL STATUS CONFERENCE REPORT

Debtor's Plan will provide a brief history of the business operations of the Debtor; (2) a liquidation analysis; and (3) projections regarding the Debtor's ability to make payments under the Plan. In addition, the Debtor will include in the Plan such additional information as may be necessary under the circumstances of the Case to permit the Parties to ascertain whether the Plan satisfies all applicable plan confirmation requirements.

### C. Objection to Claims

The Debtor requests that the Court set a deadline of September 30, 2022 for Objections to Claims.

### D. Meeting of Creditors and Debtor's Duties

On May 17, 2022, Debtor appeared with its proposed counsel at the meeting of creditors. The Debtor is working with counsel to address the outstanding compliance items for submission to the Office of the United States Trustee. The creditors' meeting has been continued to June 24, 2022 at 1:00 p.m.

### E. Pre-Confirmation Payments.

Debtor has not transmitted preconfirmation payments and funds to the Subchapter V Trustee as is allowed under 11 U.S.C. Section 1194.

### F. Authority for Use of Cash Collateral

Debtor does not have a cash collateral issue in this case as the Property is vacant and does not generate any income at this time.

### G. Debtor's Efforts to Reorganize

Debtor's efforts to reorganize include the filing of the required schedules and the statement of financial affairs, working with its counsel to amend the schedules, appearing

3
DEBTOR'S INITIAL STATUS CONFERENCE REPORT

Case: 22-50339    Doc#    Filed: 05/18/22    Entered: 05/18/22 19:40:28    Page 3 of 7

telephonically at both the Initial Debtor Interview and at the Meeting of Creditors. Debtor's plan is to sell or refinancing the Property to pay its undisputed creditors.

H. **Employment of Professionals**

On May 10, 2022, Debtor filed an Application to Employ Law Offices of Michael Jay Berger as its general bankruptcy counsel ("Application to Employ") [docket no.: 24]. On May 18, 2022, Creditor Kai Family Trust filed an Objection to the Application to Employ and requested a hearing [docket no.: 34]. Debtor is in the process of preparing a Notice of Hearing for the Application to Employ. Debtor does not anticipate employing any other professionals at this time.

I. **Motion to Withdraw as Counsel for the Debtor**

On May 10, 2022, Debtor's proposed counsel, the Law Offices of Michael Jay Berger, filed a Motion to Withdraw as Debtor's counsel due to a breakdown of relationship between the Debtor and its proposed counsel [docket no.: 28]. The hearing on the Motion to Withdraw is set for June 7, 2022 at 2:00 p.m.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: May 18, 2022      By: /s/ Michael Jay Berger
                                      Michael Jay Berger
                                      Proposed Counsel for Debtor
                                      Hawaiian Riverbend, LLC

# DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1. I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Northern District of California. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. I am the proposed bankruptcy counsel for Hawaiian Riverbend, LLC, the Debtor and Debtor-In-Possession herein (the "Debtor").

3. The Debtor filed a voluntary Subchapter V Chapter 11 bankruptcy case on April 14, 2022. This is the Debtor's second bankruptcy case, having previously filed a chapter 11 bankruptcy in April 2016 in the District of Hawaii. Michael H. Miroyan is the principal of the Debtor.

4. The deadline for Debtor to file its SubChapter V Plan is July 13, 2022. At the meeting of creditors on May 17, 2022, there was a discussion about the Debtor not proceeding as a Subchapter V Debtor since the Debtor is a single asset real estate case. The Debtor is in the process of filing an amendment to its voluntary petition to uncheck the Subchapter V box and instead choose to proceed as a single asset real estate case.

5. Debtor's Plan will provide a brief history of the business operations of the Debtor; (2) a liquidation analysis; and (3) projections regarding the Debtor's ability to make payments under the Plan. In addition, the Debtor will include in the Plan such additional information as may be necessary under the circumstances of the Case to permit the Parties to ascertain whether the Plan satisfies all applicable plan confirmation requirements.

5
DEBTOR'S INITIAL STATUS CONFERENCE REPORT

Case: 22-50339    Doc#    Filed: 05/18/22    Entered: 05/18/22 19:40:28    Page 5 of 7

6. The Debtor requests that the Court set a deadline of September 30, 2022 for Objections to Claims.

7. On May 17, 2022, Debtor appeared with its proposed counsel at the meeting of creditors. My office is working with the Debtor to address the outstanding compliance items for submission to the Office of the United States Trustee. The creditors' meeting has been continued to June 24, 2022 at 1:00 p.m.

8. Debtor has not transmitted preconfirmation payments and funds to the Subchapter V Trustee as is allowed under 11 U.S.C. Section 1194.

9. Debtor does not have a cash collateral issue in this case as the Property is vacant and does not generate any income at this time.

10. Debtor's efforts to reorganize include the filing of the required schedules and the statement of financial affairs, working with its counsel to amend the schedules, appearing telephonically at both the Initial Debtor Interview and at the Meeting of Creditors. Debtor's plan is to sell or refinancing the Property to pay its undisputed creditors.

11. On May 10, 2022, Debtor filed an Application to employ my firm as its general bankruptcy counsel ("Application to Employ") [docket no.: 24]. On May 18, 2022, Creditor Kai Family Trust filed an Objection to the Application to Employ and requested a hearing [docket no.: 34]. Debtor is in the process of preparing a Notice of Hearing for the Application to Employ. Debtor does not anticipate employing any other professionals at this time.

12. On May 10, 2022, I filed a Motion to Withdraw as Debtor's counsel due to a breakdown of relationship between the Debtor and I [docket no.: 28]. The hearing on the Motion to Withdraw is set for June 7, 2022 at 2:00 p.m.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 18, 2022 at Beverly Hills, California.

        /s/ Michael Jay Berger
        Michael Jay Berger