UZZI O. RAANAN (State Bar No. 162747)
uraanan@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Gang "Patrick" Chen,
Secured Creditor,

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

MICHAEL HAROUTUN MIROYAN,

Debtor.

Case No. 22-50339-SLJ

RS No. UOR-1

Chapter 13

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR RELIEF FROM STAY FILED BY GANG "PATRICK" CHEN**

Date: September 6, 2022
Time: 10:30 a.m.
Crtrm.: Courtroom "9"
280 South First Street
San Jose, California 95113

  Gang "Patrick" Chen, secured creditor in the above-entitled bankruptcy case (the "Creditor" or "Mr. Chen"), respectfully requests that the Court take judicial notice of the following facts in support of Mr. Chen's Motion for Relief from the Automatic Stay filed contemporaneously hereto.

  1. On **February 3, 2016**, Mr. Chen filed a complaint for foreclosure of the Mortgage against Hawaiian Riverbend (the "**Foreclosure Complaint**") in the Circuit Court of the Third Circuit of the State of Hawaii, Civ. No. 16-1-043K. Attached herein as Exhibit "**D**" is a true and correct copy of the Complaint to Foreclose Mortgage filed by Mr. Chen on February 3, 2016.

  2. On that same date, Mr. Chen filed a corollary notice of pendency of action in the Circuit Court of the Third Circuit of the State of Hawaii, Civ. No. 16-1-043K (the "**Notice of**

**Action**"). Attached herein as Exhibit "**E**" is a true and correct copy of the Notice of Pendency of Action filed by Mr. Chen on February 3, 2016.

3. On **April 4, 2016**, Hawaiian Riverbend filed for bankruptcy under Chapter 11 of the Bankruptcy Code (the "**Code**") in the United State Bankruptcy Court for the District of Hawaii, Bankr. No. 16-00348 (the "**2016 Chapter 11 Bankruptcy Case**"). Attached herein as Exhibit "**F**" is a true and correct copy of the 2016 Chapter 11 Bankruptcy Case Petition filed by Hawaiian Riverbend on April 4, 2016. According to the Statement of Financial Affairs filed in the 2016 Chapter 11 Bankruptcy Case, Michael Miroyan owned 100% of Hawaiian Riverbend at the time that case was filed. See 2016 Chapter 11 Bankruptcy Case, *Docket* No. 12, at p. 28 of 29.

4. Hawaiian Riverbend's second amended plan of reorganization was filed on October 7, 2016, and confirmed by the Court on December 23, 2016. The plan classified Mr. Chen's claim in Class 3 and provided for the sale or auction of Parcel 21 on or before November 30, 2017. See 2016 Chapter 11 Bankruptcy Case, *Docket* no. "135," p. 39 of 68. True and correct copies of the Docket from the 2016 Chapter 11 Bankruptcy Case and relevant pages from the Order Confirming Second Amended Plan of Reorganization Dated October 6, 2016 are attached herein as Exhibit "**G**."

5. Hawaiian Riverbend failed to comply with the plan, resulting in dismissal of the Chapter 11 Bankruptcy Case in or around **February 2, 2018**. In dismissing the Chapter 11 Bankruptcy Case, the Court found,

> Cause exists to dismiss the case because the Debtor is admittedly in material default of its obligation under the Plan. Debtor failed to conduct a sale of the properties and later failed to submit them for auction. Debtor's counsel made it clear at the status conference on January 8, 2018, that Debtor does not intend to comply with the Plan…. The Debtor has had more than a year to comply with the Plan, but has chosen not to do so. The Debtor has made no substantial efforts to sell the properties in accordance with the Plan.

Attached herein as Exhibit "**H**" is a true and correct copy of the Order Dismissing Case, filed on February 2, 2018, at pp. 4-5.

6. Shortly after Hawaiian Riverbend's bankruptcy was closed, on **August 9, 2018**, Mr. Miroyan, as the sole member of Hawaiian Riverbend, caused Hawaiian Riverbend to transfer

ownership of the Property to himself through a warranty deed ("**Warranty Deed**"). (Declaration of Gang "Patrick" Chen, at ¶ "6.")

7. Without notice, and without scheduling Mr. Chen as a creditor, on or about **November 26, 2018**, Mr. Miroyan filed a voluntary petition for relief under chapter 13 of title 11 of the United States Bankruptcy Code, giving rise to bankruptcy case no. 18-52601-MEH (the "**2018 Bankruptcy Case**"). Attached herein as Exhibit "**I**" is a true and correct copy of the *Docket* from the 2018 Bankruptcy Case, at *Docket No.* 1.

8. Debtor was the sole member of Hawaiian Riverbend, LLC, a Hawaii limited liability company ("**Hawaiian Riverbend**") at the time he filed his 2018 Bankruptcy Case. Attached herein as Exhibit "**J**" are true and correct copies of relevant pages from 2018 Bankruptcy Case *Docket* No. 13, Debtor's Schedule A/B, at ¶ "19".

9. In his Schedule A/B filed in the 2018 Bankruptcy Case, Debtor listed in Item 1.2: "Empty Lot in Hawaii, Lot 3-6-8-002-021," corresponding to the "Property." Exhibit **J**.

10. Debtor's Schedule "I" in the 2018 Bankruptcy Case states that Debtor's monthly income was $2,748.00 as of the petition date. Schedule "J" identified monthly expenses as $1,910, leaving $838.00 in net income. Attached herein as Exhibit "**J**" are true and correct copies of Schedules "I" and "J," pages 22-25 of *Docket* No. 13.

11. On March 8, 2019, the Mortgage was foreclosed upon by order of the court in Hawaii. ("**Foreclosure Action**"). Attached herein as Exhibit "**K**" is a true and correct copy of Foreclosure Order entered on March 8, 2019.

12. On or about December 29, 2018, creditor Kai Family 1998 Trust ("**Kai Trust**") filed its Motion for Relief from Stay (the "**Kai Trust Motion**") in the 2018 Bankruptcy Case, regarding an undeveloped lot located in Hawaii listed in Debtor's Schedule A/B in Item 1.2 (referred to herein as "Parcel 53"). The Kai Trust Motion requested full and complete relief from the bankruptcy automatic stay under 11 U.S.C. §362(d)(1), together with an *in rem* order under 11 U.S.C. §362(d)(4), to continue the judicial foreclosure of Parcel 53. See 2018 Bankruptcy Case, *Docket* No. "24".

13. On March 15, 2019, the Court entered an order in the 2018 Bankruptcy Case granting the Kai Trust's Motion for Relief from Stay with *in rem* relief, finding that the Debtor "transferred Parcel 53 from Hawaiian Riverbend, LLC to himself without consent of the secured creditor or court approval prior to filing for Chapter 13 bankruptcy, and that such conduct was designed to hinder, delay and possibly defraud the Kai Trust… ." See 2018 Bankruptcy Case, *Docket* No. "70".

14. The 2018 Bankruptcy Case was dismissed on **June 24, 2019**. 2018 Bankruptcy Case, *Docket* No. "93".

15. On **April 14, 2022**, Mr. Miroyan filed yet another bankruptcy case on behalf of Hawaiian Riverbend, this time in the Northern District of California as opposed to Hawaii. That Chapter 11 case, under Subchapter V, is now pending before United States Bankruptcy Judge Stephen L. Johnson, as Bankruptcy Case No. 22-50314 (the "**2022 Riverbend Bankruptcy Case**").

16. Mr. Miroyan signed the Resolution of Hawaiian Riverbend, LLC Authorizing the Filing of a Chapter 11 Bankruptcy Petition. Attached herein as Exhibit "**L**" is a true and correct copy of the Resolution filed in the 2022 Riverbend Bankruptcy Case as Docket No. 2.

17. According to the schedules filed in the 2022 Riverbend Bankruptcy Case, Hawaiian Riverbend had **$250.00** in cash and no identified sources of income. 2022 Riverbend Bankruptcy Case *Docket* No. 22, Schedule A/B, at p. 4.

18. On June 2, 2022, this Court issued an Order to Show Cause re Dismissal in the 2022 Riverbend Bankruptcy Case, noting that Mr. Miroyan failed to prosecute that case, communicate with his counsel, or even designate a responsible person for Hawaiian Riverbend. 2022 Riverbend Bankruptcy Case, *Docket* No. 46.

19. On June 6, 2022, a Motion to Convert the Case to Chapter 7 or, in the Alternative, Dismiss was filed in the 2022 Riverbend Bankruptcy Case. A hearing on that motion is still pending. 2022 Riverbend Bankruptcy Case *Docket* Nos. 51, 74.

20. On August 2, 2022, the Subchapter V trustee filed a report indicating that no distributions are expected in the 2022 Riverbend Bankruptcy Case. 2022 Riverbend Bankruptcy Case *Docket* No. 75.

21. On **April 22, 2022**, Mr. Miroyan filed the present bankruptcy case (the "**Present Case**"), also under Chapter 13. As he did in his 2018 Bankruptcy Case, Debtor listed the Property in Schedule A/B: Property. The Schedules value the Property at $1,750,000. *Docket* No. 11, at pp. 4 and 10.

22. In Schedule D, filed in the Present Case, Debtor stated that Mr. Chen has a Deed of Trust against the Property in the amount of $250,000. *Docket* No. 11, at p. 10.

23. According to Schedules "I" and "J" filed in the Present Case, Debtor had $220 in monthly net income at the time he filed his bankruptcy case.

24. On **May 19, 2022**, the bankruptcy court reopened the 2018 Bankruptcy Case to allow Mr. Chen to file a Motion for Relief from Stay on an *in rem* basis. 2018 Bankruptcy Case, *Docket* No. "111."

25. On June 22, 2022, Mr. Chen filed a Motion for Relief from Stay in the 2018 Bankruptcy Case.

26. On July 18, 2022, Mr. Chen's Motion for Relief from Stay in the 2018 Bankruptcy Case was denied. The court in that case held that the motion was moot, as the 2018 Bankruptcy Case had already been dismissed. It further held that reopening the case did not re-establish the automatic stay. Moreover, it noted that Mr. Miroyan filed the Present Case on April 22, 2022, and therefore a motion for relief from stay must be filed in the Present Case. 2018 Bankruptcy Case, *Docket* No. "120."

27. On July 6, 2022, the Chapter 13 Trustee in the Present Case filed a Motion to Dismiss Case (Pre-Confirmation) Pursuant to 11 U.S.C. §§ 1307(c) and 109(e) (the "**Motion to Dismiss**"). The Trustee argues in the motion that Debtor's secured debts far exceed the secured debt limit of $1,395,875, codified in 11 U.S.C. section 109(e). The Trustee argues that Debtor's schedules blatantly undervalue secured creditor claims, giving "rise to Debtor's lack of good faith. . . ." *Docket* No. 35.

28. A hearing on this motion is scheduled for September 8, 2022. *Docket* No. 36.

DATED: August 11, 2022            DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:      */s/ Uzzi O. Raanan*
　　　UZZI O. RAANAN
　　　Attorneys for Gang "Patrick" Chen,
　　　Secured Creditor