1  UZZI O. RAANAN (State Bar No. 162747)
   *uraanan@DanningGill.com*
2  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
4  Facsimile: (310) 277-5735

5  Attorneys for Gang "Patrick" Chen,
   Secured Creditor,

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN JOSE DIVISION**

11

12  In re                              Case No. 22-50339-SLJ

13  MICHAEL HAROUTUN MIROYAN,          RS No. UOR-1

14           Debtor.                   Chapter 13

15                                     **EXHIBITS IN SUPPORT OF CREDITOR
                                       GANG "PATRICK" CHEN'S MOTION
16                                     FOR RELIEF FROM AUTOMATIC STAY**

17                                     Date:      September 6, 2022
                                       Time:      10:30 a.m.
18                                     Crtrm.:    Courtroom "9"
                                                  280 South First Street
19                                                San Jose, California 95113

20

| Exhibit | Description | Page |
|---------|-------------|------|
| A | Promissory Note dated October 10, 2013 | 4 |
| B | Mortgage | 5 |
| C | Warranty Deed recorded August 9, 2018 | 20 |

27

28

1690907.1 27092

1

Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 1 of
154

| | | |
|---|---|---|
| D | Complaint to Foreclose Mortgage; Exhibits "1" – "2"; Foreclosure Mediation Notice; Foreclosure Mediation Request; Summons (In the Circuit Court of the Third Circuit of the State of Hawaii, Civ. No. 16-1-043K) | 24 |
| E | Notice of Pendency of Action; Declaration of Karyn A. Doi | 53 |
| F | 2016 Chapter 11 Bankruptcy Case Petition filed by Hawaiian Riverbend LLC | 63 |
| G | Bankruptcy docket of Hawaiian Riverbend LLC, Case No. 1:16-bk-00348, and relevant pages from the Order Confirming Second Amended Plan of Reorganization | 73 |
| H | Order Dismissing Case | 88 |
| I | Bankruptcy docket of Michael Haroutun Miroyan, Case No. 5:18-bk-52601 | 95 |
| J | Select Schedules from Chapter 13 bankruptcy case of In re Michael Haroutun Miroyan, Bankr. No. 18-52601 | 107 |
| K | Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment, and Interlocutory Decree of Foreclosure Against All Parties filed December 20, 2018; Exhibit A (In the Circuit Court of the Third Circuit, State of Hawaii, Case No. 16-1-043K) | 121 |
| L | Resolution of Hawaiian Riverbend, LLC Authorizing the Filing of a Chapter 11 Bankruptcy Petition | 138 |

| M | Loan balance spreadsheet | 139 |
|---|---|---|

DATED: August 11, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:    _/s/ Uzzi O. Raanan_
       UZZI O. RAANAN
       Attorneys for Gang "Patrick" Chen,
       Secured Creditor

EXHIBIT A

# PROMISSORY NOTE

$175,000.00                                          Oct 10, 2013

FOR VALUE RECEIVED, the undersigned promises to pay to **GANG CHEN**, a married man, whose mailing address is 555 4th Street, #822, San Francisco, CA 94107, as his **sole and separate property**, his heirs, personal representatives and assigns, or order, the sum of **ONE HUNDRED SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($175,000.00),** with interest thereon from the _10th_ day of _October_, 2013, at the rate of **fourteen percent (14%)** per annum, until fully paid as follows:

The entire principal balance, together with any and all accrued interest, shall be due and owing in full on January _10_, 2014. Notwithstanding anything else here to the contrary, the Maker shall pay three (3) month's interest, in advance, at the time of the execution of this Note. No other payments of interest or principal will be due and owing until January _11_, 2014.

Notwithstanding anything else herein to the contrary the Holder shall provide Maker thirty (30) days prior to commencing any enforcement action as a result of any default under the Note, or the Mortgage securing the Note.

There shall be no premium charged to the Maker hereof for prepayment at any time of all or a portion of the principal balance of this Promissory Note.

If this Note is placed in the hands of an attorney for collection, or if suit is brought hereon, the undersigned promises to pay the costs of collection, including reasonable attorneys' fees.

The makers, endorsers and guarantors hereof, each jointly and severally, waive diligence, presentment, demand of payment, notice of non-payment, protest and notice of protest.

This Promissory Note is secured by a Mortgage of even date herewith.

HAWAIIAN RIVERBEND, LLC, a Hawaii
limited liability company

10/8/13

By: Michael Miroyan
Its: Manager/Member

EXHIBIT B

Ø

| LAND COURT | | | | REGULAR SYSTEM |
|---|---|---|---|---|

Return By Mail ☐    Pick-Up ☐    To:

**HAWAIIAN RIVERBEND, LLC**
**P. O. Box 3181**
**Saratoga, CA 95070** ~~94086~~ ᵁ

TOTAL NUMBER OF PAGES: _____

---

TITLE OF DOCUMENT:

## MORTGAGE

---

PARTIES TO DOCUMENT:

**LENDER:**  GANG CHEN, a married man, whose mailing address is 555 4th Street, #822, San Francisco, CA 94107

**BORROWER:**  HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company, whose mailing address is P. O. Box 3181, Saratoga, CA 95070

---

TAX MAP KEY (3) 6-8-002-021                    4844-3478-8374.2/2013-160/10-9-13

---

## MORTGAGE

## WORDS USED OFTEN IN THIS DOCUMENT AND PARTIES AND THEIR ADDRESSES

(A) "Mortgage." This document, which is dated _Oct. 8_, 2013, will be called the "Mortgage."

(B) "Borrower." **HAWAIIAN RIVERBEND, LLC, a limited liability company**, whose mailing address is **P. O. Box 3181, Saratoga, CA 95070**, will sometimes be called "Borrower" and sometimes simply "I" or "me."

(C) "Lender". **GANG CHEN, a married man**, whose mailing address is **555 4th Street, #822, San Francisco, CA 94107, as his sole and separate property**, his heirs, personal representatives and assigns, will sometimes be called "Lender" or sometimes simply "you" or "your."

(D) "Note." The Promissory Note, signed by Borrower and dated _Oct. 10_, 2013, will be called the "Note." Under the Note, Lender agrees to loan Borrower the principal sum of **ONE HUNDRED SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($175,000.00)**.

(E) "Property." The property that is described below in the section titled "Description of the Property," will be called the "Property."

## BORROWER'S MORTGAGE AND TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant a security interest in and convey the Property to you subject to the terms of this Mortgage. This means that, by signing this Mortgage, I am giving you those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property and security interests in personal property. I am giving you these rights to protect you from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe you as stated in the Note;

(B) Pay, with interest, any amounts that you spend under this Mortgage, to protect the value of the Property and your rights in the Property;

(C) Keep all of my other promises and agreements under the Note or this Mortgage.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the Property described in (A) through (J) below:

(A) The property is that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to

2

6

G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172. The full legal description of this property is contained in Exhibit A which is attached at the end of this Mortgage;

(B)     All buildings and other improvements that are located on the property described in Paragraph (A) of this section;

(C)     All rights in other property that I have as owner of the property described in Paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property;"

. , (D)     All rents or royalties from the property described in Paragraph (A) of this section;

(E)     All mineral, oil and gas rights and profits, water, water rights and water stock that are part of the property described in Paragraph (A) of this section;

(F)     All rights that I have in the land which lies in the streets or roads in front of, or next to, the property described in Paragraph (A) of this section;

(G)     All fixtures that are now or in the future will be on the property described in Paragraphs (A) and (B) of this section, and all replacements of and additions to those fixtures; except for those fixtures, replacements or additions that under the law are "consumer goods" and that I acquire more than ten (10) days after the date of the Note. Usually, fixtures are items that are physically attached to buildings, such as hot water heaters;

(H)     All of the rights and property described in Paragraphs (B) through (F) of this section that I acquire in the future;

(I)     All replacements of or additions to the property described in Paragraphs (B) through (F) and Paragraph (H) of this section;

(J)     Any voting rights I have as owner of the Property.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; (C) there are no outstanding claims or charges against the Property except for the claims and charges against the Property listed in Exhibit A attached to the end of this Mortgage; and (D) any lease included in the Property is in good standing.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which you suffer because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of those rights.

3

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 6 of
89
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 9 of
154

7

## PROMISES

I promise and I agree with you as follows:

1.    BORROWER'S PROMISE TO PAY PRINCIPAL AND  INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS.  I will promptly pay you or anyone you name, principal, interest and any late charges as stated in the Note.

2.    BORROWER'S  OBLIGATION  TO  PAY  CHARGES  AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY. I will pay when they are due all taxes, assessments, and any other charges and fines that may be imposed on the Property. I will also make payments due under my lease if I am a tenant on the Property and I will pay lease rents (if any) due on the Property. I will do this by making the payments directly to the persons entitled to them. (In this Mortgage, the word "person" means any person, organization, governmental authority, or other party.) If I make direct payments and the Lender requests, then promptly after making any of those payments I will give Lender a receipt which shows that I have done so.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "lien." I will promptly pay or satisfy all liens against the Property. However, this Mortgage does not require me to satisfy a lien if I agree, in writing, to pay the obligation which gave rise to the lien and Lender approves the way in which I agree to pay that obligation.

3.    BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY

(A)    Agreements about Maintaining the Property.  I will keep the Property in good repair. I will not destroy, damage or change the Property, and I will not allow the Property to deteriorate. I will not make additions or major improvements to the Property without Lender's written consent. Lender also will have the right to inspect plans and specifications and may condition Lender's consent on my obtaining required building permit, consents of Condominium Owner's Association, lenders, or lessors, if any, plus evidence of my adequate financing and/or bonding to pay for the improvements.

4.    LENDER'S  RIGHT  TO  TAKE  ACTION  TO  PROTECT  THE PROPERTY. If: (a) I do not keep my promises and agreements made in this Mortgage, or (b) someone, including me, begins a legal proceeding that may affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever Lender believes is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender need not give me notice before taking any of these actions.

I will pay to Lender any amounts which Lender spends under this Paragraph. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

4

8

I will pay those amounts to Lender within twenty-one (21) days after Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. However, if payment of interest at that rate would violate the law, I will pay interest on the amounts spent by Lender under this Paragraph at the highest rate that the law allows. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph, Lender does not have to do so.

5. LENDER'S RIGHT TO INSPECT THE PROPERTY. Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times.

6. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY. A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (a) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (b) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender and will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the fourth day after the postmark on the envelope of the when the notice is mailed or, if it is not mailed, on the date the notice is actually delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and this Mortgage. However, Lender and I may agree in writing to those delays or changes.

Condemnation of Common Areas of PUD. If the Property includes a unit in a PUD, the promises and agreements in this Paragraph will apply to a condemnation, or sale to avoid condemnation, of the PUD's common areas and facilities as well as of the Property.

7. CONTINUATION OF BORROWER'S OBLIGATIONS. Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

5

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 8 of
89
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 11
of 154

9

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

8.     CONTINUATION OF LENDER'S RIGHTS.  Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future.  Even if Lender obtains insurance, pays taxes, pays lease rents or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 19 below, to demand that I make Immediate Payment In Full (see Paragraph 19 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.  Notwithstanding anything else herein to the contrary, the Borrower will have thirty days after receipt of notice to cure any alleged default hereunder.

9.     LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS.  Each of Lender's rights under this Mortgage is separate.  Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once, after providing thirty (30) days' notice of any alleged default and a chance for Borrower to cure the default.

10.    OBLIGATIONS OF BORROWER.  If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage.  Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage.  However, if one of us does not sign the Note, then: (a) that person is signing this Mortgage only to give that person's right in the Property to Lender under the terms of this Mortgage; and (b) that person is not personally obligated to make payments or to act under the Note.

11.    OBLIGATIONS OF BORROWER AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS; AGREEMENTS CONCERNING CAPTIONS.  Any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage.  Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage.

The captions and titles of this Mortgage are for convenience only.  They may not be used to interpret or to define the terms of this Mortgage.

12.    AGREEMENTS ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE.  Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it addressed to me at the address stated in Paragraph (B) of the section above titled "Words Used Often In This Document and Parties and their Addresses."  A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address.  Any notice that must be given to Lender under

6

this Mortgage will be given by mailing it to Lender's address stated in Paragraph (C) of the section above titled "Words Used Often In This Document and Parties and Their Addresses." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is deemed to be given after the fourth (4th) day after it is postmarked or when it is actually delivered in person according to the requirements of this Paragraph.

13.    LAW THAT GOVERNS THIS MORTGAGE. The law of the State of Hawaii will govern this Mortgage. If any term of this Mortgage or of the Note conflicts with that law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and of the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

14.    CONVEYANCE OR ASSIGNMENT. I will not convey, assign or transfer (whether by way of Deed, Assignment of Lease, Agreement of Sale or other conveyance) any of my interest in the Property during the term of this Mortgage unless I pay the Lender the total amount of indebtedness.

15.    BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE. I will be given a copy of the Note and of this Mortgage. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

16.    DEFAULT. I will be in default under this Mortgage if:

(A)    I fail to make any installment or principal payment within thirty (30) days after the date it is due under the Note or am otherwise in default under the Note.

(B)    I fail to keep any promise or agreement made in this Mortgage and do not correct the failure within thirty (30) days after Lender gives me notice requesting correction.

(C)    I convey, assign or transfer any of my interest in the Property without first making arrangement to pay Lender in full.

17.    LENDER'S RIGHTS IF BORROWER IS IN DEFAULT.

(A)    "Immediate Payment in Full". If there is a default under this Mortgage, then with thirty (30) days prior notice to me you can demand that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. You may do this without making any further demand for payment. This demand will be called "Immediate Payment in Full".

(B)    "Foreclosure and Sale". If I default under this Mortgage, you can also start a "Foreclosure and Sale" of the Property, after providing me with thirty (30) days' prior notice.

7

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 10
of 89
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 13
of 154

11

A "Foreclosure and Sale" of the Property will take away, forever, all of my rights in the Property. You can do this without having to give a bond to a court. The Property can be sold in "whole" (as one property) or in "part" (as several pieces of property) at a private sale or public auction. The buyer, who may be you or another person, will acquire the Property free and clear of any of my claims to the Property. The buyer would then own the Property. If I have not moved out before then, the buyer can remove me (and other persons, including my family, allowed by me to be on the Property) from the Property. This is known as "Foreclosure and Sale".

Chapter 667 of the Hawaii Revised Statutes of the State of Hawaii provides for a Foreclosure and Sale of property under a "Power of Sale". This "Power of Sale" will let you foreclose the Mortgage, after proper notice to me, and sell the Property without having to start a lawsuit, if I should default under the Mortgage. I give you that "Power of Sale" under Chapter 667 and under any successor statute, as such law may be amended.

If you exercise your right to get a Foreclosure and Sale of the Property, you will follow the procedures that are required of you by the laws of the State of Hawaii, including all notice provisions.

The proceeds from the sale of the Property by Foreclosure and Sale will be applied to pay for any liens on the Property which are superior to this Mortgage, all amounts I owe you under the Note and this Mortgage including "Future Advances" as well as all of your costs and expenses including "Commissioner's" (auctioneer's) fees and attorneys' fees, in bringing a Foreclosure and Sale, plus interest, as allowed by this Mortgage and law. If the proceeds are not sufficient to pay all of the amounts that I owe you, then you will have the right to get a "personal judgment" (a court order) against me for the difference, or you can get any other remedy available to you under the law and this Mortgage. If there are any "surplus" (remaining) proceeds after you pay for all of the above, then those surplus proceeds will belong to me.

In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law, including reasonable attorneys' fees.

Lender shall also have an immediate right to a receivership without any requirement for prior notice to me or a hearing. The receiver shall serve without a bond.

In addition to having a foreclosure and sale, Lender may take any other actions allowed by law. This includes, for example, setting off (deducting) amounts that I owe Lender from any funds that Lender may owe to me. For example, if I have money on deposit in an account with Lender, Lender may take the money in that account to pay what I owe under the Note and this Mortgage.

18.    LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL. When Borrower has paid all amounts due under the Note and this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will pay all costs of recording the discharge in the proper official records.

8

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 11
of 89
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 14
of 154

12

19.     CHANGING THIS MORTGAGE. This Mortgage can be changed only if Lender and I sign a writing agreeing to the change.

20.     BORROWER'S FREEDOM TO CHOOSE INSURANCE COMPANY. I understand that I can get any insurance required by this Mortgage from any insurance company licensed to sell that insurance in Hawaii, subject to Lender's right to refuse an insurer for cause or reasonable excuse.

21.     FINANCING STATEMENT. This Mortgage also serves as a financing statement to perfect the Lender's security interest in the Property.

By signing this Mortgage I agree to all of the above.

HAWAIIAN RIVERBEND, LLC, a Hawaii
limited liability company

Oct 8, 2013

By:     Michael Miroyan
Its:     Manager/Member

9

STATE OF CALIFORNIA )
COUNTY OF _Santa Clara_ ) SS.

On _10-08-2013_, before me, N̶G̶U̶Y̶E̶T̶ ̶H̶O̶A̶N̶G̶ ̶T̶H̶I̶ ̶T̶R̶A̶N̶, a Notary Public, personally appeared **MICHAEL MIROYAN**, manager/member of **HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

NGUYET HOANG THI TRAN
Commission # 1905231
Notary Public - California
Santa Clara County
My Comm. Expires Oct 20, 2014

WITNESS my hand and official seal.

Signature: _____ (seal)

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 13
of 89
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 16
of 154

14

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172, and thus bounded and described:

Beginning at the northeast corner of this parcel of land, being also the northwest corner of Lot 9-B, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 10,073.89 feet north and 2,246.46 feet west and running by azimuths measured clockwise from true South:

| 1. | 21° | 44' | 07" | 513.89 | feet along Lot 9-B; |
|----|-----|-----|-----|--------|---------------------|
| 2. | 111° | 44' | 07" | 80.70 | feet along the same; |

Thence, along the same on a curve to the left with a radius of 251.00 feet, the chord azimuth and distance being:

| 3. | 87° | 37' | 40" | 205.04 | feet; |
|----|-----|-----|-----|--------|-------|
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 205.00 feet, the chord azimuth and distance being;

| 5. | 74° | 55' | 34" | 81.08 | feet; |
|----|-----|-----|-----|--------|-------|
| 6. | 86° | 19' | 57" | 20.83 | feet along same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| 7. | 175° | 32' | 12" | 15.00 | feet; |
|----|------|-----|-----|-------|-------|
| 8. | 198° | 03' | 09" | 688.99 | feet along Lot 121, Waikoloa Village Unit 1-A, File Plan 1188; |
| 9. | 288° | 03' | 09" | 471.49 | feet along Lot 6, Waikoloa Development, File Plan 1172 to the point of beginning and containing an area of 5.9175 acres, more or less. |

Together with Easement AE-1 for access purposes, more particularly described as follows:

All of that certain easement parcel of land being a portion of Lot 9-B, Waikoloa Development, Waikoloa, District of South Kohala, Island of Hawaii, Hawaii.

Beginning at the northeast corner of this easement parcel of land, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 9,596.53 feet north and 2,436.77 feet west and running by azimuths measured clockwise from true South:

| 1. | 21° | 44' | 07" | 60.00 | feet; |
|----|-----|-----|-----|-------|-------|
| 2. | 111° | 44' | 07" | 80.70 | feet along Lot 9-C; |

Thence, along the same on a curve to the left with a radius of 191.00 feet, the chord azimuth and distance being;

| 3. | 87° | 37' | 40" | 156.03 | feet; |
|----|-----|-----|-----|--------|-------|
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 265.00 feet, the chord azimuth and distance being:

| 5. | 74° | 55' | 34" | 104.81 | feet; |
|----|-----|-----|-----|--------|-------|
| 6. | 86° | 19' | 57" | 24.17 | feet along the same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| 7. | 179° | 31' | 19" | 60.09 | feet; |
|----|------|-----|-----|-------|-------|
| 8. | 266° | 19' | 57" | 20.83 | feet along Lot 9-A; |

Thence, along the same on a curve to the left with a radius of 205.00 feet, the chord azimuth and distance being;

| 9. | 254° | 55' | 34" | 81.08 | feet; |
|----|------|-----|-----|-------|-------|
| 10. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 251.00 feet, the chord azimuth and distance being;

EXHIBIT "A"
Page 2 of 5

Case: 18-52601    Doc# 90-3    Filed: 06/13/19    Entered: 06/13/19 16:41:11    Page 15
of 89
Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 18
of 154

16

11.    267° 37' 40"    205.04    feet;

12. 291° 44' 07"    80.70    feet along the same to the point of beginning and containing an area of 0.667 acres, more or less.

## BEING THE PREMISES ACQUIRED BY WARRANTY DEED

GRANTOR:       WAIKOLOA MAUKA, LLC, a Delaware limited liability company

GRANTEE:       HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company

DATED:         November 23, 2009
RECORDED:    Document No. 2009-179060

## SUBJECT, HOWEVER TO:

1. Mineral and water rights of any nature in favor of the State of Hawaii.

2. DESIGNATION OF EASEMENT "E-W-1" (175 feet wide)

PURPOSE:     electrical, telephone and water line
SHOWN:       on File Plan No. 1172

3. GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

4. GRANT

TO:             WAIKOLOA RESORT UTILITIES, INC. doing business as WEST HAWAII UTILITY COMPANY

DATED:         February 19, 1998
RECORDED:    Document No. 98-028918
GRANTING:    an easement over only that portion of said Easement "E-W-1" affecting Lot 9 of File Plan No. 1172

5. The terms and provisions contained in the following:

(A)    DEED WITH COVENANTS AND RESERVATION OF EASEMENTS AND OTHER RIGHTS

### EXHIBIT "A"
### Page 3 of 5

Case: 18-52601    Doc# 90-3    Filed: 06/13/19    Entered: 06/13/19 16:41:11    Page 16
of 89
Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 19    17
of 154

DATED: September 20, 2005
RECORDED: Document No. 2005-188909

Certain water rights reserved in said Deed have been assigned pursuant to that certain WATER RIGHTS QUITCLAIM dated September 20, 2005, recorded as Document No. 2005-188913, by and between WAIKOLOA LAND & CATTLE CO., "Grantor", and WAIKOLOA WATER CO., INC., and WAIKOLOA RESORT UTILITIES, INC., "Grantee".

(B)     GRANT OF RIGHT TO DESIGNATE AND GRANT EASEMENTS

DATED: September 20, 2005
RECORDED: Document No. 2005-188911
PARTIES: WAIKOLOA MAUKA, LLC, "Owner", and WAIKOLOA LAND & CATTLE CO., "WDC"

Said Grant was amended by instrument dated November 29, 2006, recorded as Document No. 2006-220312.

6.      The terms and provisions contained in the following:

INSTRUMENT:     DECLARATION OF RESTRICTIVE COVENANTS

DATED: December 29, 2008
RECORDED: Document No. 2008-193975

7.      The terms and provisions contained in the following:

INSTRUMENT:     DISCLOSURE AGREEMENT

DATED: December 29, 2008
RECORDED: Document No. 2008-193976
PARTIES: WAIKOLOA MAUKA, LLC, a Delaware limited liability company, "WML", WQJ2008 INVESTMENT, LLC, a Washington limited liability company, "WQJ2008", UKUMEHAME QUARRY COMPANY LIMITED PARTNERSHIP, a Hawaii limited partnership, "Ukumehame", and collectively with WQJ2008, "Buyer"

8.      Historic ceremonial and burial sites and similar matters which an archaeological study and archaeological inspection of the land would disclose.

9.      The terms and provisions contained in the following:

INSTRUMENT:     JOINT VENTURE AGREEMENT

DATED: April 29, 2010

**EXHIBIT "A"**
**Page 4 of 5**

RECORDED:     Document No. 2010-062607
PARTIES:      WAIKALOA MAUKA, LC, a Delaware limited liability company
              ("WM") and HAWAIIAN RIVERBEND, LLC, a Hawaii limited
              liability company, ("HR")

10.   No vehicular access and planting screen, as shown on Subdivision map 11-001060,
      approved November 29, 2012.

**EXHIBIT "A"**
**Page 5 of 5**

Case: 18-52601    Doc# 90-3    Filed: 06/13/19    Entered: 06/13/19 16:41:11    Page 18
of 89
Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 21
of 154

19

EXHIBIT C



**STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED**

August 09, 2018 3:29 PM

Doc No(s) A—67950848



/s/ LESLIE T. KOBATA
REGISTRAR

1   3/3   CGG
B—33205881

**LAND COURT**

**AFTER RECORDDATION, RETURN BY:**   MAIL ( )   PICKUP ( )
**Michael Miroyan**
**P.O. Box 3181**
**Saratoga California 95070**

---

S:\CLERICAL\LJN\PW\DSA FORMS MASTERS\Warranty deed (rev 6-11) .wpd

TMK No. **(3) 6-8-002-021**                                Total No. of Pages: **84**
Subdivision File No.

### WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS:

This Deed, made on **August 08, 2018**, by **Hawaiian Riverbend, LLC, a Hawaii limited liability company**, whose address is **P.O. Box 3181 Saratoga California 95070**, with full power to sell, convey, transfer, mortgage, lease, or otherwise deal with real property, hereinafter called the "Grantor", and **Michael Miroyan, a single man**, whose address is **P.O. Box 3181 Saratoga California 95070** hereinafter called the "Grantee".

### WITNESSETH:

For TEN DOLLARS ($10.00) and other good and valuable consideration paid to the Grantor by the Grantee, the receipt of which is herby acknowledged, the Grantor does hereby grant, bargain, sell and convey unto the Grantee, in fee simple, forever, the property more particularly described in **EXHIBIT "A"**, which is attached to and expressly made a part hereof.

And the revisions, remainders, rents, issues and profits thereof and all of the estate, right, title and interest of the Grantor, both at law and in equity, therein and thereto;

TO HAVE AND TO HOLD the same, together with all buildings, improvements, tenements, rights, easements, hereditaments, privileges and appurtenances thereto belonging or appertaining, or held and enjoyed in connection therewith unto the Grantee according to the tenancy hereinabove set forth, absolutely and in fee simple, forever.

AND the Grantor herby covenants with the Grantee that the Grantor is lawfully seized in fee simple of the described real and personal property and that the Grantor has good right to convey the same as aforesaid; that the property is free and clear of all encumbrances, except as

may be described in **EXHIBIT "A";** and the Grantor will WARRANT AND DEFEND the same unto Grantee, forever, against the lawful claims and demands of all persons.

It is understood and agreed that the term "property" shall be deemed to mean and include the property specifically described in **EXHIBIT "A",** all buildings and improvements thereon (including any personal property described in **EXHIBIT "A"** ) and all rights, easements, privileges and appurtenances in connection therewith, that the terms "Grantor" and "Grantee", as and when used herein, or any pronouns used in place thereof, shall mean and include the masculine and/or feminine, the singular or plural number, individuals, firms or corporations, that the rights and obligations of the Grantor and Grantee shall be binding upon ant inure to the benefit of their respective estates, heirs, personal representatives, successors in trust and assigns and that where there is more than one Grantor or Grantee, any covenants of the respective party shall be and for all purposes deemed to be joint and several.

**IN WITNESS WHEREOF**, the undersigned executed these presents and of the day and year first above written.

**Michael Miroyan, Sole Member of Hawaiian Riverbend, LLC,**

"Grantor"

**Michael Miroyan**

"Grantee"

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this _9th_ day of _August_ , 2018, before me personally
appeared _Michael Miroyan_ , to me personally known, who, being

by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the

free act and deed of such person, and if applicable in the capacity shown, having been duly

authorized to execute such instrument in such capacity.

Signature: _____
Name: _Sharon Julian_
Notary Public, State of Hawaii

My commission expires: _02/05/2020_

[*Official Seal/Stamp*]

---

**NOTARY CERTIFICATION**

Document Description: _Warranty Deed_

☑ Doc. Date: _08/08/2018_    or ☐ Undated
No. of Pages: _4_

_08/09/2018_
Signature of Notary Public    Date of Notarization

Sharon Julian
Printed Name of Notary Public    [*official Seal/Stamp*]

Case: 18-52601    Doc# 90-3    Filed: 06/13/19    Entered: 06/13/19 16:41:11    Page 81
of 89
Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 25
of 154

22

## EXHIBIT A

On Feb 13 2013 the HI county Council apprved the this Lot into 3 newly created parcels: TMK # (3)-6-8-002-021 was reduced to 5.95 acres; TMK # (3)-6-8-002-052 created 10.75 acres; TMK # (3)-6-8-002-053 created 14.6 acres

All of that certain parcel of land situate at Waikoloa, District of South Kohala, Island and County of Hawaii, State of Hawaii, being LOT 9 of the "WAIKOLOA DEVELOPMENT", as shown on File Plan Number 1172, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 31.322 acres, more or less.

BEING THE PREMISES ACQUIRED BY DEED WITH COVENANTS AND RESERVATION OF EASEMENTS AND OTHER RIGHTS

        GRANTOR:      **Waikoloa Mauka, LLC, a Delaware limited liability company**

        GRANTEE:      **Hawaiian Riverbend, a Hawaii limited liability company**

        DATED:          **November 12, 2009**
        RECORDED:    **November 23, 2009 as Document No. 2009-179060**

SUBJECT, HOWEVER, to the following:

1.    Any lien for real property taxes not yet delinquent (Tax Map Key No. (3) 6-8-002-021).

2.    Reservation in favor of the State of Hawaii of all mineral and metallic mines.

3.    DESIGNATION OF EASEMENT "E-W-1" (50 feet wide)

       PURPOSE:   electrical, telephone and water line
       SHOWN:     on File Plan No. 1172

4.    GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

5.    DESIGNATION OF EASEMENT "E-4" (75 feet wide)

       PURPOSE:   electrical and telephone
       SHOWN:     on File Plan No. 1172

6.    GRANT

       TO:           HAWAII ELECTRIC LIGHT COMPANY, INC.

       DATED:       April 27, 1976
       RECORDED:   Liber 11411 Page 135
       GRANTING:   an easement for utility purposes over Easement "6" described therein

WarrantyDeed (WaikoloaMauka-HawnRiverbead)

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 82
of 89
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 26
of 154

23

EXHIBIT D

FILED

LEU OKUDA& DOI
Attorneys at Law

2016 FEB -3 PM 3: 34

L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

LESTER K.M. LEU 2980
KARYN A. DOI 7687
The Merchant House
222 Merchant Street, Main Floor
Honolulu, Hawaii 96813
Telephone (808) 538-1921
Facsimile (808) 523-9585

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| GANG CHEN, | Civil no. ___ 16-1-043K |
| | (Foreclosure) |
| Plaintiff, | |
| | COMPLAINT TO FORECLOSE |
| vs. | MORTGAGE; |
| | |
| HAWAIIAN RIVERBEND, LLC, A | EXHIBITS "1" - "2"; |
| HAWAII LIMITED LIABILITY | |
| COMPANY; JOHN and MARY DOES | FORECLOSURE MEDIATION NOTICE; |
| 1-20; DOE PARTNERSHIPS, | |
| CORPORATIONS OR OTHER | FORECLOSURE MEDIATION REQUEST; |
| ENTITIES 1-20, | |
| | SUMMONS |
| Defendants. | |

COMPLAINT TO FORECLOSE MORTGAGE

Plaintiff GANG CHEN (hereinafter "Plaintiff") for its cause
of action against the above named Defendants, alleges as
follows:

1. At all times relevant, Defendant HAWAIIAN RIVERBEND,
LLC, a Hawaii limited liability company, is the owner of a fee
simple interest in the real property described in the legal

I hereby certify that this is a full, true and correct
copy of the original on file in this office.

description attached to the Mortgage, which is Exhibit "2" herein (TMK: (3) 6-8-002-021) ("the Property"). The Property, including any improvements and fixtures, is the subject matter of this foreclosure action and is more fully.

2. Defendants John and Mary Does 1-20 and Doe Partnerships, Corporations or Other Entities 1-20 are persons who have or may have lien rights or other interests in the property and whose names, identities and capacities are presently unknown to Plaintiff and its attorney. Plaintiff's attorney has obtained a Litigation Guarantee, a title search identifying all entities with a recorded interest in the Property, from a reputable title company. The lienholders and necessary parties to this action, as designated in the Litigation Guarantee, have been identified as defendants in this complaint. Plaintiff has included unidentified defendants in this action as entities who, for reasons as yet unknown, were not named in the Litigation Guarantee or otherwise made known to Plaintiff.

3. On or about October 10, 2013, for value received, Defendant HAWAIIAN RIVERBEND, LLC made, executed and delivered to Plaintiff GANG CHEN ("Plaintiff"), a Promissory Note ("Note") dated October 10, 2013, for the principal sum of $175,000.00. A true and accurate copy of the Note, with all personal and

2

confidential information redacted, is attached as Exhibit "1" and incorporated by reference into this complaint.

4.     The Note was secured by that certain Mortgage dated October 8, 2013 ("Mortgage") executed by Defendant HAWAIIAN RIVERBEND LLC, as Mortgagor, in favor of Plaintiff GANG CHEN, as mortgagee.     The Mortgage was recorded in the Bureau of Conveyances of the State of Hawaii as Document No. A-50360170. A true and accurate copy of the Mortgage is attached as Exhibit "2".

5.     On or about January 11, 2014, the Note matured.

6.     Despite having been provided with notice, Defendant HAWAIIAN RIVERBEND LLC has failed, refused and neglected to pay the amounts due under the terms of the Mortgage and Note.

7.     As a result of the above facts, Plaintiff is entitled to a foreclosure of its Mortgage and to a sale of the Property in accordance with the terms of the Mortgage.

8.     The Mortgage provides that in the event of foreclosure, Plaintiff may be awarded all sums secured by the Mortgage including reasonable attorneys' fees and costs, and other expenses or advances made necessary or advisable or sustained by Plaintiff because of default or incurred for the benefit or protection of the Property or in connection therewith.

3

9. Mortgagors and other Defendants named herein claim or may claim some interest in the premises described in the Mortgage, but said interests are subsequent, subordinate, and/or junior to Plaintiff's interest.

WHEREFORE, Plaintiff prays as follows:

1. That process of this Court issue commanding the above-named Defendant to appear or answer the allegations of this complaint and to perform and abide by all Court orders, directions and decrees.

2. That upon hearing, the Court ascertain the total amount due to Plaintiff at the time of judgment under the Note (Exhibit "1") and Mortgage (Exhibit "2"), including principal, interest, advances, costs and attorneys' fees, and that this Court determine and order:

        a. That there is due and owing to Plaintiff by virtue of the terms of the Note (Exhibit "1") and Mortgage (Exhibit "2") and of all the proofs adduced, a certain sum of money, and that the sum of money together with legal interest accrued, and all advances, costs and attorney's fees be declared to be a lien upon the Property; and that the Court affix and determine a just and reasonable fee for Plaintiff's attorney herein;

4

b.    That upon the foreclosure sale herein prayed for, that any interest or lien claimed by any Defendants herein named and all persons claiming any interest in the Property through or under said Defendants, shall be forever barred and foreclosed of and from all right, title and interest and claims at law or in equity in and to said Property and every part hereof; and that these interests or liens be adjudicated subordinate to the lien of Plaintiff's Mortgage;

c.    That this Court appoint a Commissioner to take possession of the Property, and that the Commissioner be authorized to collect rents, deal with and sell the Property for cash in the manner provided by law and by the order of this Court; and that upon confirmation of the sale by this Court, the Commissioner be authorized and directed to make and deliver to the purchaser such instrument of conveyance as may be appropriate;

d.    That after the payment of all necessary expenses of such sale and attorney's fees, the Commissioner be authorized and directed to make application of the proceeds thereof, so far as

5

the same may be necessary, first to payment of sums found due and owing to Plaintiff herein, including all costs and expenses, and secondly, if there shall be a surplus, to be applied as the court deems fit and proper;

e.   That Plaintiff be allowed to be a purchaser at the sale;

f.   That if the proceeds of the sale shall be insufficient to pay the aforesaid sums to Plaintiff, Plaintiff reserves the right to seek a deficiency judgment if provided for and/or allowed under the law; and

g.   That Plaintiff have such other and further relief as may be just and to the Court shall seem proper.

Dated: Honolulu, Hawaii, _____**FEB 0 2 2016**_____.


_____
LESTER K. M. LEU
KARYN A. DOI
Attorneys for Plaintiff

6

# EXHIBIT "1"

PROMISSORY NOTE

$175,000.00                                                      Oct 10, 2013

        FOR VALUE RECEIVED, the undersigned promises to pay to **GANG CHEN,** a married man, whose mailing address is **555 4th Street, #822, San Francisco, CA 94107, as his sole and separate property,** his heirs, personal representatives and assigns, or order, the sum of **ONE HUNDRED SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($175,000.00),** with interest thereon from the 10th day of October, 2013, at the rate of **fourteen percent (14%)** per annum, until fully paid as follows:

        The entire principal balance, together with any and all accrued interest, shall be due and owing in full on January 10, 2014. Notwithstanding anything else here to the contrary, the Maker shall pay three (3) month's interest, in advance, at the time of the execution of this Note. No other payments of interest or principal will be due and owing until January 11, 2014.

        Notwithstanding anything else herein to the contrary the Holder shall provide Maker thirty (30) days prior to commencing any enforcement action as a result of any default under the Note, or the Mortgage securing the Note.

        There shall be no premium charged to the Maker hereof for prepayment at any time of all or a portion of the principal balance of this Promissory Note.

        If this Note is placed in the hands of an attorney for collection, or if suit is brought hereon, the undersigned promises to pay the costs of collection, including reasonable attorneys' fees.

        The makers, endorsers and guarantors hereof, each jointly and severally, waive diligence; presentment, demand of payment, notice of non-payment, protest and notice of protest.

        This Promissory Note is secured by a Mortgage of even date herewith.

HAWAIIAN RIVERBEND, LLC, a Hawaii<br>
limited liability company<br><br>
By:  Michael Miroyan<br>
Its:  Manager/Member

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 45
of 89
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 35
of 154

# EXHIBIT "2"

3IM



STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
October 15, 2013 8:01 AM
Doc No(s) A-50360170



/s/ NICKI ANN THOMPSON
REGISTRAR

1        1 / 2        kco
B-32355307

LAND COURT      [X] Pick-Up    [-] To:    REGULAR SYSTEM

Return By Mail

HAWAIIAN RIVERBEND, LLC
P. O. Box 3181
Saratoga, CA  95070

TG: 2013 03626 x5
TGES: 13020720
Janet Lum Won
TOTAL NUMBER OF PAGES: 15

TITLE OF DOCUMENT:

## MORTGAGE

PARTIES TO DOCUMENT:

**LENDER:**    GANG CHEN, a(n) Married man, whose mailing address is 555 4th Street, #822, San Francisco, CA 94107

**BORROWER:**    HAWAIIAN RIVERBEND, LLC,a Hawaii limited liability company, whose mailing address is P. O. Box 3181, Saratoga, CA  95070

TAX MAP KEY (3) 6-8-002-021                     4844-3478-8374/2013-160/10-4-13

## MORTGAGE

WORDS USED OFTEN IN THIS DOCUMENT AND PARTIES AND THEIR ADDRESSES

(A)   "Mortgage." This document, which is dated _Oct. 8_, 2013, will be called the "Mortgage."

(B)   "Borrower." **HAWAIIAN RIVERBEND, LLC, a limited liability company,** whose mailing address is **P. O. Box 3181, Saratoga, CA  95070,** will sometimes be called "Borrower" and sometimes simply "I" or "me."

(C)   "Lender". **GANG CHEN, a married man,** whose mailing address is **555 4th Street, #822, San Francisco, CA 94107, as his sole and separate property,** his heirs, personal representatives and assigns, will sometimes be called "Lender" or sometimes simply "you" or "your."

(D)   "Note." The Promissory Note, signed by Borrower and dated _____ _Oct. 10_, 2013, will be called the "Note." Under the Note, Lender agrees to loan Borrower the principal sum of **ONE HUNDRED SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($175,000.00).**

(E)   "Property." The property that is described below in the section titled "Description of the Property," will be called the "Property."

## BORROWER'S MORTGAGE AND TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant a security interest in and convey the Property to you subject to the terms of this Mortgage. This means that, by signing this Mortgage, I am giving you those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property and security interests in personal property. I am giving you these rights to protect you from possible losses that might result if I fail to:

(A)   Pay all the amounts that I owe you as stated in the Note;

(B)   Pay, with interest, any amounts that you spend under this Mortgage, to protect the value of the Property and your rights in the Property;

(C)   Keep all of my other promises and agreements under the Note or this Mortgage.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the Property described in (A) through (J) below:

(A)   The property is that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to

2

G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172. The full legal description of this property is contained in Exhibit A which is attached at the end of this Mortgage;

       (B)    All buildings and other improvements that are located on the property described in Paragraph (A) of this section;

       (C)    All rights in other property that I have as owner of the property described in Paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property;"

       (D)    All rents or royalties from the property described in Paragraph (A) of this section;

       (E)    All mineral, oil and gas rights and profits, water, water rights and water stock that are part of the property described in Paragraph (A) of this section;

       (F)    All rights that I have in the land which lies in the streets or roads in front of, or next to, the property described in Paragraph (A) of this section;

       (G)    All fixtures that are now or in the future will be on the property described in Paragraphs (A) and (B) of this section, and all replacements of and additions to those fixtures; except for those fixtures, replacements or additions that under the law are "consumer goods" and that I acquire more than ten (10) days after the date of the Note. Usually, fixtures are items that are physically attached to buildings, such as hot water heaters;

       (H)    All of the rights and property described in Paragraphs (B) through (F) of this section that I acquire in the future;

       (I)    All replacements of or additions to the property described in Paragraphs (B) through (F) and Paragraph (H) of this section;

       (J)    Any voting rights I have as owner of the Property.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

       I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; (C) there are no outstanding claims or charges against the Property except for the claims and charges against the Property listed in Exhibit A attached to the end of this Mortgage; and (D) any lease included in the Property is in good standing.

       I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which you suffer because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of those rights.

3

## PROMISES

I promise and I agree with you as follows:

1. **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS.** I will promptly pay you or anyone you name, principal, interest and any late charges as stated in the Note.

2. **BORROWER'S OBLIGATION TO PAY CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY.** I will pay when they are due all taxes, assessments, and any other charges and fines that may be imposed on the Property. I will also make payments due under my lease if I am a tenant on the Property and I will pay lease rents (if any) due on the Property. I will do this by making the payments directly to the persons entitled to them. (In this Mortgage, the word "person" means any person, organization, governmental authority, or other party.) If I make direct payments and the Lender requests, then promptly after making any of those payments I will give Lender a receipt which shows that I have done so.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "lien." I will promptly pay or satisfy all liens against the Property. However, this Mortgage does not require me to satisfy a lien if I agree, in writing, to pay the obligation which gave rise to the lien and Lender approves the way in which I agree to pay that obligation.

3. **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY**

(A) Agreements about Maintaining the Property. I will keep the Property in good repair. I will not destroy, damage or change the Property, and I will not allow the Property to deteriorate. I will not make additions or major improvements to the Property without Lender's written consent. Lender also will have the right to inspect plans and specifications and may condition Lender's consent on my obtaining required building permit, consents of Condominium Owner's Association, lenders, or lessors, if any, plus evidence of my adequate financing and/or bonding to pay for the improvements.

4. **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY.** If: (a) I do not keep my promises and agreements made in this Mortgage, or (b) someone, including me, begins a legal proceeding that may affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever Lender believes is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender need not give me notice before taking any of these actions.

I will pay to Lender any amounts which Lender spends under this Paragraph. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

4

I will pay those amounts to Lender within twenty-one (21) days after Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. However, if payment of interest at that rate would violate the law, I will pay interest on the amounts spent by Lender under this Paragraph at the highest rate that the law allows. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph, Lender does not have to do so.

5.    LENDER'S RIGHT TO INSPECT THE PROPERTY. Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times.

6.    AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY. A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (a) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (b) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender and will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the fourth day after the postmark on the envelope of the when the notice is mailed or, if it is not mailed, on the date the notice is actually delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and this Mortgage. However, Lender and I may agree in writing to those delays or changes.

Condemnation of Common Areas of PUD. If the Property includes a unit in a PUD, the promises and agreements in this Paragraph will apply to a condemnation, or sale to avoid condemnation, of the PUD's common areas and facilities as well as of the Property.

7.    CONTINUATION OF BORROWER'S OBLIGATIONS. Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

5

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

8. CONTINUATION OF LENDER'S RIGHTS. Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, pays lease rents or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 19 below, to demand that I make Immediate Payment In Full (see Paragraph 19 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage. Notwithstanding anything else herein to the contrary, the Borrower will have thirty days after receipt of notice to cure any alleged default hereunder.

9. LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS. Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once, after providing thirty (30) days' notice of any alleged default and a chance for Borrower to cure the default.

10. OBLIGATIONS OF BORROWER. If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (a) that person is signing this Mortgage only to give that person's right in the Property to Lender under the terms of this Mortgage; and (b) that person is not personally obligated to make payments or to act under the Note.

11. OBLIGATIONS OF BORROWER AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS; AGREEMENTS CONCERNING CAPTIONS. Any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage.

The captions and titles of this Mortgage are for convenience only. They may not be used to interpret or to define the terms of this Mortgage.

12. AGREEMENTS ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE. Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it addressed to me at the address stated in Paragraph (B) of the section above titled "Words Used Often In This Document and Parties and their Addresses." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under

6

this Mortgage will be given by mailing it to Lender's address stated in Paragraph (C) of the section above titled "Words Used Often In This Document and Parties and Their Addresses." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is deemed to be given after the fourth (4th) day after it is postmarked or when it is actually delivered in person according to the requirements of this Paragraph.

13.     LAW THAT GOVERNS THIS MORTGAGE. The law of the State of Hawaii will govern this Mortgage. If any term of this Mortgage or of the Note conflicts with that law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and of the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

14.     CONVEYANCE OR ASSIGNMENT. I will not convey, assign or transfer (whether by way of Deed, Assignment of Lease, Agreement of Sale or other conveyance) any of my interest in the Property during the term of this Mortgage unless I pay the Lender the total amount of indebtedness.

15.     BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE. I will be given a copy of the Note and of this Mortgage. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

16.     DEFAULT. I will be in default under this Mortgage if:

(A)     I fail to make any installment or principal payment within thirty (30) days after the date it is due under the Note or am otherwise in default under the Note.

(B)     I fail to keep any promise or agreement made in this Mortgage and do not correct the failure within thirty (30) days after Lender gives me notice requesting correction.

(C)     I convey, assign or transfer any of my interest in the Property without first making arrangement to pay Lender in full.

17.     LENDER'S RIGHTS IF BORROWER IS IN DEFAULT.

(A)     "Immediate Payment in Full". If there is a default under this Mortgage, then with thirty (30) days prior notice to me you can demand that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. You may do this without making any further demand for payment. This demand will be called "Immediate Payment in Full".

(B)     "Foreclosure and Sale". If I default under this Mortgage, you can also start a "Foreclosure and Sale" of the Property, after providing me with thirty (30) days' prior notice.

7

A "Foreclosure and Sale" of the Property will take away, forever, all of my rights in the Property. You can do this without having to give a bond to a court. The Property can be sold in "whole" (as one property) or in "part" (as several pieces of property) at a private sale or public auction. The buyer, who may be you or another person, will acquire the Property free and clear of any of my claims to the Property. The buyer would then own the Property. If I have not moved out before then, the buyer can remove me (and other persons, including my family, allowed by me to be on the Property) from the Property. This is known as "Foreclosure and Sale".

Chapter 667 of the Hawaii Revised Statutes of the State of Hawaii provides for a Foreclosure and Sale of property under a "Power of Sale". This "Power of Sale" will let you foreclose the Mortgage, after proper notice to me, and sell the Property without having to start a lawsuit, if I should default under the Mortgage. I give you that "Power of Sale" under Chapter 667 and under any successor statute, as such law may be amended.

If you exercise your right to get a Foreclosure and Sale of the Property, you will follow the procedures that are required of you by the laws of the State of Hawaii, including all notice provisions.

The proceeds from the sale of the Property by Foreclosure and Sale will be applied to pay for any liens on the Property which are superior to this Mortgage, all amounts I owe you under the Note and this Mortgage including "Future Advances" as well as all of your costs and expenses including "Commissioner's" (auctioneer's) fees and attorneys' fees, in bringing a Foreclosure and Sale, plus interest, as allowed by this Mortgage and law. If the proceeds are not sufficient to pay all of the amounts that I owe you, then you will have the right to get a "personal judgment" (a court order) against me for the difference, or you can get any other remedy available to you under the law and this Mortgage. If there are any "surplus" (remaining) proceeds after you pay for all of the above, then those surplus proceeds will belong to me.

In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law, including reasonable attorneys' fees.

Lender shall also have an immediate right to a receivership without any requirement for prior notice to me or a hearing. The receiver shall serve without a bond.

In addition to having a foreclosure and sale, Lender may take any other actions allowed by law. This includes, for example, setting off (deducting) amounts that I owe Lender from any funds that Lender may owe to me. For example, if I have money on deposit in an account with Lender, Lender may take the money in that account to pay what I owe under the Note and this Mortgage.

18.   LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL. When Borrower has paid all amounts due under the Note and this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will pay all costs of recording the discharge in the proper official records.

8

19.     CHANGING THIS MORTGAGE. This Mortgage can be changed only if Lender and I sign a writing agreeing to the change.

20.     BORROWER'S FREEDOM TO CHOOSE INSURANCE COMPANY. I understand that I can get any insurance required by this Mortgage from any insurance company licensed to sell that insurance in Hawaii, subject to Lender's right to refuse an insurer for cause or reasonable excuse.

21.     FINANCING STATEMENT. This Mortgage also serves as a financing statement to perfect the Lender's security interest in the Property.

By signing this Mortgage I agree to all of the above.

HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company

Oct. 8, 2013

By:     Michael Miroyan
Its:    Manager/Member

9

STATE OF CALIFORNIA )
COUNTY OF _Santa Clara_ ) SS.

On _10-08-2013_, before me, NGUYET HOANG THI TRAN, a
Notary Public, personally appeared **MICHAEL MIROYAN**, manager/member of **HAWAIIAN
RIVERBEND, LLC, a Hawaii limited liability company,** who proved to me on the basis of
satisfactory evidence to be the person whose name is subscribed to the within instrument and
acknowledged to me that he executed the same in his authorized capacity, and that by his
signature on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.



NGUYET HOANG THI TRAN
Commission # 1905231
Notary Public - California
Santa Clara County
My Comm. Expires Oct 20, 2014

WITNESS my hand and official seal.

Signature: _____ (seal)

## EXHIBIT "A"

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172, and thus bounded and described:

Beginning at the northeast corner of this parcel of land, being also the northwest corner of Lot 9-B, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 10,073.89 feet north and 2,246.46 feet west and running by azimuths measured clockwise from true South:

| 1. | 21° | 44' | 07" | 513.89 | feet along Lot 9-B; |
|----|-----|-----|-----|--------|---------------------|
| 2. | 111° | 44' | 07" | 80.70 | feet along the same; |

Thence, along the same on a curve to the left with a radius of 251.00 feet, the chord azimuth and distance being:

| 3. | 87° | 37' | 40" | 205.04 | feet; |
|----|-----|-----|-----|--------|-------|
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 205.00 feet, the chord azimuth and distance being;

| 5. | 74° | 55' | 34" | 81.08 | feet; |
|----|-----|-----|-----|--------|-------|
| 6. | 86° | 19' | 57" | 20.83 | feet along same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| 7. | 175° | 32' | 12" | 15.00 | feet; |
|----|------|-----|-----|-------|-------|
| 8. | 198° | 03' | 09" | 688.99 | feet along Lot 121, Waikoloa Village Unit 1-A, File Plan 1188; |
| 9. | 288° | 03' | 09" | 471.49 | feet along Lot 6, Waikoloa Development, File Plan 1172 to the point of beginning and containing an area of 5.9175 acres, more or less. |

EXHIBIT "A"
Page 1 of 5

Together with Easement AE-1 for access purposes, more particularly described as follows:

All of that certain easement parcel of land being a portion of Lot 9-B, Waikoloa Development, Waikoloa, District of South Kohala, Island of Hawaii, Hawaii.

Beginning at the northeast corner of this easement parcel of land, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 9,596.53 feet north and 2,436.77 feet west and running by azimuths measured clockwise from true South:

| 1. | 21° | 44' | 07" | 60.00 | feet; |
|----|-----|-----|-----|-------|-------|
| 2. | 111° | 44' | 07" | 80.70 | feet along Lot 9-C; |

Thence, along the same on a curve to the left with a radius of 191.00 feet, the chord azimuth and distance being;

| 3. | 87° | 37' | 40" | 156.03 | feet; |
|----|-----|-----|-----|--------|-------|
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 265.00 feet, the chord azimuth and distance being:

| 5. | 74° | 55' | 34" | 104.81 | feet; |
|----|-----|-----|-----|--------|-------|
| 6. | 86° | 19' | 57" | 24.17 | feet along the same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| 7. | 179° | 31' | 19" | 60.09 | feet; |
|----|------|-----|-----|-------|-------|
| 8. | 266° | 19' | 57" | 20.83 | feet along Lot 9-A; |

Thence, along the same on a curve to the left with a radius of 205.00 feet, the chord azimuth and distance being;

| 9. | 254° | 55' | 34" | 81.08 | feet; |
|----|------|-----|-----|-------|-------|
| 10. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 251.00 feet, the chord azimuth and distance being;

**EXHIBIT "A"**
**Page 2 of 5**

11.  267° 37'  40"  205.04  feet;

12. 291° 44' 07"  80.70  feet along the same to the point of beginning and containing an area of 0.667 acres, more or less.

BEING THE PREMISES ACQUIRED BY WARRANTY DEED

GRANTOR:  WAIKOLOA MAUKA, LLC, a Delaware limited liability company

GRANTEE:  HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company

DATED:  November 23, 2009
RECORDED:  Document No. 2009-179060

## SUBJECT, HOWEVER TO:

1.  Mineral and water rights of any nature in favor of the State of Hawaii.

2.  DESIGNATION OF EASEMENT "E-W-1" (175 feet wide)

PURPOSE:  electrical, telephone and water line
SHOWN:  on File Plan No. 1172

3.  GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

4.  GRANT

TO:  WAIKOLOA RESORT UTILITIES, INC. doing business as WEST HAWAII UTILITY COMPANY

DATED:  February 19, 1998
RECORDED:  Document No. 98-028918
GRANTING:  an easement over only that portion of said Easement "E-W-1" affecting Lot 9 of File Plan No. 1172

5.  The terms and provisions contained in the following:

(A)  DEED WITH COVENANTS AND RESERVATION OF EASEMENTS AND OTHER RIGHTS

EXHIBIT "A"
Page 3 of 5

```
            DATED:           September 20, 2005
            RECORDED:        Document No. 2005-188909
```

Certain water rights reserved in said Deed have been assigned pursuant to that certain WATER RIGHTS QUITCLAIM dated September 20, 2005, recorded as Document No. 2005-188913, by and between WAIKOLOA LAND & CATTLE CO., "Grantor", and WAIKOLOA WATER CO., INC., and WAIKOLOA RESORT UTILITIES, INC., "Grantee".

(B)     GRANT OF RIGHT TO DESIGNATE AND GRANT EASEMENTS

```
        DATED:           September 20, 2005
        RECORDED:        Document No. 2005-188911
        PARTIES:         WAIKOLOA MAUKA, LLC, "Owner", and WAIKOLOA
                         LAND & CATTLE CO., "WDC"
```

Said Grant was amended by instrument dated November 29, 2006, recorded as Document No. 2006-220312.

6.     The terms and provisions contained in the following:

```
       INSTRUMENT:       DECLARATION OF RESTRICTIVE COVENANTS

       DATED:            December 29, 2008
       RECORDED:         Document No. 2008-193975
```

7.     The terms and provisions contained in the following:

```
       INSTRUMENT:       DISCLOSURE AGREEMENT

       DATED:            December 29, 2008
       RECORDED:         Document No. 2008-193976
       PARTIES:          WAIKOLOA MAUKA, LLC, a Delaware limited liability
                         company, "WML", WQJ2008 INVESTMENT, LLC, a
                         Washington limited liability company, "WQJ2008",
                         UKUMEHAME QUARRY COMPANY LIMITED
                         PARTNERSHIP, a Hawaii limited partnership, "Ukumehame",
                         and collectively with WQJ2008, "Buyer"
```

8.     Historic ceremonial and burial sites and similar matters which an archaeological study and archaeological inspection of the land would disclose.

9.     The terms and provisions contained in the following:

```
       INSTRUMENT:       JOINT VENTURE AGREEMENT

       DATED:            April 29, 2010
```
                        **EXHIBIT "A"**
                        **Page 4 of 5**

RECORDED:      Document No. 2010-062607
PARTIES:        WAIKALOA MAUKA, LC, a Delaware limited liability company
                        ("WM") and HAWAIIAN RIVERBEND, LLC, a Hawaii limited
                        liability company, ("HR")

10.    No vehicular access and planting screen, as shown on Subdivision map 11-001060, approved November 29, 2012.

**EXHIBIT "A"**
**Page 5 of 5**

Case: 18-52601    Doc# 90-3    Filed: 06/13/19    Entered: 06/13/19 16:41:11    Page 61
Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 51
of 89
of 154

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAI'I

Case Name:_____

Civil No.:_____

### FORECLOSURE MEDIATION NOTICE

**You have been served with a foreclosure complaint that could cause the loss of your home.**

The Court has a **Foreclosure Mediation Pilot Project** to assist parties to resolve foreclosure cases. You are eligible to participate in mediation under the Program if:

*(1)* *you are the borrower or co-borrower, and*
*(2)* *you occupy the property as your primary residence.*

Foreclosure mediation is a process in which a neutral mediator assists parties in trying to reach a voluntary agreement to avoid foreclosure. To help you prepare for mediation, you should consult with an attorney and with a HUD-certified counseling agency (which you can find by calling 1-888-995-4673 and/or going to www.995hope.org or www.gov/offices/hsg/sfh/hcc/hccprof14.frm. You may also bring your attorney to the mediation.

To participate in the Foreclosure Mediation Pilot Project, no later than 15 days after you were served with this Notice, you must complete the Foreclosure Mediation Request attached and file these two documents (original and 3 copies) at:

> Legal Documents Branch
> Circuit Court of the Third Circuit
> Hale Kaulike
> 777 Kilauea Avenue
> Hilo, HI 96720

1

if the property is located in the Districts of Kau, Puna, North Hilo, South Hilo, or Hamakua, and the case will be heard in Hilo;

or at:

Legal Documents Branch
Circuit Court of the Third Circuit
Kona Division
Keakealani Building
79-1020 Haukapila Street
Kealakekua, HI 96750

if the property is located in the Districts of North Kona, South Kona, North Kohala, or South Kohala, and the case will be heard in Kona.

You must immediately mail or deliver a file-stamped copy of these two documents to the Plaintiff's attorney, <u>Leu Okuda & Doi, AAL</u>, whose address is <u>222 Merchant St., Honolulu, HI 96813</u> and to:

The Presiding Judge
Circuit Court of the Third Circuit
Hale Kaulike
777 Kilauea Avenue
Hilo, HI 96720

if the case is to be heard in Hilo. If a Judge has not been assigned to this case, please call (808) 961-7400 with the Civil No. of your case.

or to:

The Presiding Judge
Circuit Court of the Third Circuit
Kona Division
Keakealani Building
79-1020 Haukapila Street
Kealakekua, HI 96750

if the case is to be heard in Kona. If a Judge has not been assigned to this case, please call (808) 322-8750 with the Civil No. of your case.

A conference will be held with the Judge to consider the Mediation Request. You must attend the conference.

2

Foreclosure Mediation Request
[Rev. 6/20/13]

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAI'I

### FORECLOSURE MEDIATION REQUEST

Your Name _____

Address _____

_____

Home Phone _____ Cell Phone _____

Work Phone _____ Email address _____

Mailing Address _____

I request foreclosure mediation in my case and certify that I am the borrower or co-borrower in this case and I occupy the property referenced in this case as my primary residence.

_____    _____    _____
Signature                  Print Name                 Date Signed

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| GANG CHEN, | ) | Civil no. _____ |
| | ) | (Foreclosure) |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| HAWAIIAN RIVERBEND, LLC, A | ) | |
| HAWAII LIMITED LIABILITY | ) | |
| COMPANY; JOHN and MARY DOES | ) | |
| 1-20; DOE PARTNERSHIPS, | ) | |
| CORPORATIONS OR OTHER | ) | |
| ENTITIES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SUMMONS

STATE OF HAWAII

TO:  the above-named Defendants

You are hereby summoned and required to file with the court and serve upon LEU OKUDA & DOI, Plaintiff's attorneys, whose address is The Merchant House, 222 Merchant Street, Main Floor, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general

public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

Dated: Kealakekua, Hawaii,     **FEB 0 3 2016**     .

**L. KITAOKA (SEAL)**

_____
CLERK OF THE COURT

2

EXHIBIT E

THE ORIGINAL OF THE DOCUMENT
RECORDED AS FOLLOWS
STATE OF HAWAII

BUREAU OF CONVEYANCES

DATE_____ Doc A – 59660663

DOCUMENT NO. _____ May 02, 2016 10:45 AM

_____LAND COURT_____          _____REGULAR SYSTEM_____

AFTER RECORDING, RETURN BY MAIL ( )   PICK-UP (X)


TO: LEU OKUDA & DOI
    Attorneys At Law
    The Merchant House
    222 Merchant Street, Main Floor
    Honolulu, Hawaii 96813


                                        TMK: (3) 6-8-002-021


NOTICE OF PENDENCY OF ACTION;
DECLARATION OF KARYN A. DOI

LEU OKUDA & DOI
Attorneys at Law

LESTER K.M. LEU 2980
KARYN A. DOI 7687
The Merchant House
222 Merchant Street, Main Floor
Honolulu, Hawaii 96813
Telephone (808) 538-1921
Facsimile (808) 523-9585

Attorneys for Plaintiff

**FILED**

**2016 FEB -3 PM 3: 34**

L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

**16 - 1 - 0 43K**

| | |
|---|---|
| GANG CHEN, | ) Civil no. |
| | ) (Foreclosure) |
| Plaintiff, | ) |
| | ) NOTICE OF PENDENCY OF ACTION; |
| vs. | ) |
| | ) DECLARATION OF KARYN A. DOI; |
| HAWAIIAN RIVERBEND, LLC, A | ) |
| HAWAII LIMITED LIABILITY | ) EXHIBIT "A" |
| COMPANY; JOHN and MARY DOES | ) |
| 1-20; DOE PARTNERSHIPS, | ) |
| CORPORATIONS OR OTHER | ) |
| ENTITIES 1-20, | ) |
| | ) |
| Defendants. | ) |
| | ) |

NOTICE OF PENDENCY OF ACTION

Pursuant to Hawaii Revised Statutes §634-51, notice is

hereby given that an action has been filed by Plaintiff GANG

CHEN, against the above-named Defendants, seeking foreclosure of

its Mortgage dated October 8, 2013, recorded in the Bureau of

Conveyances of the State of Hawaii as Document No. A-50360170,

relating to that certain parcel of mortgaged real property

I hereby certify that this is a full, true and correct
copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

identified as TMK: (3) 6-8-002-021), and more fully described in the legal description attached hereto as Exhibit "A".

Dated: Honolulu, Hawaii, _____ FEB 0 2 2016 _____ .

LESTER K. M. LEU
KARYN A. DOI
Attorneys for Plaintiff

2

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| GANG CHEN, | ) | Civil no. _____ |
| | ) | (Foreclosure) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF KARYN A. DOI |
| vs. | ) | |
| | ) | |
| HAWAIIAN RIVERBEND, LLC, A | ) | |
| HAWAII LIMITED LIABILITY | ) | |
| COMPANY; JOHN and MARY DOES | ) | |
| 1-20; DOE PARTNERSHIPS, | ) | |
| CORPORATIONS OR OTHER | ) | |
| ENTITIES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF KARYN A. DOI

KARYN A. DOI declares as follows:

1.    I am an attorney of record for Plaintiff GANG CHEN, ("Plaintiff") in the above-entitled action, and I make this declaration based on personal knowledge.

2.    Plaintiff is seeking to foreclose on its Mortgage and has filed a foreclosure action herein.  The Mortgage is dated October 8, 2013, and recorded in the Bureau of Conveyances of the State of Hawaii as Document No. A-50360170 ("Mortgage").

3.    Defendant HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company, has failed, refused and neglected to pay the amounts due under the terms of the Mortgage and Note.

4.    The mortgaged real property affected is identified as TMK: (3) 6-8-002-021 and is more fully described in the legal description attached hereto as Exhibit "A".

5.    In accordance with the Hawaii Revised Statutes §634-51, Plaintiff desires to file a notice of pendency in this action and to file such notice in the Bureau of Conveyances of the State of Hawaii, as aforesaid.

6.    The only purpose for which notice is to be filed and recorded is to place others on notice of the pendency of this action to foreclose the Mortgage held by Plaintiff. **Such notice is intended as notice to the rest of the world of this lawsuit and not to create a new interest, lien, encumbrance, right or title on the mortgaged property.**

I, KARYN A. DOI, declare under the penalty of law that the foregoing is true and correct.

Executed on _____ **FEB 0 2 2016** _____ , in Honolulu, Hawaii.

_____
KARYN A. DOI
Attorney for Plaintiff

2

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172, and thus bounded and described:

Beginning at the northeast corner of this parcel of land, being also the northwest corner of Lot 9-B, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 10,073.89 feet north and 2,246.46 feet west and running by azimuths measured clockwise from true South:

| 1. | 21° | 44' | 07" | 513.89 | feet along Lot 9-B; |
|---|---|---|---|---|---|
| 2. | 111° | 44' | 07" | 80.70 | feet along the same; |

Thence, along the same on a curve to the left with a radius of 251.00 feet, the chord azimuth and distance being:

| 3. | 87° | 37' | 40" | 205.04 | feet; |
|---|---|---|---|---|---|
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 205.00 feet, the chord azimuth and distance being;

| 5. | 74° | 55' | 34" | 81.08 | feet; |
|---|---|---|---|---|---|
| 6. | 86° | 19' | 57" | 20.83 | feet along same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| 7. | 175° | 32' | 12" | 15.00 | feet; |
|---|---|---|---|---|---|
| 8. | 198° | 03' | 09" | 688.99 | feet along Lot 121, Waikoloa Village Unit 1-A, File Plan 1188; |
| 9. | 288° | 03' | 09" | 471.49 | feet along Lot 6, Waikoloa Development, File Plan 1172 to the point of beginning and containing an area of 5.9175 acres, more or less. |

**EXHIBIT "A"**
**Page 1 of 5**

Together with Easement AE-1 for access purposes, more particularly described as follows:

All of that certain easement parcel of land being a portion of Lot 9-B, Waikoloa Development, Waikoloa, District of South Kohala, Island of Hawaii, Hawaii.

Beginning at the northeast corner of this easement parcel of land, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 9,596.53 feet north and 2,436.77 feet west and running by azimuths measured clockwise from true South:

| 1. | 21° | 44' | 07" | 60.00 | feet; |
|----|-----|-----|-----|-------|-------|
| 2. | 111° | 44' | 07" | 80.70 | feet along Lot 9-C; |

Thence, along the same on a curve to the left with a radius of 191.00 feet, the chord azimuth and distance being;

| 3. | 87° | 37' | 40" | 156.03 | feet; |
|----|-----|-----|-----|--------|-------|
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 265.00 feet, the chord azimuth and distance being:

| 5. | 74° | 55' | 34" | 104.81 | feet; |
|----|-----|-----|-----|--------|-------|
| 6. | 86° | 19' | 57" | 24.17 | feet along the same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| 7. | 179° | 31' | 19" | 60.09 | feet; |
|----|------|-----|-----|-------|-------|
| 8. | 266° | 19' | 57" | 20.83 | feet along Lot 9-A; |

Thence, along the same on a curve to the left with a radius of 205.00 feet, the chord azimuth and distance being;

| 9. | 254° | 55' | 34" | 81.08 | feet; |
|-----|------|-----|-----|--------|-------|
| 10. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 251.00 feet, the chord azimuth and distance being;

EXHIBIT "A"
Page 2 of 5

11.  267° 37' 40"  205.04  feet;

12. 291° 44' 07"  80.70  feet along the same to the point of beginning and containing an area of 0.667 acres, more or less.

BEING THE PREMISES ACQUIRED BY WARRANTY DEED

GRANTOR:  WAIKOLOA MAUKA, LLC, a Delaware limited liability company

GRANTEE:  HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company

DATED:  November 23, 2009
RECORDED:  Document No. 2009-179060

## SUBJECT, HOWEVER TO:

1.  Mineral and water rights of any nature in favor of the State of Hawaii.

2.  DESIGNATION OF EASEMENT "E-W-1" (175 feet wide)

PURPOSE:  electrical, telephone and water line
SHOWN:  on File Plan No. 1172

3.  GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

4.  GRANT

TO:  WAIKOLOA RESORT UTILITIES, INC. doing business as WEST HAWAII UTILITY COMPANY

DATED:  February 19, 1998
RECORDED:  Document No. 98-028918
GRANTING:  an easement over only that portion of said Easement "E-W-1" affecting Lot 9 of File Plan No. 1172

5.  The terms and provisions contained in the following:

(A)  DEED WITH COVENANTS AND RESERVATION OF EASEMENTS AND OTHER RIGHTS

**EXHIBIT "A"**
Page 3 of 5

|          |                             |
|----------|-----------------------------|
| DATED:   | September 20, 2005          |
| RECORDED:| Document No. 2005-188909    |

Certain water rights reserved in said Deed have been assigned pursuant to that certain WATER RIGHTS QUITCLAIM dated September 20, 2005, recorded as Document No. 2005-188913, by and between WAIKOLOA LAND & CATTLE CO., "Grantor", and WAIKOLOA WATER CO., INC., and WAIKOLOA RESORT UTILITIES, INC., "Grantee".

(B)     GRANT OF RIGHT TO DESIGNATE AND GRANT EASEMENTS

| DATED:    | September 20, 2005                                                        |
|-----------|--------------------------------------------------------------------------|
| RECORDED: | Document No. 2005-188911                                                  |
| PARTIES:  | WAIKOLOA MAUKA, LLC, "Owner", and WAIKOLOA LAND & CATTLE CO., "WDC"       |

Said Grant was amended by instrument dated November 29, 2006, recorded as Document No. 2006-220312.

6.     The terms and provisions contained in the following:

INSTRUMENT:     DECLARATION OF RESTRICTIVE COVENANTS

| DATED:    | December 29, 2008           |
|-----------|-----------------------------|
| RECORDED: | Document No. 2008-193975    |

7.     The terms and provisions contained in the following:

INSTRUMENT:     DISCLOSURE AGREEMENT

| DATED:    | December 29, 2008                                                                                                                                                                                                                                                    |
|-----------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| RECORDED: | Document No. 2008-193976                                                                                                                                                                                                                                             |
| PARTIES:  | WAIKOLOA MAUKA, LLC, a Delaware limited liability company, "WML", WQJ2008 INVESTMENT, LLC, a Washington limited liability company, "WQJ2008", UKUMEHAME QUARRY COMPANY LIMITED PARTNERSHIP, a Hawaii limited partnership, "Ukumehame", and collectively with WQJ2008, "Buyer" |

8.     Historic ceremonial and burial sites and similar matters which an archaeological study and archaeological inspection of the land would disclose.

9.     The terms and provisions contained in the following:

INSTRUMENT:     JOINT VENTURE AGREEMENT

DATED:     April 29, 2010

**EXHIBIT "A"**
**Page 4 of 5**

RECORDED:     Document No. 2010-062607
PARTIES:       WAIKALOA MAUKA, LC, a Delaware limited liability company ("WM") and HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company, ("HR")

10.   No vehicular access and planting screen, as shown on Subdivision map 11-001060, approved November 29, 2012.

Case: 18-52601  Doc# 90-3  Filed: 06/13/19  Entered: 06/13/19 16:41:11  Page 77
Case: 22-50339  Doc# 39-4  Filed: 08/11/22  Entered: 08/11/22 14:51:13  Page 62
of 154

# EXHIBIT F

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Hawaii__
(State)

Case number (if known): _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

Hawaiian Riverbend LLC

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

2 0 - 3 5 9 1 6 5 9

4. **Debtor's address**

**Principal place of business**

PO Box 3181

Number      Street

Saratoga,   CA   95070

City                State      ZIP Code

Santa Clara

County

**Mailing address, if different from principal place of business**

Number      Street

P.O. Box

City                State      ZIP Code

**Location of principal assets, if different from principal place of business**

Number      Street

City                State      ZIP Code

5. **Debtor's website (URL)**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 1

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes ,

6 7 1 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____   When _____   Case number _____
MM / DD / YYYY

District _____   When _____   Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____   Relationship _____

District _____   When _____
MM / DD / YYYY

Case number, if known _____

Official Form 201    U.S. Bankruptcy Court — Hawaii   #16-00348   Dkt # 1   Filed 04/04/16   Page 2 of 10   page 2
Voluntary Petition for Non-Individuals Filing for Bankruptcy

Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 70 of 154

64

**11. Why is the case filed in *this* district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?_____
                        Number        Street

_____
City                                State        ZIP Code

Is the property insured?
☒ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49        ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99       ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199     ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☒ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 3
U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 1  Filed  04/04/16   Page 3 of 10

Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 71
of 154                                                                          65

Debtor   Hawaiian Riverbend LLC _____   Case number (if known)_____
         Name

**16. Estimated liabilities**

☐ $0-$50,000       ☒ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000    ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million   ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

---

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

   ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

   ▪ I have been authorized to file this petition on behalf of the debtor.

   ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/03/2016
         MM / DD / YYYY

✗ /s/ Ryan Smith            Ryan Smith
Signature of authorized representative of debtor     Printed name

Title   Co   Manager

**18. Signature of attorney**

✗ /s/ Ramon J. Ferrer        Date   04/04/2016
Signature of attorney for debtor           MM / DD / YYYY

Ramon J. Ferrer
Printed name
Law Office of Ramon J. Ferrer
Firm name
135 South Wakea Ave. Suite 204
Number    Street
Kahului             HI     96732
City                State    ZIP Code

(808) 298-7277       ramonlawfirm@hotmail.com
Contact phone          Email address

14240-45          IN
Bar number           State

Official Form 201   U.S. Bankruptcy Court Hawaii #16-00343   Dkt # 1   Filed 04/04/16   Page 4 of 10     page 4
Voluntary Petition for Non-Individuals Filing for Bankruptcy

Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 72
of 154    66

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __N/A__.

2. The following financial data is the latest available information and refers to the debtor's condition on _____.

a. Total assets                                                         $  8,650,000

b. Total debts (including debts listed in 2.c., below)                  $  1,713,000

c. Debt securities held by more than 500 holders

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ | $ 1,619,000 | | | 3 |
| secured ☐ | unsecured ☒ | subordinated ☐ | $ 94,000 | | | 4 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |

d. Number of shares of preferred stock                                  0

e. Number of shares common stock                                        0

Comments, if any: _____

3. Brief description of debtor's business: ___Debtor is developing property.___

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

___Michael Miroyan___

Official Form 201A Bankruptcy Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

U.S. Bankruptcy Court Hawaii #18-00348 Dkt# 1 Filed 04/04/18 Page 5 of 10

Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 73 of 154

67

| Debtor 1 | Hawaiian Riverbend LLC | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court - District of Hawaii

Case number
(If known)

Local Form H1007-2d (12/15)

## Debtor's Verification of Creditor List

The undersigned debtor certifies under penalty of perjury that all entities included or to be included in schedules D, E/F, G, and H have been listed in the creditor list submitted with this verification. This includes all my creditors, parties to leases and executory contracts, and codebtors.

I also certify that the names and addresses of the listed entities are true and correct to the best of my knowledge.

I understand that I must file an amended creditor list and pay an amendment fee if there are creditors or parties listed in my schedules who have not been included in this list.

/s/ Ryan Smith

Debtor 1

Dated: 4/04/2016

/s/

Debtor 2

Dated:

Kenneth Kai and Tae kai
Trustees of kai family trust
c/o Mathew Shannon
700 Bishop Street Ste. 900
Honolulu, HI 96813

Cory TerEick
c/o Stephan Whittaker
PO Box 964
Kailua-Kona, HI 96745

Cades Schutte
75-170 Hualalai Rd.
Kailua-Kona, HI 96740

 County of Hawaii
Real Property Tax
101 Aupuni Suite 4
Hilo, HI 96720

Sidney Fuke
100 Pauahi Street Suite 212
Hilo, HI 96720

Michael Riehm
PO Box 390747
Keauhou, HI 96739

Keith Tran
500 E. Calaveras Blvd. Suite 250
Milpitas, CA 95035

Michael Miroyan
PO Box 3181
Saratoga, CA 95070

Ryan Smith
882 Kirksey Dr.
Turlock, CA 95382

Ryan:

I am sending you what is going to be filed. i have not sent the list of 20 largest
creditors because I do not have all those addresses yet.

I also need to know what county Saratoga is in.

# United States Bankruptcy Court

District Of __HAWAII__

**In re**

Hawaiian Riverbend LLC

Case No. _____

**Debtor**

Chapter _____11_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept .............................. $ __300.00 per hour__

    Prior to the filing of this statement I have received ..................... $ __783.00__

    Balance Due ........................................................ $ _____

2. The source of the compensation paid to me was:

    ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☒ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

| CERTIFICATION |
|---|

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 4/4/2016 | /s/ Ramon J. Ferrer |
|---|---|
| *Date* | *Signature of Attorney*<br>Law Office of Ramon J. Ferrer |
| | *Name of law firm* |

EXHIBIT G

**Date Signed:**
**December 23, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

In re:

HAWAIIAN RIVERBEND, LLC,
    Debtor and Debtor in Possession.

Case No. 16-00348
(Chapter 11)

Date:    November 28, 2016
Time:    9:30 a.m.
Judge:    Hon. Robert J. Faris

[Relates to Docket No. 110]

### ORDER CONFIRMING SECOND AMENDED
### PLAN OF REORGANIZATION DATED OCTOBER 6, 2016

The Debtor's Second Amended Plan of Reorganization Dated October 6, 2016, filed herein on October 7, 2016, as docket no. 110 (the "Plan") came on for approval before the Honorable Robert J. Faris on November 28, 2016 (the "Confirmation Hearing"). Chuck C. Choi, Esq. appeared on behalf of the Debtor. Curtis B. Ching, Esq. appeared on behalf of the Office of the United States Trustee. Matthew C. Shannon, Esq. appeared on behalf of the Kai Trust. David C. Farmer, Esq. appeared telephonically on behalf of Cory Tereick.

- 1 -

EXHIBIT G

73

WAGNER CHOI & VERBRUGGE
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
        aito@hibklaw.com

Attorneys for Debtor
and Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-00348 |
| HAWAIIAN RIVERBEND, LLC, | (Chapter 11) |
| Debtor and Debtor-in-possession. | |

## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED AS OF OCTOBER 6 2016

HAWAIIAN RIVERBEND, LLC, debtor and debtor-in-possession herein

("Debtor") proposes the following chapter 11 plan pursuant to section 1121(a) of

the Bankruptcy Code.

**EXHIBIT A**

3.5.    **Class 3:    Allowed Gang Chen Secured Claim (Parcel 21).**

**3.5.1 Classification:** Class 3 consists of the Chen Secured Note which is secured by the Chen Mortgage on Parcel 21. This Secured Claim is undisputed. The balance on the Chen Secured Note balance was approximately $175,000 as of October 10, 2013. The Debtor believes that the value of Parcel 21 is approximately $500,000. The Debtor intends to list Parcel 21 for sale until an outside sale date of November 30, 2017. If by that time these properties have not been sold, Parcels 21 (together with Parcels 52 and 53) will be auctioned as set forth herein.

**3.5.2 Treatment:** The Debtor will pay Chen an amount equal to the value of its Allowed Secured Claim, provided however that Chen shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court. The payment to Chen will be made promptly from the sale of Parcel 21 pursuant to the Plan.

Class 3 is impaired, and is entitled to vote to accept or reject to the Plan.

3.6.    **Class 4:    Allowed Real Property Tax Claims.**

**3.6.1 Classification:** Class 4 consists of Allowed secured real property tax claims of the County of Hawaii. The County of Hawaii has filed a proof of claim no. 4 asserting a priority unsecured status in the amount of

DATED: San Jose, California, October 6, 2016.

HAWAIIAN RIVERBEND LLC

/s/ Michael Miroyan
Michael Miroyan, Its Manager

Submitted by:

/s/ Chuck C. Choi
CHUCK C. CHOI
ALLISON A. ITO
Substitute Attorneys for Debtor and Debtor-in-Possession
HAWAIIAN RIVERBEND LLC

# 1:16-bk-00348 | Hawaiian Riverbend LLC

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2018 | 225 | Case Closed. (JN) (Entered: 06/08/2018) |
| 06/07/2018 | **224** | **BAP Decision on Appeal re: HI-18-1054, HI-18-1055, HI-18-1056, Order Dismissing Appeals for lack of prosecution.** (related document(s):205 Notice of Appeal (BK), 206 Notice of Appeal (BK), 207 Notice of Appeal (BK)) (MBD) (Entered: 06/07/2018) |
| 02/26/2018 | 223 | Notice of Appeal Docketing at BAP: No. HI-18-1056 (Phil Hayes) on 2/23/2018 (related document(s):207 Notice of Appeal (BK)) (LL) (Entered: 02/26/2018) |
| 02/26/2018 | 222 | Notice of Appeal Docketing at BAP: No. HI-18-1055 (Anthony Lawrence) on 2/23/2018 (related document(s):206 Notice of Appeal (BK)) (LL) (Entered: 02/26/2018) |
| 02/26/2018 | 221 | Notice of Appeal Docketing at BAP: No. HI-18-1054 (Michael Miroyan) on 2/23/2018 (related document(s):205 Notice of Appeal (BK)) (LL) (Entered: 02/26/2018) |
| 02/24/2018 | **220** | BNC Certificate of Service (related document(s):219) Notice Date 02/24/2018 . (Admin.) (Entered: 02/24/2018) |
| 02/22/2018 | **219** | Notice of Deficient Appeal (re:Anthony John Lawrence) (related document(s):206 Notice of Appeal (BK)) (LL) (Entered: 02/22/2018) |
| 02/22/2018 | **218** | Transmittal of Appeal to the Bankruptcy Appellate Panel (Phil Hayes) (related document(s):207 Notice of Appeal (BK)) (LL) (Entered: 02/22/2018) |
| 02/22/2018 | **217** | Transmittal of Appeal to the Bankruptcy Appellate Panel (Anthony John Lawrence) (related document(s):206 Notice of Appeal (BK)) (LL) (Entered: 02/22/2018) |
| 02/22/2018 | **216** | Transmittal of Appeal to the Bankruptcy Appellate Panel(Michael Miroyan) (related document(s):205 Notice of Appeal (BK)) (LL) (Entered: 02/22/2018) |
| 02/20/2018 | 215 | Receipt of Notice of Appeal Filing and Docketing Fee (Docket Entry #207 - Phil Hayes) - $298.00 by LC. Receipt Number 140481. (CashRegs) Modified on 2/22/2018 (B, D). (Entered: 02/20/2018) |
| 02/20/2018 | 214 | Receipt of Notice of Appeal Filing and Docketing Fee (Docket Entry #205 - Michael Miroyan)- $298.00 by LC. Receipt Number 140480. (CashRegs) Modified on 2/22/2018 (B, D). (Entered: 02/20/2018) |
| 02/18/2018 | **213** | BNC Certificate of Service - Notice of Appeal (related document(s):207) Notice Date 02/18/2018 . (Admin.) (Entered: 02/18/2018) |
| 02/18/2018 | **212** | BNC Certificate of Service - Notice of Appeal (related document(s):206) Notice Date 02/18/2018 . (Admin.) (Entered: 02/18/2018) |
| 02/18/2018 | **211** | BNC Certificate of Service - Notice of Appeal (related document(s):205) Notice Date 02/18/2018 . (Admin.) (Entered: 02/18/2018) |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/2018 | **210** | BNC Certificate of Service - Notice of Regarding Appeal (related document(s):207) Notice Date 02/18/2018 . (Admin.) (Entered: 02/18/2018) |
| 02/18/2018 | **209** | BNC Certificate of Service - Notice of Regarding Appeal (related document(s):206) Notice Date 02/18/2018 . (Admin.) (Entered: 02/18/2018) |
| 02/18/2018 | **208** | BNC Certificate of Service - Notice of Regarding Appeal (related document(s):205) Notice Date 02/18/2018 . (Admin.) (Entered: 02/18/2018) |
| 02/16/2018 | **207** | **Notice of Appeal [BAP No. 18-1056]** of Order Dismissing Case filed on 2/16/2018 by Interested Party Phil Hayes. Fee Amount $298. (related document(s):195 Order Dismissing Case). (JN) Modified on 2/26/2018 (LL). (Entered: 02/16/2018) |
| 02/16/2018 | **206** | **Notice of Appeal [BAP No. 18-1055]** of Order Dismissing Case filed on 2/16/2018 by Creditor Anthony John Lawrence. Fee Amount $298. (related document(s):195 Order Dismissing Case). (JN) Modified on 2/26/2018 (LL). (Entered: 02/16/2018) |
| 02/16/2018 | **205** | **Notice of Appeal [BAP No. 18-1054]** of Order Dismissing Case filed on 2/16/2018 by Interested Party Michael Miroyan. Fee Amount $298. (related document(s):195 Order Dismissing Case). (JN) Modified on 2/26/2018 (LL). (Entered: 02/16/2018) |
| 02/10/2018 | **204** | BNC Certificate of Service (related document(s):202) Notice Date 02/10/2018 . (Admin.) (Entered: 02/10/2018) |
| 02/10/2018 | **203** | BNC Certificate of Service - Notice of Entry of Order or Judgment (related document(s):202) Notice Date 02/10/2018 . (Admin.) (Entered: 02/10/2018) |
| 02/08/2018 | **202** | Judgment Dismissing Case (related document(s)195 Order Dismissing Case). Date of Entry: 2/8/2018 . (LL) (Entered: 02/08/2018) |
| 02/05/2018 | 201 | *[The entire order in this matter is set forth in this docket entry. No document is attached.]* <br><br>**Order Granting Motion to Redact.** (related document: 199). The clerk shall restrict remote electronic access to the document(s) described in the motion. The movant shall file a redacted version of the document(s) within 7 days from the date of this order. SO ORDERED. /s/Robert J. Faris, United States Bankruptcy Judge. (Entered: 02/05/2018) |
| 02/05/2018 | **200** | 4th Quarter Report Ending 9/30/2017. Filed by Michael Miroyan. (JN) (Entered: 02/05/2018) |
| 02/05/2018 | 199 | Motion to Redact; Limited Power of Attorney and Authorization to Pull 2 pages From 2-2-18 Filing (Re: document no. 196). Filed by Michael Miroyan. (JN) (Entered: 02/05/2018) |
| 02/04/2018 | **198** | BNC Certificate of Service (related document(s):195) Notice Date 02/04/2018 . (Admin.) (Entered: 02/04/2018) |
| 02/04/2018 | **197** | BNC Certificate of Service - Notice of Dismissal of Case (related document(s):195) Notice Date 02/04/2018 . (Admin.) (Entered: 02/04/2018) |
| 02/02/2018 | 196 | 4th Quarter Report 2017 in part, filed by Michael Miroyan. (MBD) (Entered: 02/02/2018) |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2018 | **195** | Order Dismissing Case. Date of Entry: 2/2/2018 . (JN) (Entered: 02/02/2018) |

| Part | Description | Pages | Action |
|---|---|---|---|
| 1 | Main Document | 6 | |
| 2 | Notice of Dismissal | 1 | |
| | All parts | 7 | ... |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/31/2018 | **194** | *Beginning of the 4th Quarter Report by Michael Miroyan* . Filed by Michael Miroyan . (LL) (Entered: 02/01/2018) |
| 01/31/2018 | **193** | *Proper Wording of Miroyan's Email dated 12/11/17 to Attorney Matt Shannon* . Filed by Michael Miroyan . (LL) (Entered: 02/01/2018) |
| 01/31/2018 | **192** | Statement of Financial Position of the Dentist Ken & Taekai . Filed by Michael Miroyan. (LL) (Entered: 02/01/2018) |
| 01/31/2018 | **191** | BNC Certificate of Service - Notice of Entry of Order or Judgment (related document(s):187) Notice Date 01/31/2018 . (Admin.) (Entered: 01/31/2018) |
| 01/30/2018 | **190** | *Typed 2nd and 3rd Quarterly Reports w/Attachments* . Filed by Michael Miroyan . (DM) (Entered: 01/31/2018) |
| 01/29/2018 | **189** | Statement of Michael Miroyan with Transcript from 1/8/18 Status Conference. Filed by Michael Miroyan . (LL) (Entered: 01/30/2018) |
| 01/29/2018 | **188** | Post Confirmation Report . Filed by Michael Miroyan . (LL) (Entered: 01/30/2018) |
| 01/29/2018 | **187** | Order Approving Choi & Ito's Motion To Withdraw As Counsel for Hawaiian Riverbend, LLC. (Related Doc # 165) Date of Entry: 1/29/2018 . (DM) (Entered: 01/29/2018) |
| 01/26/2018 | **186** | Declaration and Request for Entry of Order . Filed by Chuck C. Choi. (Related document(s): 165). (Choi, Chuck) (Entered: 01/26/2018) |
| 01/26/2018 | **185** | *3rd Quarter Report 2017 (July-Aug-Sept. 2017)* . Filed by Michael Miroyan. (JN) (Entered: 01/26/2018) |
| 01/26/2018 | **184** | Supplemental Statement *Regarding OSC*. Filed by Curtis B. Ching. (Related document(s): 170, 174, 176). (Ching, Curtis) (Entered: 01/26/2018) |
| 01/25/2018 | **183** | *2nd Quarterly Report* . Filed by Michael Miroyan . (Attachments: # 1 Part(s) 2) (LL) (Entered: 01/26/2018) |
| 01/25/2018 | **182** | BNC Certificate of Service - Notice of Filing of Transcript (related document(s):173) Notice Date 01/25/2018 . (Admin.) (Entered: 01/25/2018) |
| 01/24/2018 | **181** | Response to Order to Show Cause. Filed by Interested Party Michael Miroyan . (Related document(s):170 Order to Show Cause). (LL) (Entered: 01/25/2018) |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/24/2018 | 180 | Certificate of Service . Filed by David C Farmer. (Related document(s): 175). (Farmer, David) (Entered: 01/24/2018) |
| 01/24/2018 | 179 | Declaration of Margaret Tigue *in Support of Reorganized Debtor's Response to Order to Show Cause; and Exhibit "A"*. Filed by Chuck C. Choi. (Related document(s): 170). (Choi, Chuck) (Entered: 01/24/2018) |
| 01/24/2018 | 178 | Certificate of Service RE: CREDITORS KENNETH Y. KAI AND TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST'S RESPONSE TO ORDER TO SHOW CAUSE [DKT. 170], FILED JANUARY 10, 2018; DECLARATION OF MATTHEW C. SHANNON; EXHIBITS 1-3. Filed by Matthew C. Shannon. (Related document(s): 177). (Shannon, Matthew) (Entered: 01/24/2018) |
| 01/24/2018 | 177 | Statement re CREDITORS KENNETH Y. KAI AND TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST'S RESPONSE TO ORDER TO SHOW CAUSE [DKT. 170], FILED JANUARY 10, 2018. Filed by Matthew C. Shannon. (Related document(s): 170). (Attachments: # 1 Declaration of Matthew C. Shannon # 2 Exhibit(s) 1 # 3 Exhibit(s) 2 # 4 Exhibit(s) 3) (Shannon, Matthew) (Entered: 01/24/2018) |
| 01/24/2018 | 176 | Supplemental Statement *Regarding Order to Show Cause*. Filed by Curtis B. Ching. (Related document(s): 170, 174). (Ching, Curtis) (Entered: 01/24/2018) |
| 01/23/2018 | 175 | Statement re SECURED CREDITOR CORY TEREICKS RESPONSE TO ORDER TO SHOW CAUSE ENTERED JANUARY 10, 2018. Filed by David C Farmer. (Related document(s): 170). (Farmer, David) (Entered: 01/23/2018) |
| 01/23/2018 | 174 | Statement *Regarding Order To Show Cause*. Filed by Curtis B. Ching. (Related document(s): 170). (Ching, Curtis) (Entered: 01/23/2018) |
| 01/23/2018 | 173 | Transcript for Trial/Hearing on January 8, 2018. Transcriber: Jessica B. Cahill, Maukele Transcribers, LLC, Phone Number 808-244-0776. *Remote electronic access to the transcript is restricted for 90 days after the date the transcript is filed.* Redaction Request due 02/13/2018 . Redacted Transcript due 02/20/2018 . Transcript Access Restriction Period ends 04/23/2018 . (RE: related document(s) 167 Minutes - Virtual). (Cahill, Jessica) (Entered: 01/23/2018) |
| 01/22/2018 | 172 | Amended Post Confirmation Report *filed September 26, 2017 (Docket 160.)*. Filed by Chuck C. Choi on behalf of Hawaiian Riverbend LLC. (Choi, Chuck). **Modified on 1/22/2018 [Clerk's Note: Added relation to document no. 160.]**(JN). (Entered: 01/22/2018) |
| 01/12/2018 | 171 | BNC Certificate of Service (related document(s):170) Notice Date 01/12/2018 . (Admin.) (Entered: 01/12/2018) |
| 01/10/2018 | 170 | Order to Show Cause (Response due: 01/24/2018 (Re: document no. 135) Date of Entry: 1/10/2018. (JN) (Entered: 01/10/2018) |
| 01/08/2018 | 169 | Transcript Request . Filed by HR, LLC . (Related document(s): 167 Minutes - Virtual). (LL) (Entered: 01/08/2018) |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/08/2018 | **168** | ◢))) PDF with attached Audio File. Court Date & Time [ 1/8/2018 2:09:46 AM ]. File Size [ 3156 KB ]. Run Time [ 00:13:09 ]. (admin). (Entered: 01/08/2018) |
| 01/08/2018 | 167 | Minutes of Hearing held on: 1/8/2018 . (RF). Disposition: Status Conference - all counsel and parties spoke and argued their positions. The Court will issue a written Order to Show why this case should not be converted or dismissed. Appearances: Curtis Ching (USTR); Matthew Shannon (Kai Family Trust); Chuck Choi (debtor); by teleconference call: David Farmer (Cory Tereick); Ryan Smith-debtor rep.; Mike Miroyan-debtor rep. *Court to prepare order.*(related document(s):164 Notice of Scheduling/Status Conference) (courtrm,ov). *** Modified on 1/8/2018 to add appearance of David Farmer, Esq. *** (OV). (Entered: 01/08/2018) |
| 01/08/2018 | **166** | Notice of Hearing . Filed by Chuck C. Choi. Hearing for: 165 Motion to Withdraw as Counsel. Hearing scheduled for 2/5/2018 at 02:00 PM at Courtroom, 1132 Bishop Street, Suite 250, Honolulu, HI 96813. (Choi, Chuck) (Entered: 01/08/2018) |
| 01/08/2018 | **165** | Motion to Withdraw as Counsel *for Hawaiian Riverbend, LLC; Memorandum in Support; Declaration of Counsel* . Filed by Chuck C. Choi. (Choi, Chuck) Modified on 1/8/2018 (JN). (Entered: 01/08/2018) |
| 12/18/2017 | **164** | Notice of Scheduling / Status Conference . Filed by Kenneth Y Kai, Tae K Kai. Scheduling Conference set for 1/8/2018 at 02:00 PM at Courtroom, 1132 Bishop Street, Suite 250, Honolulu, HI 96813. (Attachments: # 1 Certificate of Service) (Shannon, Matthew) (Entered: 12/18/2017) |
| 10/14/2017 | **163** | Certificate of Service *; and Exhibit "A"*. Filed by Chuck C. Choi. (Related document(s): 160). (Choi, Chuck) (Entered: 10/14/2017) |
| 10/06/2017 | 162 | Attorney's Notice of Change of Address. Notice is hereby given that effective 10/1/17, the address for Chuck C. Choi is 700 Bishop Street, Suite 1107, Honolulu, HI 96813. . (Choi, Chuck) (Entered: 10/06/2017) |
| 10/06/2017 | 161 | Attorney's Notice of Change of Address. Notice is hereby given that effective 10/1/17, the address for Allison A. Ito is 700 Bishop Street, Suite 1107, Honolulu, HI 96813. . (Ito, Allison) (Entered: 10/06/2017) |
| 09/26/2017 | **160** | Post Confirmation Report *(Calendar Quarter Ending March 31, 2017)*. Filed by Chuck C. Choi on behalf of Hawaiian Riverbend LLC. (Choi, Chuck) (Entered: 09/26/2017) |
| 04/14/2017 | **159** | BNC Certificate of Service - Notice of Entry of Order or Judgment (related document(s):158) Notice Date 04/14/2017 . (Admin.) (Entered: 04/14/2017) |
| 04/12/2017 | **158** | Order on First and Final Application for Compensation / Reimbursement for Expenses for Law Office of Ramon J. Ferrer as Bankruptcy Counsel to Debtor. Fees awarded: $5,712.50, Expenses awarded $385.00 (Related Doc # 146) Date of Entry: 4/12/2017 . (JN) (Entered: 04/12/2017) |
| 04/10/2017 | **157** | ◢))) PDF with attached Audio File. Court Date & Time [ 4/10/2017 2:09:39 AM ]. File Size [ 180 KB ]. Run Time [ 00:00:45 ]. (admin). (Entered: 04/10/2017) |

81

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2017 | 156 | Minutes of Hearing held on: 4/10/2017 . (RF). Disposition: Application/Compensation by Debtor Counsel (final) - (Ramon Ferrer, Esq) - the application is approved and allowed as filed. Mr. Ferrer will submit the order. Appearances: by TELECONFERENCE CALL: Ramon Ferrer-applicant. (related document(s):146 Application for Compensation) (OV) (Entered: 04/10/2017) |
| 03/24/2017 | **155** | Monthly Operating Report for Filing Period December 2016. Filed by Debtor Hawaiian Riverbend LLC. (Ito, Allison) (Entered: 03/24/2017) |
| 03/13/2017 | **154** | Certificate of Service . Filed by Ramon J. Ferrer. (Ferrer, Ramon). **Modified on 3/13/2017 [Clerk's Note: Added relation to document no. 146, 151 and 153** (LL). (Entered: 03/13/2017) |
| 03/13/2017 | **153** | Notice of Hearing *Amended Notice of Hearing*. Filed by Ramon J. Ferrer. Hearing for: 146 Application for Compensation. Hearing scheduled for 4/10/2017 at 02:00 PM at Courtroom, 1132 Bishop Street, Suite 250, Honolulu, HI 96813. (Ferrer, Ramon) (Entered: 03/13/2017) |
| 03/13/2017 | **152** | Withdrawal of 144 Objection to the Final Fee Application . Filed by Anthony John Lawrence . (Related document(s): 144). (DM) (Entered: 03/13/2017) |
| 03/12/2017 | **151** | Notice of Hearing *for First and Final Application Application for Compensation / Reimbursement for Expenses*. Filed by Ramon J. Ferrer. Hearing for: 146 Application for Compensation. Hearing scheduled for 4/10/2017 at 02:00 PM at Courtroom, 1132 Bishop Street, Suite 250, Honolulu, HI 96813. (Ferrer, Ramon) (Entered: 03/12/2017) |
| 03/09/2017 | **150** | BNC Certificate of Service (related document(s):147) Notice Date 03/09/2017 . (Admin.) (Entered: 03/09/2017) |
| 03/09/2017 | **149** | BNC Certificate of Service - Notice of Entry of Order or Judgment (related document(s):147) Notice Date 03/09/2017 . (Admin.) (Entered: 03/09/2017) |
| 03/07/2017 | **148** | Withdrawal of 144 Response . Filed by Chuck C. Choi on behalf of Anthony John Lawrence. (Related document(s): 144). (Choi, Chuck) (Entered: 03/07/2017) |
| 03/07/2017 | **147** | Order Granting Application for Compensation / Reimbursement for Expenses for Choi & Ito. Fees awarded: $44438.83, Expenses awarded $1256.56 (Related Doc # 138) Date of Entry: 3/7/2017 . (DM) (Entered: 03/07/2017) |
| 03/04/2017 | **146** | First and Final Application Application for Compensation / Reimbursement for Expenses; Exhibit A. Filed on behalf of Law Office of Ramon J. Ferrer as Attorney, for the period 04/03/2016-08/01/2016 . Filed by Ramon J. Ferrer. (Ferrer, Ramon) Modified on 3/4/2017 (JN). (Entered: 03/04/2017) |
| 03/03/2017 | **145** | Summary Sheet for Application for Compensation . Filed by Ramon J. Ferrer. (Ferrer, Ramon). **Modified on 3/4/2017 [Clerk's Note: Added relation to document no. 146.]**(JN). (Entered: 03/03/2017) |
| 03/02/2017 | **144** | Objection to Fees of WCV law firm; Statement of Anthony John Lawrence. Filed by Creditor Anthony John Lawrence. (Related document(s):138 Application for Compensation filed by Hawaiian Riverbend LLC). (JN) (Entered: 03/02/2017) |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2017 | **143** | Declaration and Request for Entry of Order . Filed by Allison A. Ito. (Related document(s): 138). (Ito, Allison) (Entered: 03/01/2017) |
| 02/23/2017 | 142 | Notice of Appearance of Craig T. Masuda as Deputy Corporation Counsel representing County of Hawaii. Counsel consents to service of notices, pleadings, and papers by court transmission facilities. This entry for record purposes only. (Masuda, Craig) (Entered: 02/23/2017) |
| 02/23/2017 | 141 | Notice of Appearance of Craig T. Masuda as Deputy Corporation Counsel representing County of Hawaii. Counsel consents to service of notices, pleadings, and papers by court transmission facilities. This entry for record purposes only. (Masuda, Craig) (Entered: 02/23/2017) |
| 02/13/2017 | **140** | Notice of Hearing . Filed by Chuck C. Choi. Hearing for: 138 Application for Compensation. Hearing scheduled for 3/13/2017 at 02:00 PM at Courtroom, 1132 Bishop Street, Suite 250, Honolulu, HI 96813. (Choi, Chuck) (Entered: 02/13/2017) |
| 02/13/2017 | **139** | Summary Sheet for Application for Compensation *for Choi & Ito (Formerly Wagner Choi & Verbrugge)*. Filed by Chuck C. Choi. (Related document(s):138 Application for Compensation). (Choi, Chuck) (Entered: 02/13/2017) |
| 02/13/2017 | **138** | First and Final Application for Compensation / Reimbursement for Expenses. Filed on behalf of Choi & Ito (Formerly Wagner Choi & Verbrugge) as Counsel for Debtor and Debtor-in-Possession, for the period 07/19/2016 - 01/06/2017 ; *Exhibit "A" and Declaration of Chuck C. Choi*. Filed by Chuck C. Choi. (Choi, Chuck) (Entered: 02/13/2017) |
| 12/27/2016 | **137** | Certificate of Service ; *Exhibit A*. Filed by Allison A. Ito. (Related document(s): 134). (Ito, Allison) (Entered: 12/27/2016) |
| 12/25/2016 | **136** | BNC Certificate of Service - Notice of Entry of Order or Judgment (related document(s):135) Notice Date 12/25/2016 . (Admin.) (Entered: 12/25/2016) |
| 12/23/2016 | **135** | Order Confirming Second Amended Chapter 11 Plan of Reorganization (related document(s)114 Order Approving Disclosure Statement, 110 Plan). Date of Entry: 12/23/2016 . (DM) (Entered: 12/23/2016) |
| 12/22/2016 | **134** | Monthly Operating Report for Filing Period November 2016. Filed by Debtor Hawaiian Riverbend LLC. (Ito, Allison) (Entered: 12/22/2016) |
| 11/28/2016 | 133 | Minutes of Hearing held on: 11/28/2016 . (RF). Disposition: 1)Confirmation Hearing on 2nd Amended Plan - Plan is confirmed with 2 clarifications and reasons stated for the record. 2)FH/Motion for Relief from the Automatic Stay by Kai Trust is withdrawn due to agreement reached with the debtor. Mr. Choi will submit the Order. Appearances: Chuck Choi (debtor); Matthew Shannon (Kai Trust); Curtis Ching (USTR); by TELECONFERENCE CALL: David Farmer (Cory TerEick). (related document(s):58 Motion for Relief From Automatic Stay, 110 Chapter 11 Plan) (OV) (Entered: 11/28/2016) |
| 11/28/2016 | **132** | 🔊 PDF with attached Audio File. Court Date & Time [ 11/28/2016 9:38:24 AM ]. File Size [ 3268 KB ]. Run Time [ 00:13:37 ]. (admin). (Entered: 11/28/2016) |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2016 | **131** | PDF with attached Audio File. Court Date & Time [ 11/21/2016 2:06:06 AM ], File Size [ 7828 KB ]. Run Time [ 00:32:37 ]. (admin). (Entered: 11/21/2016) |
| 11/21/2016 | 130 | Minutes of Hearing held on: 11/21/2016 . (RF). Disposition: 1)Confirmation Hearing on 2nd Amended Plan and 2)Continued FH/Motion for Relief from the Automatic Stay filed by the Kai Trust. An Oral Ruling on both matters will be issued next Monday, 11/28/16 @ 9:30 a.m. Appearances: Chuck Choi (debtor); Curtis Ching (USTR); David Farmer (Cory TerEick); Matthew Shannon (Kenneth & Tae Kai and Kai Trust). *Matter Taken Under Advisement.*(related document(s):58 Motion for Relief From Automatic Stay, 110 Chapter 11 Plan) (courtrm,ov) (Entered: 11/21/2016) |
| 11/21/2016 | **129** | Amended Monthly Operating Report for Filing Period October 2016. Filed by Debtor Hawaiian Riverbend LLC. (Choi, Chuck). Modified on 11/21/2016 [Clerk's Note: Added relation to Dkt #128.] (DM). (Entered: 11/21/2016) |
| 11/21/2016 | **128** | Monthly Operating Report for Filing Period October 2016. Filed by Debtor Hawaiian Riverbend LLC. (Choi, Chuck) Modified on 11/21/2016 [Clerk's Note: Document unsigned; filer advised to refile.] (DM). (Entered: 11/21/2016) |
| 11/16/2016 | **127** | Certificate of Service ; *Exhibit A.* Filed by Allison A. Ito. (Related document(s): 125, 126). (Ito, Allison) (Entered: 11/16/2016) |
| 11/15/2016 | **126** | Brief *[Confirmation Brief for Second Amended Chapter 11 Plan of Reorganization Dated as of October 6, 2016].* Filed by Chuck C. Choi. (Related document(s): 110). (Choi, Chuck) **Modified on 11/15/2016 [Clerk's Note: PDF contains different case number but appears to pertain to this case.]** (JN). (Entered: 11/15/2016) |
| 11/15/2016 | **125** | Ballot Tabulation *[Declaration of Allison A. Ito Regarding Tabulation of Ballots in Support of Confirmation of Second Amended Plan of Reorganization Dated October 6, 2016; Exhibits A and B].* Filed by Allison A. Ito on behalf of Hawaiian Riverbend LLC. (Related document(s)110 Chapter 11 Plan). (Ito, Allison) (Entered: 11/15/2016) |
| 11/01/2016 | 124 | *Advisory Entry: Dkt #123 filed incorrectly as Monthly Operating Report for Filing Period September 2016. The document is a Certificate of Service.* (related document(s):123) (JN) (Entered: 11/01/2016) |
| 11/01/2016 | **123** | Monthly Operating Report for Filing Period September 2016. Filed by Debtor Hawaiian Riverbend LLC. (Ito, Allison) **Modified on 11/1/2016 [Clerk's Note: This document should have been filed as a Certificate of Service. Added relation to document no. 122.]**(JN). (Entered: 11/01/2016) |
| 11/01/2016 | **122** | Monthly Operating Report for Filing Period September 2016. Filed by Debtor Hawaiian Riverbend LLC. (Ito, Allison) (Entered: 11/01/2016) |
| 10/26/2016 | **121** | Certificate of Service ; *Exhibit A.* Filed by Allison A. Ito. (Related document(s): 115). (Ito, Allison) (Entered: 10/26/2016) |
| 10/25/2016 | **120** | Certificate of Service ; *Exhibit A.* Filed by Allison A. Ito. (Related document(s): 119). (Ito, Allison) (Entered: 10/25/2016) |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/25/2016 | **119** | Monthly Operating Report for Filing Period August 2016. Filed by Debtor Hawaiian Riverbend LLC. (Ito, Allison) (Entered: 10/25/2016) |
| 10/14/2016 | **118** | BNC Certificate of Service - Notice of Entry of Order or Judgment (related document(s):114) Notice Date 10/14/2016 . (Admin.) (Entered: 10/14/2016) |
| 10/13/2016 | **117** | Certificate of Service ; Exhibit A. Filed by Allison A. Ito. (Related document(s): 110, 111, 115). (Ito, Allison) (Entered: 10/13/2016) |
| 10/12/2016 | **116** | Certificate of Service ; and Exhibit "A". Filed by Chuck C. Choi. (Related document(s): 110, 111). (Choi, Chuck) (Entered: 10/12/2016) |
| 10/12/2016 | **115** | Notice of Hearing . Filed by Chuck C. Choi. Hearing for: 110 Chapter 11 Plan, 111 Disclosure Statement. Hearing scheduled for 11/21/2016 at 02:00 PM at Courtroom, 1132 Bishop Street, Suite 250, Honolulu, HI 96813. (Choi, Chuck) (Entered: 10/12/2016) |
| 10/12/2016 | **114** | Order Approving Disclosure Statement For Plan of Reorganization Dated, and Balloting Procedures and Scheduling Deadlines; Exhibits. Confirmation hearing to be held on 11/21/2016 at 02:00 PM at Courtroom, 1132 Bishop Street, Suite 250, Honolulu, HI 96813. Date of Entry: 10/12/2016 . (LL) **Modified on 10/12/2016 [Clerk's Note: Added relation to document no. 66**(LL). (Entered: 10/12/2016) |
| 10/11/2016 | **113** | Certificate of Service ; Exhibit A. Filed by Allison A. Ito. (Related document(s): 112). (Ito, Allison) (Entered: 10/11/2016) |
| 10/11/2016 | **112** | Errata to Second Amended Disclosure Statement for Debtor's Second Amended Plan of Reorganization Dated October 6, 2016; Exhibit A. Filed by Allison A. Ito. (Related document(s): 111). (Ito, Allison) (Entered: 10/11/2016) |
| 10/07/2016 | **111** | Second Amended Disclosure Statement ; Exhibits "A" and "B". Filed by Chuck C. Choi on behalf of Hawaiian Riverbend LLC. (Related document(s)65 Disclosure Statement). (Choi, Chuck) (Entered: 10/07/2016) |
| 10/07/2016 | **110** | Second Amended Chapter 11 Plan of Reorganization dated as of October 6, 2016 Filed by Chuck C. Choi on behalf of Hawaiian Riverbend LLC. (Related document(s)64 Chapter 11 Plan). (Choi, Chuck) (Entered: 10/07/2016) |
| 09/30/2016 | 109 | Notice of Appearance of David C Farmer as Counsel representing Cory TerEick. Counsel consents to service of notices, pleadings, and papers by court transmission facilities. This entry for record purposes only. (Farmer, David) (Entered: 09/30/2016) |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/20/2016 | 108 | *[The entire order in this matter is set forth in this docket entry. No document is attached.]* |
| | | **Order Granting Application to Employ Professional under 11 U.S.C. sec. 327(a)** (related document: 81). It appearing that Faris Lee Investments is disinterested and does not hold or represent an interest adverse to the estate, Faris Lee Investments is authorized to act as a real estate agent in this case effective 09/19/2016 with respect to the real properties at: TMK: (3) 6-8-002-052 and TMK (3) 6-8-002-053. Compensation and reimbursement for expenses are subject to further court approval under 11 U.S.C. sec. 330 and applicable local rules and guidelines. SO ORDERED. /s/ Robert J. Faris, United States Bankruptcy Judge. (Entered: 09/20/2016) |
| 09/20/2016 | 107 | Minutes of Hearing held on: 9/19/2016. (RF). Disposition: 1)Application/Employ Faris Lee Investments as Realtor is approved and allowed. 2)Disclosure Statement will be revised. Plan Confirmation Hearing will be held 11/21/16 @ 2:00 p.m. provided the revised Disclosure Statement is approved. 3)FH/Motion for Relief from the Automatic Stay will track with Plan Confirmation scheduled for 11/21/16. The automatic stay will remain in effect. Mr. Choi will submit all orders where appropriate. Appearances: Chuck Choi/Allison Ito (debtor); Curtis Ching (USTR); Cynthia Johiro (State Tax); Matthew Shannon (Kai Trust). (related document(s):58 Motion for Relief From Automatic Stay, 66 Motion to Approve Disclosure Statement, 81 Application to Employ) (OV) (Entered: 09/20/2016) |
| 09/19/2016 | **106** | �))) PDF with attached Audio File. Court Date & Time [ 9/19/2016 3:07:01 AM ]. File Size [ 6184 KB ]. Run Time [ 00:25:46 ]. (admin). (Entered: 09/19/2016) |
| 09/19/2016 | **105** | Certificate of Service *; Exhibit A*. Filed by Allison A. Ito. (Related document(s): 103). (Ito, Allison) (Entered: 09/19/2016) |
| 09/19/2016 | 104 | *[The entire order in this matter is set forth in this docket entry. No document is attached.]* |
| | | **Order Granting Application to Employ Professional under 11 U.S.C. sec. 327(a)** (related document: 103). It appearing that Clark Realty Corporation dba Sperry Van Ness/Clark Commercial Group is disinterested and does not hold or represent an interest adverse to the estate, Clark Realty Corporation dba Sperry Van Ness/ Clark Commercial Group is authorized to act as the realtor/cooperating broker for the Debtor in this case effective Septemer 16, 2016. Compensation and reimbursement for expenses are subject to further court approval under 11 U.S.C. sec. 330 and applicable local rules and guidelines. SO ORDERED. /s/ Robert J. Faris, United States Bankruptcy Judge. (Entered: 09/19/2016) |
| 09/16/2016 | **103** | Application to Employ Clark Realty Corporation dba Sperry Van Ness/Clark Commercial Group as Realtor/Cooperating Broker *; Verified Statement by Professional; Exhibit 1*. Filed by Debtor Hawaiian Riverbend LLC. (Ito, Allison) (Entered: 09/16/2016) |
| 09/12/2016 | **102** | ◦))) PDF with attached Audio File. Court Date & Time [ 9/12/2016 2:28:50 AM ]. File Size [ 4444 KB ]. Run Time [ 00:18:31 ]. (admin). (Entered: 09/12/2016) |
| 09/12/2016 | **101** | ◦))) PDF with attached Audio File. Court Date & Time [ 9/12/2016 2:06:55 AM ]. File Size [ 3292 KB ]. Run Time [ 00:13:43 ]. (admin). (Entered: 09/12/2016) |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/12/2016 | 100 | Minutes of Hearing held on: 9/12/2016 . (RF). Disposition: 1)M/Approve Disclosure Statement, 2)FH/Motion for Relief from the Automatic Stay (Kai Trust); and Application to Employ Faris Lee Investment are all continued for further hearing to 9/19/2016 @ 2:00 p.m. to allow review of changes/revisions made to the disclosure statement and see if parties to the relief from stay issue can come to some resolution. Appearances: Chuck Choi (debtor); Curtis Ching (USTR); Cynthia Johiro (State Tax); Matthew Shannon (Kai Trust). (related document(s):58 Motion for Relief From Automatic Stay, 66 Motion to Approve Disclosure Statement, 81 Application to Employ) (courtrm,ov) (Entered: 09/12/2016) |
| 09/12/2016 | 99 | Certificate of Service ; *Exhibit A*. Filed by Allison A. Ito. (Related document(s): 98). (Ito, Allison) (Entered: 09/12/2016) |
| 09/12/2016 | 98 | Disclosure Statement *[Submission of Redlined Second Amended Disclosure Statement for Debtor's Amended Plan of Reorganization Dated September 9, 2016]*. Filed by Allison A. Ito on behalf of Hawaiian Riverbend LLC. (Related document(s)50 Disclosure Statement, 65 Disclosure Statement). (Ito, Allison) (Entered: 09/12/2016) |
| 09/12/2016 | 97 | Amended Certificate of Service . Filed by Cynthia M. Johiro. (Related document(s): 94, 95, 96). (Johiro, Cynthia) (Entered: 09/12/2016) |
| 09/12/2016 | 96 | Certificate of Service . Filed by Cynthia M. Johiro. (Related document(s): 94, 95). (Johiro, Cynthia). **Modified on 9/12/2016 [Clerk's Note: Removed relation to document no. 95.]**(JN). (Entered: 09/12/2016) |
| 09/12/2016 | 95 | Declaration of Elayne Liu *Regarding Department of Taxation, State of Hawaii's Joinder in Office of the United States Trustee's Objection to Application to Employ Professional (Faris Lee Investments)*. Filed by Cynthia M. Johiro. (Related document(s): 94). (Johiro, Cynthia) (Entered: 09/12/2016) |
| 09/12/2016 | 94 | Joinder in Office of the United States Trustee's Objection to Application to Employ Professional (Faris Lee Investment) . Filed by Creditor Department of Taxation, State of Hawaii. (Related document(s):81 Application to Employ filed by Hawaiian Riverbend LLC, 85 Response filed by Office of the U.S. Trustee.). (Johiro, Cynthia) (Entered: 09/12/2016) |

## Screenshot

### PACER Service Center

|  |  |
|---|---|
| **Receipt:** | 08/09/2022 08:04:31 |
| **User:** | User's PACER account |
| **Client:** | 27033 MIROYAN drg |
| **Description:** | Docket Report |
|  | 16-00348 Fil or Ent: filed From: 09/12/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Pages:** | 10 ($1.00) |

EXHIBIT H

UNITED STA'

DIS1

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

In re:

Case No. 16-00348

HAWAIIAN RIVERBEND, LLC,

Chapter 11

Debtor.

## ORDER DISMISSING CASE

An order to show cause why the court should not (1) direct the appointment

of a chapter 11 trustee, (2) convert this case to one under chapter 7, (3) dismiss this

case, or (4) grant other appropriate relief was issued on January 10, 2018 ("OSC").[1]

The United States Trustee filed a timely response on January 24, 2018, stating

that appointment of a chapter 11 trustee is not authorized by 11 U.S.C. §1104(a)

because such trustee can only be appointed prior to the confirmation of a plan and

this court confirmed the Debtor's chapter 11 plan (the "Plan") on December 23,

2016.[2]

Secured creditor Cory TerEick filed a timely response on January 23, 2018,

explaining that a dismissal with prejudice is his preferred option in order to expedite

---

[1] Dkt. 170.

[2] Dkt. 176. The United States Trustee filed a first response to the OSC on January 23, 2018, reporting that the Debtor is currently delinquent on quarterly fees. Dkt. 174. The United States Trustee received a payment of $325 from the Debtor for quarterly fees on January 25, 2018. Dkt. 184.

EXHIBIT H

88

liquidation of his collateral, which is subject to a pending Third Circuit foreclosure case in Kona.[3]

Creditors Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust "("Kai creditors"), filed a timely response on January 24, 2018, urging the court to dismiss the petition because the Debtor has failed to comply with the Plan and continuation of the bankruptcy case will only serve to delay and prejudice the creditors.[4]

Michael Miroyan ("Mr. Miroyan"), an interested party, filed a response on January 24, 2018, requesting a hearing in this matter and claiming that more time is needed to comply with the Plan.[5] The response attaches declarations of unsecured creditors, stating that: (a) they oppose conversion to chapter 7; and (b) they request that the Debtor receive an additional year to sell or refinance the property.

For the following reasons, I will dismiss the case.

## **Request for Further Hearing**

Mr. Miroyan's request for a hearing is denied. Section 1112(b)of the Bankruptcy Code provides that the court may dismiss or convert a chapter 11 case "after notice and a hearing," but section 102(1) authorizes the court to dispense with

---

[3] Dkt. 175.

[4] Dkt. 177.

[5] Dkt. 181.

2

an actual hearing if "appropriate in the particular circumstances."

No further hearing is necessary in this case. The court held a status conference, at which Mr. Miroyan spoke. The order to show cause gave Mr. Miroyan and all other parties in interest an opportunity to state their positions in writing. Mr. Miroyan has availed himself of that opportunity by filing extensive papers,[6] all of which I have carefully reviewed. A hearing is not necessary.[7]

Further, Mr. Miroyan sent an email to counsel for the Kai creditors prior to the status conference that was abusive, profane, and threatening.[8] While the email contains no explicit threats of violence, its tone and content are beyond inappropriate. Mr. Miroyan has forfeited whatever right he might have had to a hearing.

### Cause

Cause exists to dismiss Debtor's bankruptcy case. Section 1112 of the Bankruptcy Code states:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case

---

[6] Dkt. 181, 183, 185, 188, 189, 190, 192, 192, and 194.

[7] Section 1112 provides that the court shall convert or dismiss a case "on request of a party in interest." Section 105(a) makes clear, however, that the court can act sua sponte where appropriate.

[8] Dkt. 193.

3

> under chapter 7 or dismiss a case under this chapter,
> whichever is in the best interests of creditors and the estate,
> <u>for cause</u> unless the court determines that the appointment
> under section 1104(a) of a trustee or an examiner is in the
> best interests of creditors and the estate.

11 U.S.C.A. § 1112(b)(1) (emphasis added).

Subsection (b)(4) contains a nonexclusive list of factors that constitute "cause." The list includes, among others: gross mismanagement of the estate, failure to comply with an order of the court, inability to effectuate substantial consummation of a confirmed plan, and material default by the debtor with respect to a confirmed plan.

Cause exists to dismiss the case because the Debtor is admittedly in material default of its obligation under the Plan. Debtor failed to conduct a sale of the properties and later failed to submit them for auction. Debtor's counsel made it clear at the status conference on January 8, 2018 , that Debtor does not intend to comply with the Plan.

Additionally, Mr. Miroyan's outrageous email to counsel for Kai creditors and his other inappropriate statements in court filings[9] demonstrate that he should not be administering the estate as a fiduciary for the creditors and other parties in interest.

### Appointment of a Chapter 11 Trustee

Appointment of a chapter 11 trustee is not authorized here. Section 1004(a) of

---

[9] Dkt. 190.

4

the Bankruptcy Code provides that the court may appoint a chapter 11 trustee "at any time after the commencement of the case but before confirmation of a plan . . . ."

Debtor's Plan was confirmed on December 23, 2016, and therefore, the appointment of a chapter 11 trustee is not warranted.

### Dismissal or Conversion

Dismissal of the case rather than conversion to one under chapter 7 is in the best interest of creditors and the estate.[10]

The largest secured creditors of the Debtor, Kai creditors and Cory TetEick, request dismissal of the bankruptcy case.[11] They have the largest stake in this bankruptcy case. The secured creditors' right to pursue a state court action against the Debtor has been delayed (their foreclosure cases have been stayed pending this bankruptcy case). The Debtor has had more than a year to comply with the Plan, but has chosen not to do so. The Debtor has made no substantial efforts to sell the properties in accordance with the Plan.

The interests of the general unsecured creditors are not better served by converting this case to one under chapter 7. Given the amount of the secured claims and the Debtor's failure to sell the properties, it is highly unlikely that the general

---

[10] When deciding between dismissal and conversion under 11 U.S.C. § 1112(b), the court must consider the interests of *all* of the creditors. *See In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009).

[11] Dkt. 175; Dkt. 177.

5

unsecured creditors would receive any payments if the case was converted to one
under chapter 7. The unsecured creditors apparently prefer to give the Debtor an
additional year to sell the properties. But the confirmed Plan provides for only a one
year sales period that has already expired and, because the Plan has apparently been
"substantially consummated" within the meaning of section 1101(2), the Plan
probably cannot be modified.

Therefore, the court will enter a separate judgment DISMISSING this
bankruptcy proceeding .

## END OF ORDER

**Information to identify the case:**

| Debtor 1 | **Hawaiian Riverbend LLC** | | | Social Security number or ITIN ____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | EIN **20−3591659** |
| Debtor 2 | | | | Social Security number or ITIN ____ |
| (Spouse, if filing) | First Name | Middle Name | Last Name | EIN __−_____ |

United States Bankruptcy Court  **District of Hawaii**

Case number:  **16−00348**

# NOTICE OF DISMISSAL OF CASE

NOTICE IS GIVEN THAT:

On this date the court entered an order dismissing this bankruptcy case. The case will be closed without the entry of a discharge.

The dismissal order may be viewed at the Clerk's Office. It may also be viewed online using PACER, the federal judiciary's electronic records system. Information about obtaining and using a PACER account is available at the court website, www.hib.uscourts.gov.

Date Entered:  February 2, 2018

Michael B. Dowling
Clerk

Clerk's Office:
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813
(808) 522−8100
www.hib.uscourts.gov

EXHIBIT I

# 5:18-bk-52601 | Michael Haroutun Miroyan

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2022 | **121** | BNC Certificate of Mailing (RE: related document(s) 120 Order on Motion for Relief From Stay). Notice Date 07/20/2022 . (Admin.) (Entered: 07/20/2022) |
| 07/19/2022 | | Bankruptcy Case Re-Closed. (jf) (Entered: 07/19/2022) |
| 07/18/2022 | **120** | Order Denying Relief From Stay (Related Doc # 113) (acr) (Entered: 07/18/2022) |
| 06/23/2022 | **119** | Certificate of Service of Amended Notice of Hearing for Creditor Gang "Patrick" Chen's Motion for Relief from the Automatic Stay (RE: related document(s)118 Notice of Hearing). Filed by Creditor Gang Chen (DE Leest, Aaron) (Entered: 06/23/2022) |
| 06/23/2022 | **118** | Amended Notice of Hearing for Creditor Gang "Patrick" Chen's Motion for Relief from the Automatic Stay (RE: related document(s)113 Motion for Relief from Stay Fee Amount $188, Filed by Creditor Gang Chen (DE Leest, Aaron) DEFECTIVE ENTRY: Notice of Hearing or Opportunity for Hearing to be filed separately. Modified on 6/23/2022 (jmb).). **Hearing scheduled for 7/29/2022 at 10:00 AM in/via San Jose Courtroom 11 - Hammond.** Filed by Creditor Gang Chen (DE Leest, Aaron) (Entered: 06/23/2022) |
| 06/22/2022 | **117** | Notice of Hearing for Creditor Gang "Patrick" Chen's Motion for Relief from the Automatic Stay; proof of service (RE: related document(s)113 Motion for Relief from Stay Fee Amount $188, Filed by Creditor Gang Chen (DE Leest, Aaron)). **Hearing scheduled for 7/29/2022 at 10:00 AM in/via San Jose Courtroom 11 - Hammond.** Filed by Creditor Gang Chen (DE Leest, Aaron) (Entered: 06/22/2022) |
| 06/22/2022 | **116** | Request To Take Judicial Notice in Support of Motion for Relief from Stay; proof of service (RE: related document(s)113 Motion for Relief From Stay). Filed by Creditor Gang Chen (DE Leest, Aaron) (Entered: 06/22/2022) |
| 06/22/2022 | **115** | Declaration of Gang "Patrick" Chen In in support of Motion for Relief from Stay; proof of service (RE: related document(s)113 Motion for Relief From Stay). Filed by Creditor Gang Chen (DE Leest, Aaron) (Entered: 06/22/2022) |
| 06/22/2022 | **114** | Relief From Stay Cover Sheet (RE: related document(s)113 Motion for Relief From Stay). Filed by Creditor Gang Chen (DE Leest, Aaron) (Entered: 06/22/2022) |
| 06/22/2022 | | Receipt of filing fee for Motion for Relief From Stay( 18-52601) [motion,mrlfsty] ( 188.00). Receipt number A31992531, amount $ 188.00 (re: Doc# 113 Motion for Relief from Stay Fee Amount $188,) (U.S. Treasury) (Entered: 06/22/2022) |
| 06/22/2022 | **113** | Motion for Relief from Stay Fee Amount $188, Filed by Creditor Gang Chen (DE Leest, Aaron) DEFECTIVE ENTRY: Notice of Hearing or Opportunity for Hearing to be filed separately. Modified on 6/23/2022 (jmb). (Entered: 06/22/2022) |
| 05/21/2022 | **112** | BNC Certificate of Mailing (RE: related document(s) 111 Order on Motion to Reopen Chapter Case). Notice Date 05/21/2022 . (Admin.) (Entered: 05/21/2022) |

95

| Date Filed | # | Docket Text |
|---|---|---|
| 05/19/2022 | **111** | Order Reopening Bankruptcy Case (Related Doc # 110) Case Management Action due after 6/23/2022 . (acr) (Entered: 05/19/2022) |
| 05/18/2022 | | Receipt of filing fee for Motion to Reopen Chapter 7/13 Case( 18-52601) [motion,mreop713] ( 235.00). Receipt number A31940198, amount $ 235.00 (re: Doc# 110 Ex Parte Motion to Reopen Chapter 13 Case *and Set Hearing on Motion for Relief from Stay*. Fee Amount $235) (U.S. Treasury) (Entered: 05/18/2022) |
| 05/18/2022 | **110** | Ex Parte Motion to Reopen Chapter 13 Case *and Set Hearing on Motion for Relief from Stay*. Fee Amount $235 Filed by Creditor Gang Chen (Fernandez, Reno) (Entered: 05/18/2022) |
| 04/11/2022 | **109** | Certificate of Service (RE: related document(s)104 Motion Miscellaneous Relief, 106 Motion Miscellaneous Relief). Filed by Debtor Michael Haroutun Miroyan. NOTE: Motion served on PDF not specified by party filer. (lea) (Entered: 04/11/2022) |
| 04/11/2022 | **108** | Declaration of Michael Miroyan in Support of Motion for Violations of BK Automatic Stay [18 USC § 362(k)](RE: related document(s)104 Motion Miscellaneous Relief, 106 Motion Miscellaneous Relief). Filed by Debtor Michael Haroutun Miroyan. NOTE: Incorrect case number. (lea) (Entered: 04/11/2022) |
| 04/11/2022 | **107** | Memorandum of Points and Authorities in Notice of Motion and Motion Against Attorney Karyn Doi and Gang Chen for Violations of Automatic Stay [18 USC § 362(k)]; (RE: related document(s)104 Motion Miscellaneous Relief; 106 Motion Miscellaneous Relief). Filed by Debtor Michael Haroutun Miroyan. NOTE: Incorrect case number. (lea). (Entered: 04/11/2022) |
| 04/11/2022 | **106** | Notice of Motion and Motion Against Attorney Karyn Doi and Gang Chen for Violations of Automatic Stay [18 USC § 362(k)]; Declaration of Michael Miroyan; Memorandum of Points & Authorities; [Proposed] Order; Certificate of Service. Filed by Debtor Michael Haroutun Miroyan. NOTE: Notice of Opportunity for Hearing to be filed separately. (lea) (Entered: 04/11/2022) |
| 04/11/2022 | **105** | Letter to the Judge regarding Motion for Violating The Automatic Stay with Exhibits. (RE: related document(s)104 Motion Miscellaneous Relief). Filed by Debtor Michael Haroutun Miroyan (lea) (Entered: 04/11/2022) |
| 04/11/2022 | **104** | Motion for Violating The Automatic Stay. Filed by Debtor Michael Haroutun Miroyan (lea) (Entered: 04/11/2022) |
| 10/12/2019 | **103** | BNC Certificate of Mailing (RE: related document(s) 102 Order Discharging Chapter 12/13 Trustee After Case Dismissal and Final Decree). Notice Date 10/12/2019 . (Admin.) (Entered: 10/12/2019) |
| 10/10/2019 | | Bankruptcy Case Closed. (pw) |
| 10/10/2019 | | Bankruptcy Case Closed. (pw) (Entered: 10/10/2019) |
| 10/06/2019 | **102** | Order Discharging Chapter 13 Trustee After Dismissal and Final Decree (admin) |
| 09/08/2019 | **101** | BNC Certificate of Mailing (RE: related document(s) [100] Trustee's Chapter 12/13 Final Report and Notice). Notice Date 09/08/2019 . (Admin.) |

96

| Date Filed | # | Docket Text |
|---|---|---|
| 09/05/2019 | **100** | Trustee's Final Report and Account and Notice . Objections to Trustee Final Account due by 10/5/2019 (Derham-Burk, Devin (harbor)) |
| 07/25/2019 | **98** | BNC Certificate of Mailing (RE: related document(s) [97] Order). Notice Date 07/25/2019 . (Admin.) |
| 07/23/2019 | **97** | Order Authorizing Refund Of Conversion Fee (RE: related document(s)[96] Document filed by Debtor Michael Haroutun Miroyan). (acr) |
| 07/19/2019 | **96** | Debtors Request for a Refund of the Filing Fee Paid Upon Filing the Motion to Convert. (RE: related document(s)[72] Motion to Convert Case to Chapter 11, Receipt Number and Filing Fee, Receipt Number and Filing Fee). Filed by Debtor Michael Haroutun Miroyan (tm) |
| 07/19/2019 | | Hearing Dropped (related document(s): [90] Motion for Relief From Stay filed by Gang Chen) No appearances by debtor or movant. Off calendar, the case was dismissed on 6/24/19. (rdr) |
| 06/27/2019 | **95** | BNC Certificate of Mailing (RE: related document(s) 93 Order on Motion to Dismiss Case). Notice Date 06/27/2019 . (Admin.) (Entered: 06/27/2019) |
| 06/27/2019 | **94** | BNC Certificate of Mailing - Notice of Dismissal. (RE: related document(s) 93 Order on Motion to Dismiss Case). Notice Date 06/27/2019 . (Admin.) (Entered: 06/27/2019) |
| 06/24/2019 | **93** | Order Of Dismissal (Related Doc # 58) Case Management Action due after 8/8/2019 . (acr) (Entered: 06/25/2019) |
| 06/19/2019 | **92** | Corrected Notice of Hearing *for Creditor Gang Patrick Chen's Motion for Relief from Automatic Stay* (RE: related document(s) 90 Motion for Relief from Stay Fee Amount $181, Filed by Creditor Gang Chen (Attachments: # 1 RS Cover Sheet # 2 Declaration of Gang "Patrick" Chen in Support # 3 Exhibit s in Support)). **Hearing scheduled for 7/19/2019 at 10:00 AM at San Jose Courtroom 3020 - Hammond.** Filed by Creditor Gang Chen (Attachments: # 1 Certificate of Service) (Fernandez, Reno) (Entered: 06/19/2019) |
| 06/14/2019 | | Hearing Dropped (related document(s): [90] Motion for Relief From Stay filed by Gang Chen) Matter to be renoticed. (acr) |
| 06/13/2019 | **91** | Notice of Hearing for Creditor Gang Patrick Chen's Motion for Relief from Automatic Stay (RE: related document(s)[90] Motion for Relief from Stay Fee Amount $181, Filed by Creditor Gang Chen (Attachments: # 1 RS Cover Sheet # 2 Declaration of Gang \"Patrick\" Chen in Support # 3 Exhibit s in Support)). Hearing scheduled for 7/19/2019 at 01:00 PM at San Jose Courtroom 3020 - Hammond. Filed by Creditor Gang Chen (Attachments: # (1) Certificate of Service) (Fernandez, Reno) DEFECTIVE ENTRY; MOVANT TO RENOTICE MATTER FOR AN APPROPRIATE CALENDAR DATE AND TIME. THE CORRECT TIME ON JULY 19TH IS 10:00 A.M. Modified on 6/14/2019 (acr). |
| 06/13/2019 | **90** | Motion for Relief from Stay Fee Amount $181, Filed by Creditor Gang Chen (Attachments: # (1) RS Cover Sheet # (2) Declaration of Gang "Patrick" Chen in Support # (3) Exhibit s in Support) (Fernandez, Reno) |

97

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2019 | **89** | Michael Miroyan's Police Report on the fraud re: the note. Filed by Debtor Michael Haroutun Miroyan (tp) |
| 05/25/2019 | **88** | BNC Certificate of Mailing (RE: related document(s) 87 Amended Order). Notice Date 05/25/2019 . (Admin.) (Entered: 05/25/2019) |
| 05/23/2019 | **87** | Amended Order Extending Time For Hearing On Motion To convert And Motion For Reconsideration (RE: related document(s) 85 Order). (acr) (Entered: 05/23/2019) |
| 05/12/2019 | **86** | BNC Certificate of Mailing (RE: related document(s) [85] Order). Notice Date 05/12/2019 . (Admin.) |
| 05/10/2019 | **85** | Order Extending Time For Hearing On Motion To Convert And Motion For Reconsideration (RE: related document(s)[83] Motion to Convert Case to Chapter 11 filed by Debtor Michael Haroutun Miroyan, Motion to Reconsider, Motion to Continue/Reschedule Hearing). (acr) |
| 05/08/2019 | **84** | Certificate of Service (RE: related document(s) 83 Motion to Convert Case to Chapter 11, Motion to Reconsider, Motion to Continue/Reschedule Hearing). Filed by Debtor Michael Haroutun Miroyan (tp) (Entered: 05/08/2019) |
| 05/08/2019 | **83** | Motion to Convert Case to Chapter 11 under 11 U.S.C. 706(a) or 1112(a), Fee Amount $932, Motion for Reconsideration of the lifting of the stay , Sue sponte Motion to Continue Hearing on 5/23/19 with declaration Filed by Debtor Michael Haroutun Miroyan (tp) (Entered: 05/08/2019) |
| 04/18/2019 | **82** | BNC Certificate of Mailing (RE: related document(s) 81 Order). Notice Date 04/18/2019 . (Admin.) (Entered: 04/18/2019) |
| 04/15/2019 | **81** | Order Requiring Debtor to File Supplemental Pleadings (RE: related document(s) 72 Motion to Convert Case to Chapter 11 filed by Debtor Michael Haroutun Miroyan, 77 Notice of Hearing filed by Debtor Michael Haroutun Miroyan). (acr) (Entered: 04/16/2019) |
| 04/05/2019 | **80** | BNC Certificate of Mailing (RE: related document(s) 79 Order). Notice Date 04/05/2019 . (Admin.) (Entered: 04/05/2019) |
| 04/02/2019 | **79** | Order Authorizing Hearing On Motion To Reconsider (RE: related document(s) 76 Motion to Reconsider filed by Debtor Michael Haroutun Miroyan). (rdr) (Entered: 04/03/2019) |
| 04/02/2019 | **78** | Certificate of Service (RE: related document(s) 77 Notice of Hearing). Filed by Debtor Michael Haroutun Miroyan (aw) (Entered: 04/02/2019) |
| 04/02/2019 | **77** | Notice of Hearing (RE: related document(s) 72 Motion to Convert Case to Chapter 11 , Fee Amount $932 Filed by Debtor Michael Haroutun Miroyan (lub), 76 Motion to Reconsider; Declaration of Michael Miroyan; Request for judicial notice of law and facts(Rule 201) (RE: related document(s) 70 Order on Motion for Relief From Stay) . Filed by Debtor Michael Haroutun Miroyan (tp)). **Hearing scheduled for 5/23/2019 at 09:30 AM at San Jose Courtroom 3020 - Hammond.** Filed by Debtor Michael Haroutun Miroyan (aw) (Entered: 04/02/2019) |

98

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2019 | **76** | Motion to Reconsider; Declaration of Michael Miroyan; Request for judicial notice of law and facts(Rule 201) (RE: related document(s) 70 Order on Motion for Relief From Stay) . Filed by Debtor Michael Haroutun Miroyan (tp) (Entered: 03/29/2019) |
| 03/22/2019 | **75** | Audio CD Request of Motion for Relief from Stay. Hearing Date and Time: 3/1/2019 10:20 Fee Amount $31 Filed by Debtor Michael Haroutun Miroyan (tm) (Entered: 03/22/2019) |
| 03/22/2019 | **74** | Audio CD Request of Motion to Dismiss. Hearing Date and Time: 3/21/2019 10:50 Fee Amount $31 Filed by Debtor Michael Haroutun Miroyan (tm) (Entered: 03/22/2019) |
| 03/21/2019 | | Hearing Held (related document(s): [58] Motion to Dismiss Case filed by Devin Derham-Burk) Appearances: Debtor appeared pro se, Wayne Silver appeared for Interested Parties Kenneth Y. Kai, Tae K. Kai and Nanette Dumas on behalf of the trustee. The motion is granted unless the debtor files a motion to convert and a notice for hearing by April 2, 2019 . (acr) |
| 03/21/2019 | **73** | ◀)) PDF with attached Audio File. Court Date & Time [ 3/21/2019 10:50:49 AM ]. File Size [ 1008 KB ]. Run Time [ 00:04:12 ]. (admin). (Entered: 03/21/2019) |
| 03/21/2019 | | Hearing Held (related document(s): 58 Motion to Dismiss Case filed by Devin Derham-Burk) Appearances: Debtor appeared pro se, Wayne Silver appeared for Interested Parties Kenneth Y. Kai, Tae K. Kai and Nanette Dumas on behalf of the trustee. The motion is granted unless the debtor files a motion to convert and a notice for hearing by April 2, 2019 . (acr) (Entered: 03/21/2019) |
| 03/20/2019 | | Receipt of Conversion to Chapter 11 Filing Fee. Amount 432.00 from Michael Haroutun Miroyan. Receipt Number 50101433. (admin) (Entered: 03/20/2019) |
| 03/20/2019 | | Receipt of Conversion to Chapter 11 Filing Fee. Amount 500.00 from Michael Haroutun Miroyan. Receipt Number 50101433. (admin) (Entered: 03/20/2019) |
| 03/20/2019 | **72** | Motion to Convert Case to Chapter 11 , Fee Amount $932 Filed by Debtor Michael Haroutun Miroyan (lub) (Entered: 03/20/2019) |
| 03/17/2019 | **71** | BNC Certificate of Mailing (RE: related document(s) 70 Order on Motion for Relief From Stay). Notice Date 03/17/2019 . (Admin.) (Entered: 03/17/2019) |
| 03/15/2019 | **70** | Order Granting Motion for Relief From Stay and Awarding In Rem Relief Under 11 U.S.C. §362(d)(4) (Related Doc # 24) (acr) (Entered: 03/15/2019) |
| 03/12/2019 | **69** | Objection *(Limited)* (RE: related document(s) 58 Motion to Dismiss Case). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 03/12/2019) |
| 03/10/2019 | **68** | Declaration of Wayne A. Silver in Support of *of [Proposed] Order for Relief from Stay and Awarding Relief Under 11 U.S.C. Sec. 362(d)(4)* (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 03/10/2019) |
| 03/08/2019 | **67** | Declaration of Michael Miroyan RE: Proposed Orders By Attorney Wayne Silver based on hearing 3/1/19. Filed by Debtor Michael Haroutun Miroyan (aw) (Entered: 03/08/2019) |

99

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2019 | 66 | Certificate of Service of Revised [Proposed] Order Granting Motion for Relief from Stay and Awarding In Rem Relief Under 11 U.S.C. Sec. 362(d)(4) (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 03/06/2019) |
| 03/05/2019 | 65 | Certificate of Service of [Proposed] Order for Relief from Stay and Awarding Relief Under 11 U.S.C. Sec. 362(d)(4) (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 03/05/2019) |
| 03/04/2019 | 64 | Debtor's Objection to Form of Proposed Order Dated 3/4/19 and Asks that the Order be Lodged for 7 Days Pursuant to the BK Local Rules 9021-1(c) Filed by Debtor Michael Haroutun Miroyan (klr) (Entered: 03/04/2019) |
| 03/01/2019 | | Hearing Held (related document(s): [24] Motion for Relief From Stay filed by Kenneth Y. Kai, Tae K. Kai) Appearances: Debtor appeared pro se and Wayne Silver on behalf of the movant, Kai Family 1998 Trust. For the reasons stated on the record, relief from stay to pursue the Hawaii civil court action is granted under 362(d)(1) and 362(d)(4). Counsel may upload an order. (rdr) |
| 03/01/2019 | 63 | ⦿))) PDF with attached Audio File. Court Date & Time [ 3/1/2019 10:29:19 AM ]. File Size [ 10208 KB ]. Run Time [ 00:42:32 ]. (admin). (Entered: 03/01/2019) |
| 03/01/2019 | | Hearing Held (related document(s): 24 Motion for Relief From Stay filed by Kenneth Y. Kai, Tae K. Kai) Appearances: Debtor appeared pro se and Wayne Silver on behalf of the movant, Kai Family 1998 Trust. For the reasons stated on the record, relief from stay to pursue the Hawaii civil court action is granted under 362(d)(1) and 362(d)(4). Counsel may upload an order. (rdr) (Entered: 03/01/2019) |
| 02/28/2019 | 62 | Request To Take Judicial Notice Filed by Debtor Michael Haroutun Miroyan (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 2 Part 2 # 4 Exhibit 2 Part 3 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5) (aw) (Entered: 02/28/2019) |
| 02/27/2019 | 61 | Motion to Continue Hearing for relief of stay hearing on 3/1/19 ; Motion that the stay be absolutely and unequivocally denied for 12 months; Motion that John Miller of Sotheby's real estate be approved; Motion that this Bankruptcy Court hear evidence Miroyan has re: fraud (RE: related document(s) 24 Motion for Relief From Stay filed by Interested Party Kenneth Y. Kai, Interested Party Tae K. Kai, Hearing Continued/Rescheduled) . Filed by Debtor Michael Haroutun Miroyan (tp) (Entered: 02/27/2019) |
| 02/22/2019 | 60 | Declaration of Michael Miroyan in support of (RE: related document(s) 24 Motion for Relief From Stay). Filed by Debtor Michael Haroutun Miroyan (Attachments: # 1 Exh 5-Exh 7 # 2 Exh 8-Exh 12) (lub) (Entered: 02/22/2019) |
| 02/21/2019 | 59 | Notice of Hearing (RE: related document(s) 58 Motion to Dismiss Case Pursuant to 11 U.S.C. section 109(e) Filed by Trustee Devin Derham-Burk (Attachments: # 1 Declaration of Devin Derham-Burk (with attached Exhibit A))). **Hearing scheduled for 3/21/2019 at 09:30 AM at San Jose Courtroom 3020 – Hammond.** Filed by Trustee Devin Derham-Burk (Attachments: # 1 Certificate of Service) (Dumas, Nanette) (Entered: 02/21/2019) |

100

| Date Filed | # | Docket Text |
|---|---|---|
| 02/21/2019 | **58** | Motion to Dismiss Case *Pursuant to 11 U.S.C. section 109(e)* Filed by Trustee Devin Derham-Burk (Attachments: # 1 Declaration of Devin Derham-Burk (with attached Exhibit A)) (Dumas, Nanette) (Entered: 02/21/2019) |
| 02/12/2019 | **57** | Notice of Continuance of Meeting of Creditors *Statement Adjourning 341(a) Meeting of Creditors with Certificate of Service*. (Derham-Burk, Devin (harbor)) (Entered: 02/12/2019) |
| 02/12/2019 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued *on 2/11/2019; Debtor present; Case on the TPL*. 341(a) meeting to be held on 3/25/2019 at 11:30 AM San Jose Room 130 (Derham-Burk, Devin (tg)) (Entered: 02/12/2019) |
| 02/08/2019 | **56** | Audio CD Request of Relief from stay. Hearing Date and Time: 1/31/2019 09:30 Fee Amount $31 ( Filing fee of $31.00 paid - R50101344 ) Filed by Debtor Michael Haroutun Miroyan (tp) (Entered: 02/08/2019) |
| 02/08/2019 | **55** | Supplemental Memorandum of Points and Authorities in Support of (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 02/08/2019) |
| 02/05/2019 | **54** | First Amended Objection to Confirmation of Chapter 13 Plan *with Certificate of Service*. (Derham-Burk, Devin (harbor)) (Entered: 02/05/2019) |
| 02/02/2019 | **53** | Notice of Appearance and Request for Notice by Sean Ferry. Filed by Creditor HSBC Bank USA, National Association, as Indenture Trustee for People's Choice Home Loan Securities Trust Series 2005-3 (Ferry, Sean). DEFECTIVE ENTRY: Incorrect event code selected. Modified on 2/4/2019 (klr). (Entered: 02/02/2019) |
| 01/31/2019 | **52** | ◉)) PDF with attached Audio File. Court Date & Time [ 1/31/2019 10:21:27 AM ]. File Size [ 11072 KB ]. Run Time [ 00:46:08 ]. (admin). (Entered: 01/31/2019) |
| 01/31/2019 | | Hearing Continued (related document(s): 24 Motion for Relief From Stay filed by Kenneth Y. Kai, Tae K. Kai) **Hearing scheduled for 03/01/2019 at 10:00 AM at San Jose Courtroom 3020 - Hammond.** Appearances: Debtor appeared pro se and Wayne Silver on behalf of creditor Kenneth and Tae Kai. The motion for relief from stay is continued to 3/1/19 at 10:00 a.m. to allow the parties to file additional pleadings as stated on the record. Creditor to file a supplemental brief regarding the request that relief from stay be granted so that all of the issues be determined in connection with the Hawaii civil action by 2/8/19 and Debtor may respond by 2/22/19 or an oral opposition on the day of the hearing. (acr) (Entered: 01/31/2019) |
| 01/31/2019 | **51** | Document: Action by written Consent . Filed by Debtor Michael Haroutun Miroyan (tp) (Entered: 01/31/2019) |

101

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2019 | 50 | Objection To All Papers Filed by Opposing Counsel; Motion Requesting For Time to Get Representation Filed by Debtor Michael Haroutun Miroyan. Related document(s) 24 Motion for Relief from Stay Fee Amount $181, filed by Interested Party Kenneth Y. Kai, Interested Party Tae K. Kai, 25 Relief From Stay Cover Sheet filed by Interested Party Kenneth Y. Kai, Interested Party Tae K. Kai, 40 Declaration filed by Interested Party Kenneth Y. Kai, Interested Party Tae K. Kai, 41 Request To Take Judicial Notice filed by Interested Party Kenneth Y. Kai, Interested Party Tae K. Kai, 42 Certificate of Service filed by Interested Party Kenneth Y. Kai, Interested Party Tae K. Kai, 44 Declaration filed by Interested Party Kenneth Y. Kai, Interested Party Tae K. Kai. Modified on 1/30/2019 (rdr). (Entered: 01/30/2019) |
| 01/29/2019 | 49 | Certificate of Service (RE: related document(s) 47 Motion Miscellaneous Relief, 48 Request To Take Judicial Notice). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/29/2019) |
| 01/29/2019 | 48 | Supplemental Request To Take Judicial Notice (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/29/2019) |
| 01/29/2019 | 47 | Motion *In Limine to Exclude Evidence of Counterclaims* Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/29/2019) |
| 01/25/2019 | | Hearing Held. Case has been placed on the trustee's pending list. . (acr) (Entered: 01/25/2019) |
| 01/19/2019 | 46 | BNC Certificate of Mailing (RE: related document(s) 43 Trustee's Statement of Non-Readiness for Confirmation). Notice Date 01/19/2019 . (Admin.) (Entered: 01/19/2019) |
| 01/19/2019 | 45 | BNC Certificate of Mailing (RE: related document(s) 43 Trustee's Statement of Non-Readiness for Confirmation). Notice Date 01/19/2019 . (Admin.) (Entered: 01/19/2019) |
| 01/17/2019 | 44 | Declaration of Andrew M. Kennedy *(Errata Sheet)* (RE: related document(s) 24 Motion for Relief From Stay, 40 Declaration). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Attachments: # 1 Certificate of Service) (Silver, Wayne) (Entered: 01/17/2019) |
| 01/17/2019 | 43 | Trustee's Statement of Non-Readiness for Confirmation: The trustee has determined this case is to be placed on the trustee's pending list and it will not be confirmed at the original confirmation hearing . (Derham-Burk, Devin (harbor)) (Entered: 01/17/2019) |
| 01/17/2019 | 42 | Certificate of Service (RE: related document(s) 40 Declaration, 41 Request To Take Judicial Notice). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/17/2019) |
| 01/16/2019 | 41 | Request To Take Judicial Notice (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/16/2019) |
| 01/16/2019 | 40 | Declaration of Andrew M. Kennedy (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/16/2019) |
| 01/14/2019 | 39 | Order Granting the Motion To Withdraw As Counsel by Debtor's Counsel Eddy Hsu, Esq. (Related Doc # 32) (acr) (Entered: 01/15/2019) |

102

| Date Filed | # | Docket Text |
|---|---|---|
| 01/11/2019 | | Hearing Rescheduled by the court (RE: related document(s) 24 Motion for Relief from Stay Fee Amount $181, Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Attachments: # 1 Declaration # 2 Exhibit Exhibits 1 - 6 # 3 Exhibit Exhibit 7 # 4 Exhibit Exhibits 8 - 11)). **Hearing scheduled for 1/31/2019 at 09:30 AM San Jose Courtroom 3020 - Hammond for 24, .** (acr) (Entered: 01/11/2019) |
| 01/10/2019 | | Hearing Held (related document(s): 32 Motion to Withdraw as Attorney filed by Michael Haroutun Miroyan) Appearances: Eddy Hsu on behalf of his application, debtor appeared pro se and Wayne Silver appeared for creditors Kenneth Y. Kai and Tae K. Kai . The motion is granted. Counsel may upload an order. The hearing on the motion for relief from stay has been moved by the court to 1/31/19 at 9:30 a.m. (acr) (Entered: 01/11/2019) |
| 01/10/2019 | 38 | ◀)) PDF with attached Audio File. Court Date & Time [ 1/10/2019 10:14:09 AM ]. File Size [ 2740 KB ]. Run Time [ 00:11:25 ]. (admin). (Entered: 01/10/2019) |
| 01/09/2019 | 37 | Notice of Continuance of Meeting of Creditors *Statement Adjourning 341(a) Meeting of Creditors with Certificate of Service*. (Derham-Burk, Devin (harbor)) (Entered: 01/09/2019) |
| 01/09/2019 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued *on 1/7/2019; Attorney of record present; Confirmation Hearing set for 1/25/2019* . 341(a) meeting to be held on 2/11/2019 at 09:30 AM San Jose Room 130 (Derham-Burk, Devin (tg)) (Entered: 01/09/2019) |
| 01/09/2019 | 36 | Certificate of Service (RE: related document(s) 35 Notice of Hearing). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/09/2019) |
| 01/09/2019 | 35 | Amended Notice of Hearing (RE: related document(s) 24 Motion for Relief from Stay Fee Amount $181, Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Attachments: # 1 Declaration # 2 Exhibit Exhibits 1 - 6 # 3 Exhibit Exhibit 7 # 4 Exhibit Exhibits 8 - 11)). **Hearing scheduled for 1/17/2019 at 01:00 PM at San Jose Courtroom 3020 - Hammond.** Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 01/09/2019) |
| 01/08/2019 | | Hearing Dropped (RE: related document(s) 24 Motion for Relief from Stay Fee Amount $181, Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Attachments: # 1 Declaration # 2 Exhibit Exhibits 1 - 6 # 3 Exhibit Exhibit 7 # 4 Exhibit Exhibits 8 - 11)). (rdr) (Entered: 01/08/2019) |
| 01/08/2019 | | Hearing Set On (RE: related document(s) 32 Motion to Withdraw as Attorney *by Debtor's Counsel Eddy Hsu, Esq.; Declaration in Support* Filed by Debtor Michael Haroutun Miroyan). **Hearing scheduled for 1/10/2019 at 09:30 AM at San Jose Courtroom 3020 - Hammond.** (acr) (Entered: 01/08/2019) |
| 01/08/2019 | 34 | Order Granting Ex Parte Motion to Shorten Time (Related Doc # 33) (acr) (Entered: 01/08/2019) |
| 01/07/2019 | 33 | Ex Parte Motion to Shorten Time (RE: related document(s) 32 Motion to Withdraw as Attorney filed by Debtor Michael Haroutun Miroyan). Filed by Debtor Michael Haroutun Miroyan (Attachments: # 1 Declaration Pursuant Rule 9006-1(c)(4)) (Hsu, Eddy) (Entered: 01/07/2019) |

103

| Date Filed | # | Docket Text |
|---|---|---|
| 01/07/2019 | 32 | Motion to Withdraw as Attorney *by Debtor's Counsel Eddy Hsu, Esq.; Declaration in Support* Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 01/07/2019) |
| 01/05/2019 | 31 | Declaration *Regarding Tax Returns* Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 01/05/2019) |
| 01/05/2019 | 30 | Declaration *Regarding Payment Advices* Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 01/05/2019) |
| 01/03/2019 | 29 | Objection to Confirmation of Chapter 13 Plan *with Certificate of Service.* (Derham-Burk, Devin (harbor)) (Entered: 01/03/2019) |
| 12/31/2018 | 28 | Objection to Confirmation of Plan Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 12/31/2018) |
| 12/29/2018 | 27 | Certificate of Service (RE: related document(s) 24 Motion for Relief From Stay, 25 Relief From Stay Cover Sheet, 26 Notice of Hearing). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 12/29/2018) |
| 12/29/2018 | 26 | Notice of Hearing (RE: related document(s) 24 Motion for Relief from Stay Fee Amount $181, Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Attachments: # 1 Declaration # 2 Exhibit Exhibits 1 - 6 # 3 Exhibit Exhibit 7 # 4 Exhibit Exhibits 8 - 11)). **Hearing scheduled for 1/17/2019 at 10:00 AM at San Jose Courtroom 3020 - Hammond.** Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) DEFECTIVE ENTRY: Hearing Stricken. Movant to re-notice matter for correct hearing time. Modified on 1/8/2019 (rdr). (Entered: 12/29/2018) |
| 12/29/2018 | 25 | Relief From Stay Cover Sheet (RE: related document(s) 24 Motion for Relief From Stay). Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Silver, Wayne) (Entered: 12/29/2018) |
| 12/29/2018 | | Receipt of filing fee for Motion for Relief From Stay(18-52601) [motion,mrlfsty] ( 181.00). Receipt number 29215692, amount $ 181.00 (re: Doc# 24 Motion for Relief from Stay Fee Amount $181,) (U.S. Treasury) (Entered: 12/29/2018) |
| 12/29/2018 | 24 | Motion for Relief from Stay Fee Amount $181, Filed by Interested Partys Kenneth Y. Kai, Tae K. Kai (Attachments: # 1 Declaration # 2 Exhibit Exhibits 1 - 6 # 3 Exhibit Exhibit 7 # 4 Exhibit Exhibits 8 - 11) (Silver, Wayne) (Entered: 12/29/2018) |
| 12/26/2018 | 23 | Notice of Appearance and Request for Notice by Wayne A. Silver. Filed by Interested Partys Tae K. Kai, Kenneth Y. Kai (Silver, Wayne) (Entered: 12/26/2018) |
| 12/19/2018 | 22 | Objection to Confirmation of Plan Filed by Creditor HSBC Bank USA, National Association, as Indenture Trustee for People's Choice Home Loan Securities Trust Series 2005-3 (Ferry, Sean) (Entered: 12/19/2018) |
| 12/12/2018 | 21 | BNC Certificate of Mailing - Chapter 13 Plan. (RE: related document(s) 12 Meeting of Creditors Chapter 13). Notice Date 12/12/2018 . (Admin.) (Entered: 12/12/2018) |

104

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2018 | 20 | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s) 12 Meeting of Creditors Chapter 13). Notice Date 12/12/2018 . (Admin.) (Entered: 12/12/2018) |
| 12/10/2018 | 19 | Notice and Opportunity for Hearing /to Object (RE: related document(s) 16 Chapter 13 Plan Filed by Debtor Michael Haroutun Miroyan (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Michael Haroutun Miroyan).). Filed by Debtor Michael Haroutun Miroyan (Attachments: # 1 Certificate of Service) (Hsu, Eddy) (Entered: 12/10/2018) |
| 12/10/2018 | | Receipt of filing fee for Amended Creditor Matrix (Fee)(18-52601) [misc,amdcm] ( 31.00). Receipt number 29167564, amount $ 31.00 (re: Doc# 18 Amended Creditor Matrix (Fee)) (U.S. Treasury) (Entered: 12/10/2018) |
| 12/10/2018 | 18 | Amendment to List of Creditors . Fee Amount $31 Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 12/10/2018) |
| 12/10/2018 | 17 | Application for Compensation for Eddy Hsu, Debtor's Attorney, Fee: $5,850.00, Expenses: $. Filed by Attorney Eddy Hsu (Hsu, Eddy) (Entered: 12/10/2018) |
| 12/10/2018 | 16 | Chapter 13 Plan Filed by Debtor Michael Haroutun Miroyan (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Michael Haroutun Miroyan). (Hsu, Eddy) (Entered: 12/10/2018) |
| 12/10/2018 | 15 | Chapter 13 Calculation of Disposable Income Form, Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years. Disposable Income Is Determined Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 12/10/2018) |
| 12/10/2018 | 14 | Disclosure of Compensation of Attorney for Debtor Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 12/10/2018) |
| 12/10/2018 | 13 | Statistical Summary of Certain Liabilities., Schedules A - J , Declaration About Individual Debtor's Schedule , Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys , Statement of Financial Affairs for Individual Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 12/10/2018) |
| 12/10/2018 | 12 | Meeting of Creditors with Certificate of Service. 341(a) meeting to be held on 1/7/2019 at 10:30 AM San Jose Room 130 Objection to Dischargeability due by 3/8/2019 Proofs of Claims due by 2/4/2019 Last day to object to confirmation is 1/7/2019 **Confirmation Hearing scheduled for 1/25/2019 at 09:55 AM at San Jose Courtroom 3020 - Hammond.** (Derham-Burk, Devin (cf)) (Entered: 12/10/2018) |
| 12/05/2018 | | Receipt of filing fee for Pay Installment Payment(18-52601) [misc,feesdue] ( 300.00). Receipt number 29154894, amount $ 300.00 (re: Doc# Pay Installment Payment) (U.S. Treasury) (Entered: 12/05/2018) |
| 12/05/2018 | | Paid Installment Payment. Fee Amount $300 (RE: related document(s) 5 Order on Application to Pay Filing Fees in Installments). Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 12/05/2018) |

105

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2018 | 11 | BNC Certificate of Mailing (RE: related document(s) 7 Order Re Ch 13 Plan and Adequate Protection Payments). Notice Date 11/30/2018 . (Admin.) (Entered: 11/30/2018) |
| 11/29/2018 | 10 | BNC Certificate of Mailing - Order for Payment of Filing Fees in Installments . (RE: related document(s) 5 Order on Application to Pay Filing Fees in Installments). Notice Date 11/29/2018 . (Admin.) (Entered: 11/29/2018) |
| 11/29/2018 | 9 | BNC Certificate of Mailing (RE: related document(s) 4 Order to File Missing Documents). Notice Date 11/29/2018 . (Admin.) (Entered: 11/29/2018) |
| 11/27/2018 | 8 | Certificate of Credit Counseling Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) DEFECTIVE ENTRY: PDF is incorrect. Modified on 11/28/2018 (rdr). (Entered: 11/27/2018) |
| 11/27/2018 | 7 | Order Re: Chapter 13 Plan Payments and Adequate Protection Payments (admin) (Entered: 11/27/2018) |
| 11/27/2018 | 6 | Request for Notice Filed by Creditor Synchrony Bank. (Smith, Valerie) (Entered: 11/27/2018) |
| 11/27/2018 | 5 | Order Granting Application To Pay Filing Fees In Installments. (Related Doc # 2). Second Installment Payment due by 12/27/2018 . Third Installment Payment due by 1/28/2019 . Final Installment Payment due by 2/25/2019 . (ka) (Entered: 11/27/2018) |
| 11/27/2018 | 4 | Order to File Required Documents and Notice of Automatic Dismissal. (ka) (Entered: 11/27/2018) |
| 11/26/2018 | | Receipt of filing fee for Voluntary Petition (Chapter 13)(18-52601) [misc,volp13] ( 10.00). Receipt number 29124930, amount $ 10.00 (re: Doc# 1 Voluntary Petition (Chapter 13)) (U.S. Treasury) (Entered: 11/26/2018) |
| 11/26/2018 | 3 | Statement of Social Security Number. Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 11/26/2018) |
| 11/26/2018 | 2 | Application to Pay Filing Fee in Installments Filed by Debtor Michael Haroutun Miroyan (Hsu, Eddy) (Entered: 11/26/2018) |
| 11/26/2018 | 1 | Chapter 13 Voluntary Petition Individual, Fee Amount $10. Filed by Michael Haroutun Miroyan. Incomplete Filings due by 12/10/2018 . Order Meeting of Creditors due by 12/26/2018 . Chapter 13 Plan due by 12/10/2018 . (Hsu, Eddy) (Entered: 11/26/2018) |

106

EXHIBIT J

| Debtor 1 | **Michael Haroutun Miroyan** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF CALIFORNIA

Case number **18-52601**
(if known)

☐ Check if this is an amended filing

# Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:     Summarize Your Assets

|  | | Your assets<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B.......................................................................... | $     7,969,789.00 |
|  | 1b. Copy line 62, Total personal property, from Schedule A/B.............................................................. | $     12,445.89 |
|  | 1c. Copy line 63, Total of all property on Schedule A/B........................................................................ | $     7,982,234.89 |

### Part 2:     Summarize Your Liabilities

|  | | Your liabilities<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D*... | $     1,190,000.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $     0.00 |
|  | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $     1,144.00 |
|  | **Your total liabilities** | $     1,191,144.00 |

### Part 3:     Summarize Your Income and Expenses

|  | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*............................................................................ | $     2,748.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*........................................................................ | $     1,910.00 |

### Part 4:     Answer These Questions for Administrative and Statistical Records

6. Are you filing for bankruptcy under Chapters 7, 11, or 13?

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. What kind of debt do you have?

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information          page 1 of 2

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ **2,000.00**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim | |
|---|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ | 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ | 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ | 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ | 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ | 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ | 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ | 0.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Debtor 1 | **Michael Haroutun Miroyan** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF CALIFORNIA

Case number   18-52601

☐ Check if this is an amended filing

# Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

| 62-2280 Kanehoa Street | | | |
|---|---|---|---|
| Street address, if available, or other description | | | |

| Kamuela | HI | 96743-0000 |
|---|---|---|
| City | State | ZIP Code |

**Hawaii**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$969,789.00** | **$969,789.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Case: 18-50389   Doc# 39-4   Filed: 08/16/22   Entered: 08/16/22 14:51:13   Page 119 of 154

109

| | | |
|---|---|---|
| 1.2 | **If you own or have more than one, list here:** | |

**Empty Lot in Hawaii**
**Lot: 3-6-8-002-021**

Street address, if available, or other description

|        |       | |
|--------|-------|-|
|        | **HI** | |
| City   | State | ZIP Code |

County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☑ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Lien in place with prior owner as obligee**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$800,000.00** | **$800,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

---

| | | |
|---|---|---|
| 1.3 | **If you own or have more than one, list here:** | |

**Empty Land in HI**
**Lot: 3-6-8-002-052**

Street address, if available, or other description

|        |       | |
|--------|-------|-|
|        | **HI** | |
| City   | State | ZIP Code |

County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☑ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**foreclosed in 2018**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,700,000.00** | **$1,700,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ **Check if this is community property** (see instructions)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**If you own or have more than one, list here:**

1.4

| **Empty Land in HI** | | | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|
| **Lot: 3-6-8-002-053** | | | ☐ Single-family home | |
| Street address, if available, or other description | | | ☐ Duplex or multi-unit building | |
| | | | ☐ Condominium or cooperative | |
| | | | ☐ Manufactured or mobile home | |

| | | | | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|---|---|---|
| | HI | | ■ Land | **$4,500,000.00** | **$4,500,000.00** |
| City | State | ZIP Code | ■ Investment property | | |

☐ Timeshare

☐ Other _____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

County

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

---

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................=>

$7,969,789.00

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No

☐ Yes

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

5 Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................=>

$0.00

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

| Misc household goods for 1 person | $1,800.00 |
|---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                Best Case Bankruptcy

■ Yes. Describe.....

| Misc household electronics for 1 person | $800.00 |
| --- | --- |

### 8. Collectibles of value
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No
☐ Yes. Describe.....

### 9. Equipment for sports and hobbies
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

### 10. Firearms
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

### 11. Clothes
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| Misc clothing for 1 person | $600.00 |
| --- | --- |

### 12. Jewelry
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
■ No
☐ Yes. Describe.....

### 13. Non-farm animals
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

### 14. Any other personal and household items you did not already list, including any health aids you did not list
☐ No
■ Yes. Give specific information.....

| Storage Unit in Hawaii - contains papers, misc hand tools, file cabinet, table, old office furniture | $700.00 |
| --- | --- |

### 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here .............................................................................

$3,900.00

---

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 16. Cash
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
■ Yes..................................................................................................................

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

|  |  | **Cash** | | $2,500.00 |

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes.........................                                    Institution name:

| | 17.1. **Checking** | **Wells Fargo bank ending in 1259** | $43.89 |

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................                Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No

■ Yes.  Give specific information about them...................
                          Name of entity:                                        % of ownership:

|  | **Owner of Hawaiian Riverbend LLC - real estate development.  Business has a printer, phone and claims to land but owes significant debt.** | **100** | % | **Unknown** |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them
                          Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No

☐ Yes. List each account separately.
                          Type of account:                        Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No

☐ Yes. .....................                                   Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes.............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No

☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ☐ No

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

113

■ Yes. Give specific information about them...

| Patent for bookmark - not in use | | $1.00 |
|---|---|---|

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
    ☐ No
    ■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| Franchise Tax Board expected refund for 2016 | State | $6,000.00 |
|---|---|---|

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ☐ No
    ■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Death Benefit Insuranc Policy paid for by Debtor's mother with Debtor's children as beneficiaries.  Policy payout at $750,000 upon death of Debtor's mother | Debtor's children | Unknown |

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ☐ No
    ■ Yes. Describe each claim.........

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

> Debtor has multiple claims which are not filed: Kai Family
> Trust, Michael Schluetler, Paul Sulla Jr, Steven Whittaker,
> David Lucas, Hilo Planning Department, Alan Rudo, Michael
> Yee, Jonathan Holmes, Michael Caroll, Matthew Shannon,
> Andrew Kennedy, Waikoloa Mauka LLC, Waikoloa Highlands,
> LLC, Mark Satlzman, Vijay Lamba, Tae Kai, Kenneth Kai,
> Vellimeer Salic, County of Santa Clara, Ropers & Majeski,
> Greg Gentile, Harry Bobicka, Tora Montalbano, Katy
> Montalbano, T, Bumb, Greg Blackwater, Arch 40, Vitoil, Inc,
> Vitaly Grigoriants, Does 1 - 20                                                    **$1.00**

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    - ■ No
    - ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
    - ■ No
    - ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here.......................................................................................................................**   **$8,545.89**

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    - ■ No. Go to Part 6.
    - ☐ Yes.  Go to line 38.

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    - ■ No. Go to Part 7.
    - ☐ Yes.  Go to line 47.

**Part 7:**        Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    - ■ No
    - ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here  .....................................**   **$0.00**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Part 8: | List the Totals of Each Part of this Form | | | |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 55. | Part 1: Total real estate, line 2 ....................................................................................................................... | | | **$7,969,789.00** |
| 56. | Part 2: Total vehicles, line 5 | | $0.00 | |
| 57. | Part 3: Total personal and household items, line 15 | | $3,900.00 | |
| 58. | Part 4: Total financial assets, line 36 | | $8,545.89 | |
| 59. | Part 5: Total business-related property, line 45 | | $0.00 | |
| 60. | Part 6: Total farm- and fishing-related property, line 52 | | $0.00 | |
| 61. | Part 7: Total other property not listed, line 54 | + | $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | | **$12,445.89** | Copy personal property total | **$12,445.89** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | | **$7,982,234.89** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Michael Haroutun Miroyan** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (If known) | **18-52601** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   |  | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|---|
   | If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
   | | **Occupation** | **Real Estate Developer** | |
   | Include part-time, seasonal, or self-employed work. | **Employer's name** | **Hawaiian Riverband LLC** | |
   | Occupation may include student or homemaker, if it applies. | **Employer's address** | **PO Box 3181**<br>**Saratoga, CA 95070-1181** | |
   | | **How long employed there?** | **19 years** | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $     0.00 | $    N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$     0.00 | +$    N/A |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $     0.00 | $    N/A |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ N/A |
| 5. | List all payroll deductions: | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ N/A |
| 8. | List all other income regularly received: | | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. | Social Security | 8e. | $ 748.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: **Gift/Support from Friends** | 8h.+ | $ 2,000.00 + | $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 2,748.00 | $ N/A |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 2,748.00 + $ | N/A = $ 2,748.00 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____                                     11.   +$   0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies                                                                                                              12.   $   2,748.00

Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**
  ■  No.
  ☐  Yes. Explain: [                                                                  ]

Fill in this information to identify your case:

Debtor 1      **Michael Haroutun Miroyan**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF CALIFORNIA

Case number   **18-52601**
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter
13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses                                                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

**1.  Is this a joint case?**

�■ No. Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No

    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

**2.  Do you have dependents?**   ■ No

| Do not list Debtor 1 and Debtor 2. | ☐ Yes. | Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|---|
| Do not state the dependents names. | | | | | ☐ No / ☐ Yes |
| | | | | | ☐ No / ☐ Yes |
| | | | | | ☐ No / ☐ Yes |
| | | | | | ☐ No / ☐ Yes |

**3.  Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|   |   |   | **Your expenses** |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 725.00 |
|    | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 0.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 0.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 65.00 |
| | 6d.   Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 400.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 50.00 |
| 10. | **Personal care products and services** | 10. | $ | 50.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare.<br>Do not include car payments. | 12. | $ | 300.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.**<br>Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 0.00 |
| | 15b.   Health insurance | 15b. | $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 30.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.<br>Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify:   **Storage Unit** | 17c. | $ | 290.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.**<br>Specify: | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 0.00 |
| | 20b.   Real estate taxes | 20b. | $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | 21. | +$ | 0.00 |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 1,910.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 1,910.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 2,748.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 1,910.00 |
| | 23c. Subtract your monthly expenses from your monthly income.<br>The result is your *monthly net income.* | 23c. | $ | 838.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

   ■ No.

   ☐ Yes.    Explain here:

EXHIBIT K

FILED

2019 MAR -8  PM 4: 03

MERRIL-LYNN MCPHERSON
CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

LEU OKUDA & DOI
Attorneys at Law

KARYN A. DOI          7687
DANIEL K. KIKAWA    10506
The Merchant House
222 Merchant Street, Main Floor
Honolulu, Hawaii 96813
Telephone: (808) 538-1921
Facsimile: (808) 523-9585

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| GANG CHEN,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN RIVERBEND, LLC, A<br>HAWAII LIMITED LIABILITY<br>COMPANY; JOHN and MARY DOES 1-<br>20; DOE PARTNERSHIPS,<br>CORPORATIONS or OTHER ENTITIES<br>1-20,<br><br>Defendants. | Civil no. 16-1-043K<br>(Foreclosure)<br><br>FINDINGS OF FACT; CONCLUSIONS OF<br>LAW; ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT,<br>AND INTERLOCUTORY DECREE OF<br>FORECLOSURE AGAINST ALL PARTIES<br>FILED DECEMBER 20, 2018;<br><br>EXHIBIT "A"<br><br><br>Hearing:<br>Date: February 14, 2019<br>Time: 8:00 a.m.<br>Judge: Robert S. Kim<br>(No trial date set.) |

FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND INTERLOCUTORY DECREE
OF FORECLOSURE AGAINST ALL PARTIES FILED DECEMBER 20, 2018

Plaintiff's <u>Motion for Summary Judgment, and Interlocutory Decree of Foreclosure</u> <u>Against All Parties</u> (hereinafter "Motion") filed December 20, 2018, was heard on February 14, 2019, before the Honorable Robert S. Kim, Judge presiding.

Plaintiff GANG CHEN ("Plaintiff") was represented by Daniel K. Kikawa, Esq. via telephone. No other parties appeared.

The Court having considered the pleadings filed herein as well as the records and files of this case, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. For value received, Defendant HAWAIIAN RIVERBEND, LLC ("Defendant HAWAIIAN RIVERBEND") made, executed and delivered to GANG CHEN that certain <u>Promissory Note</u> (hereinafter "Note") dated October 10, 2013, for the principal sum of $175,000.00.

2. Repayment of the principal amount, together with interest, other charges, and advances as well as all other indebtedness then or thereafter to be or become owing under the <u>Note</u> was secured by that certain <u>Mortgage</u> dated October 8, 2013 (hereinafter "Mortgage") executed by Defendant HAWAIIAN RIVERBEND, as Mortgagor in favor of Gang Chen, a married man, as Mortgagee. The <u>Mortgage</u> was recorded in the Bureau of Conveyances of the State of Hawaii as Document No. A-50360170.

3. Plaintiff's <u>Mortgage</u> encumbers the fee simple interest in real property, including all improvements and fixtures, situated at TMK: (3) 6-8-002-021 (hereinafter "the Property") and more particularly described in Exhibit "A".

4. Plaintiff had standing to commence this action, and is the holder of the <u>Note</u>.

2

Case: 18-52601    Doc# 90-3    Filed: 06/13/19    Entered: 06/13/19 16:41:11    Page 21
Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 133    122
of 154

5. Defendant HAWAIIAN RIVERBEND was provided with notice and are in default with respect to the payment and performance of the promises and undertakings set forth in the Note and Mortgage and have failed to cure the same.

6. Pursuant to the terms of the Note and Mortgage, the entire remaining principal and interest thereon are due and payable together with expenses, charges, advances, and attorneys' fees incurred or made pursuant to the terms and conditions of said mortgage. There was due, owing and unpaid to Plaintiff the following amounts as of December 15, 2018:

| Principal Balance | $175,000.00 |
| Interest good through 12/15/2018 | $126,583.00 |
| **Total Amount Due** | **$301,583.00** |

Plus monthly interest until closing of the foreclosure sale herein.

7. The Mortgage provides that in the event of foreclosure, Plaintiff may be awarded all sums secured by the Mortgage, including reasonable attorneys' fees and all costs and other expenses provided for in the Note, including any advances made necessary or advisable or sustained by Plaintiff because of default or incurred for the benefit or protection of the Property or in connection therewith, until the closing of the sale herein authorized, all of which is a lien against the Property described in Exhibit "A".

8. By reason of the facts set forth above and alleged, Plaintiff had standing to commence this action, and is entitled to the foreclosure of its Mortgage and to sale of the Property as requested.

9. The Mortgage provides that the Mortgagee may be the purchaser at any foreclosure sale.

10. This court has jurisdiction over the parties and the subject matter of this lawsuit and reserves jurisdiction to determine the existence and amount of additional liens, the priorities

3

thereof and the party or parties to whom any surplus from the sale of the property may be awarded.

## **CONCLUSIONS OF LAW**

Pursuant to the foregoing findings of fact, the Court concludes:

1.      This court has jurisdiction over this action pursuant to Chapter 667 of the Hawaii Revised Statutes.

2.      Plaintiff had standing to commence this action in accordance with the evidentiary requirements set forth in Bank of America, N.A. v. Reyes-Toledo, 139 Haw. 361 (2017), 390 P.3d 1248 (Haw. 2017), and U.S. Bank N.A. vs. Mattos, 140 Haw. 26 (2017), 398 P.3d 615 (Haw. 2017).

3.      All of the material elements set forth in Bank of Honolulu, N.A. v. Anderson, 3 Haw.App. 545, 551 (1982); 654 P.2d 1370, 1375 (Haw. App. 1982), have been met by the Plaintiff.

4.      There are no genuine issues of material fact, and therefore, the Plaintiff is entitled to Judgment as a matter of law pursuant to Rule 56 of the Hawaii Rules of Civil Procedure, and an interlocutory decree of foreclosure.

5.      Said Judgment and interlocutory decree of foreclosure is a final judgment in favor of Plaintiff and against all Defendants, and there is no just reason for delay pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure.

6.      Plaintiff is entitled to have its Mortgage foreclosed upon the Property as described in Exhibit "A", and to have the Property sold in a manner provided by law.

## **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

4

1. Plaintiff's Motion for Summary Judgment, and Interlocutory Decree of Foreclosure Against All Parties ("Motion") filed December 20, 2018, is hereby granted as follows:

A. The Court directs that Interlocutory Decree of Foreclosure and summary judgment requested by Plaintiff be entered as a final judgment as to Plaintiff's Complaint, and the Court expressly determines that there is no just reason for delay in entry of the Interlocutory Decree of Foreclosure and summary judgment as a final judgment.

B. Defendant HAWAIIAN RIVERBEND is in default under the Note and/or Mortgage currently held by Plaintiff. Pursuant to the Mortgage and Note there is due, owing and unpaid to Plaintiff from Defendant HAWAIIAN RIVERBEND, the sum of $301,583.00 being principal, interest, expenses or advances made necessary or advisable or sustained by Plaintiff because of default or incurred for the benefit or protection of the Property or in connection therewith under the provisions of the Note and Mortgage incurred up to and through December 15, 2018, plus accruing interest, late fees and any further advances made by Plaintiff, and such other amounts as the Court shall determine at a subsequent hearing. All sums due and to become due to Plaintiff as aforesaid are valid liens upon the Property and are to be paid at the date of closing of the sale hereinafter authorized.

C. The Mortgage currently held by Plaintiff shall be and is hereby foreclosed as requested, and the property subject to the Mortgage shall be sold at public auction, without an upset price, as authorized by law and under the provisions of the Mortgage. The sale shall not be final until approved and confirmed by the Court.

D. _Andrew M. Kennedy_____, whose address is ___
_76-167 Kalani ct 20# Kailua-kana HI 96740_

5

_____ and telephone

number is __808 - 987 - 1275__, is hereby appointed as Commissioner by this Court and is vested with all equitable and legal title to the Property and is directed to sell the fee simple interest in the property located at TMK: (3) 6-8-002-021, which is more particularly described in Exhibit "A".

    E.    Subject to the direction of this Court, the Commissioner is hereby authorized and directed to do the following:

    1.    Take possession, manage, preserve and dispose of the Property as directed herein, and if appropriate to rent the Property pending foreclosure, and to sell the Property "AS IS" without any representations or warranties as to title or possession to the highest bidder at public Commissioner's sale, without an upset price;

    2.    Conduct two (2) open houses for public viewing prior to the sale on two separate days, unless a court order for sale without open house is obtained. The open house should take place on a reasonable date and time with additional open houses being held if all parties consent, or as permitted by court order;

    3.    Publish notice of Commissioner's sale by auction once in each week for three (3) consecutive weeks, with the sale to take place no sooner than fourteen (14) days after the third date of publication, in a newspaper having a general circulation where the Property is located. The notice shall provide the date, time and place of the sale, an intelligible description of the Property, and shall disclose all of the terms of sale herein mentioned.

    4.    The public sale may be either postponed or canceled by the court-appointed Commissioner. Notice of the postponement or the cancellation of the public sale shall be:

6

Case: 18-52601   Doc# 90-3   Filed: 06/13/19   Entered: 06/13/19 16:41:11   Page 25
Case: 22-50339   Doc# 39-4   Filed: 08/11/22   Entered: 08/11/22 14:51:13   Page 137 126
of 154

(A)    Announced by the court-appointed commissioner at the date, time, and place of the last scheduled public sale; and

(B)    Provided to:

(1)    The mortgagor, the borrower, and the foreclosing mortgagee;

(2)    Any prior or junior creditors who have a recorded lien on the mortgaged property before the commencement of the foreclosure action; and

(3)    Any party named in the foreclosure action and any prospective bidder who requested notice of the public sale date or any change in the public sale date.

5.    If there is a postponement of the public sale of the mortgaged property, the court-appointed commissioner shall have a new public notice of the public sale published once in the format described in section 667-20. The new public notice shall state that it is a notice of a postponed sale. The public sale shall take place no sooner than fourteen days after the date of the publication of the new public notice. Not less than fourteen days before the rescheduled date of the public sale, a copy of the new public notice of the rescheduled public sale shall be posted on the mortgaged property or on another real property of which the mortgaged property is a part, and it shall be mailed or delivered to the mortgagor, the borrower, the foreclosing mortgagee, and any other person entitled to receive notification of the foreclosure action under subsection (a)(2).

7

6. Upon the fourth postponement of every series of four consecutive postponements, the court-appointed commissioner shall follow all of the public notices of public sale requirements of section 667-20.

7. No bond shall be required of him/her;

8. Hold all proceeds of the sale to the credit of this cause subject to the directions of this Court. Upon payment according to such directions, the commissioner shall file an accurate accounting of his/her receipts and expenses.

F. If the Commissioner refuses or is unable to act as Commissioner, the Court may appoint another Commissioner without further notice or hearing.

G. The Commissioner shall be awarded a reasonable fee for his/her services as Commissioner, in an amount to be subsequently determined by the Court. These fees shall be deemed to be secured by the mortgagee's lien on the Property.

H. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded.

I. A further hearing shall be held to consider confirmation of the Commissioner's sale. At the confirmation hearing the Court shall hear proof of claim of any other party and shall determine the priority among the claims of the other parties besides Plaintiff, as appropriate. The Court shall also determine the amount of the Commissioner's fee and the amount of the Attorney's fees.

J. Plaintiff and all other parties are hereby authorized to purchase the Property at the Commissioner's sale. The successful bidder(s) at the sale shall make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful bid price, such payment to be made in cash or by way of certified or cashier's check,

8

provided that Plaintiff may satisfy the down payment by way of offset up to the amount of its secured debt. Prior to bidding, interested parties must show the Commissioner their ability to make the required down payment, in such form as aforesaid, immediately upon the close of the bidding.

At the Court's discretion, the ten percent (10%) down payment may be forfeited in full or in part if the purchaser(s) fail to pay the balance of the purchase price as hereinafter set forth. In no event shall the purchaser(s) be liable for damages greater than the forfeiture of the ten percent (10%) down payment. The balance of the purchase price shall be paid to the Commissioner upon approval and confirmation of the sale, provided that Plaintiff may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt if Plaintiff is the purchaser at the Commissioner's sale. All costs and expenses of closing, including, but not limited to the following: costs of drafting the conveyance document, conveyance taxes, notary fees, consent fees, escrow and recording fees, any proof of title or title insurance, costs of securing possession of the Property and any orders of this Court, shall be paid by the purchaser(s). Neither the availability of title insurance nor securing possession of the Property shall be a condition of closing.

K.    In the event the Commissioner and/or the Court determines that it would be appropriate to reopen the auction and accept open bids in Court at the confirmation hearing, such bidding will be allowed on the condition that the initial opening bid be at least five percent (5%) higher than the highest bid received at the Commissioner's sale, unless otherwise ordered by the Court. Anyone may reopen the auction by bidding, including all parties to this action and any other interested person, whether or not any such party or interested person had bid, or could have bid, at the Commissioner's sale.

9

L.    If the property is sold to a third-party, the Commissioner shall open escrow at a licensed escrow company in the State of Hawaii to close the foreclosure sale of the property.

M.    In the event the Commissioner deems it advisable to remove the occupants and their personal belongings from the Property, the Commissioner may obtain a writ of possession and in his/her sole discretion arrange for the removal of the personal effects to a suitable storage area, to be stored for a period of thirty (30) days. If such personal effects are not claimed within the thirty (30) day period, the Commissioner may, in his/her sole discretion, dispose of such personal belongings in a commercially reasonable manner. Any funds generated by such sale shall be distributed according to the Order of this Court. The costs of removal of occupants and their personal belongings shall be considered a foreclosure expense.

N.    Any surplus proceeds after payment of all parties pursuant to the Order Confirming Sale which shall be filed in this matter, shall be deposited with the clerk of the Court, unless otherwise ordered by the Court.

O.    All Defendants, including Defendant HAWAIIAN RIVERBEND, and all other parties hereto, and all persons claiming by, through or under them, except any governmental authority enforcing a lien for unpaid real property taxes as to the Property, will be perpetually barred of and from any and all right, title and interest in the Property or any part thereof, upon closing of the sale herein authorized.

2.    This Order is entered as a final judgment pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure as there is no reason for delay.

10

**KEALAKEKUA**

DATED: ~~Hilo~~, Hawaii, _____ **MAR 7 2019** _____.

**ROBERT D. S. KIM (SEAL)**

JUDGE OF THE ABOVE-ENTITLED COURT

---

RE:    Civil No. 16-1-043K; GANG CHEN vs. HAWAIIAN RIVEBEND, LLC., et al.; FINDINGS OF FACT;
CONCLUSIONS OF LAW; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES FILED DECEMBER 20, 2018.

11

# EXHIBIT "A"

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172, and thus bounded and described:

Beginning at the northeast corner of this parcel of land, being also the northwest corner of Lot 9-B, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 10,073.89 feet north and 2,246.46 feet west and running by azimuths measured clockwise from true South:

| | | | | | |
|---|---|---|---|---|---|
| 1. | 21° | 44' | 07" | 513.89 | feet along Lot 9-B; |
| 2. | 111° | 44' | 07" | 80.70 | feet along the same; |

Thence, along the same on a curve to the left with a radius of 251.00 feet, the chord azimuth and distance being:

| | | | | | |
|---|---|---|---|---|---|
| 3. | 87° | 37' | 40" | 205.04 | feet; |
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 205.00 feet, the chord azimuth and distance being;

| | | | | | |
|---|---|---|---|---|---|
| 5. | 74° | 55' | 34" | 81.08 | feet; |
| 6. | 86° | 19' | 57" | 20.83 | feet along same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| | | | | | |
|---|---|---|---|---|---|
| 7. | 175° | 32' | 12" | 15.00 | feet; |
| 8. | 198° | 03' | 09" | 688.99 | feet along Lot 121, Waikoloa Village Unit 1-A, File Plan 1138;. |
| 9. | 288° | 03' | 09" | 471.49 | feet along Lot 6, Waikoloa Development, File Plan 1172 to the point of beginning and containing an area of 5.9175 acres, more or less. |

EXHIBIT "A"
Page 1 of 5

Together with Easement AE-1 for access purposes, more particularly described as follows:

All of that certain easement parcel of land being a portion of Lot 9-B, Waikoloa Development, Waikoloa, District of South Kohala, Island of Hawaii, Hawaii.

Beginning at the northeast corner of this easement parcel of land, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 9,596.53 feet north and 2,436.77 feet west and running by azimuths measured clockwise from true South:

| | | | | | |
|---|---|---|---|---|---|
| 1. | 21° | 44' | .07" | 60.00 | feet; |
| 2. | 111° | 44' | .07" | 80.70 | feet along Lot 9-C; |

Thence, along the same on a curve to the left with a radius of 191.00 feet, the chord azimuth and distance being;

| | | | | | |
|---|---|---|---|---|---|
| 3. | 87° | 37' | 40" | 156.03 | feet; |
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 265.00 feet, the chord azimuth and distance being:

| | | | | | |
|---|---|---|---|---|---|
| 5. | 74° | 55' | 34" | 104.81 | feet; |
| 6. | 86° | 19' | 57" | 24.17 | feet along the same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| | | | | | |
|---|---|---|---|---|---|
| 7. | 179° | 31' | 19" | 60.09 | feet; |
| 8. | 265° | 19' | 57" | 20.83 | feet along Lot 9-A; |

Thence, along the same on a curve to the left with a radius of 205.00 feet, the chord azimuth and distance being;

| | | | | | |
|---|---|---|---|---|---|
| 9. | 254° | 55' | 34" | 81.08 | feet; |
| 10. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 251.00 feet, the chord azimuth and distance being;

EXHIBIT "A"
Page 2 of 5

12

11.  267° 37' 40"  205.04  feet;

12. 291° 44' 07"  80.70  feet along the same to the point of beginning and containing an area of 0.667 acres, more or less.

BEING THE PREMISES ACQUIRED BY WARRANTY DEED

GRANTOR:     WAIKOLOA MAUKA, LLC, a Delaware limited liability company

GRANTEE:     HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company

DATED:       November 23, 2009
RECORDED:    Document No. 2009-179060

SUBJECT, HOWEVER TO:

1.    Mineral and water rights of any nature in favor of the State of Hawaii.

2.    DESIGNATION OF EASEMENT "E-W-1" (175 feet wide).

PURPOSE:     electrical, telephone and water line
SHOWN:       on File Plan No. 1172.

3.    GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

4.    GRANT

TO:          WAIKOLOA RESORT UTILITIES, INC. doing business as WEST HAWAII UTILITY COMPANY

DATED:       February 19, 1998
RECORDED:    Document No. 98-028918
GRANTING:    an easement over only that portion of said Easement "E-W-1" affecting Lot 9 of File Plan No. 1172

5.    The terms and provisions contained in the following:

(A)   DEED WITH COVENANTS AND RESERVATION OF EASEMENTS AND OTHER RIGHTS

EXHIBIT "A"
Page 3 of 5

13

DATED: September 20, 2005
RECORDED: Document No. 2005-188909 ;

Certain water rights reserved in said Deed have been assigned pursuant to that certain WATER RIGHTS QUITCLAIM dated September 20, 2005, recorded as Document No. 2005-188913, by and between WAIKOLOA LAND & CATTLE CO., "Grantor", and WAIKOLOA WATER CO., INC., and WAIKOLOA RESORT UTILITIES, INC., "Grantee".

(B) GRANT OF RIGHT TO DESIGNATE AND GRANT EASEMENTS

DATED: September 20, 2005
RECORDED: Document No. 2005-188911
PARTIES: WAIKOLOA MAUKA, LLC, "Owner", and WAIKOLOA LAND & CATTLE CO., "WDC"

Said Grant was amended by instrument dated November 29, 2006, recorded as Document No. 2006-220312.

6. The terms and provisions contained in the following:

INSTRUMENT: DECLARATION OF RESTRICTIVE COVENANTS

DATED: December 29, 2008
RECORDED: Document No. 2008-193975

7. The terms and provisions contained in the following:

INSTRUMENT: DISCLOSURE AGREEMENT

DATED: December 29, 2008
RECORDED: Document No. 2008-193976
PARTIES: WAIKOLOA MAUKA, LLC, a Delaware limited liability company, "WML", WQJ2008 INVESTMENT, LLC, a Washington limited liability company, "WQJ2008", UKUMEHAME QUARRY COMPANY LIMITED PARTNERSHIP, a Hawaii limited partnership, "Ukumehame", and collectively with WQJ2008, "Buyer"

8. Historic ceremonial and burial sites and similar matters which an archaeological study and archaeological inspection of the land would disclose.

9. The terms and provisions contained in the following:

INSTRUMENT: JOINT VENTURE AGREEMENT

DATED: April 29, 2010

EXHIBIT "A"
Page 4 of 5

/4

RECORDED:          Document No. 2010-062607
PARTIES:           WAIKALOA MAUKA, LC, a Delaware limited liability company
                   ("WM") and HAWAIIAN RIVERBEND, LLC, a Hawaii limited
                   liability company, ("HR")

10.    No vehicular access and planting screen, as shown on Subdivision map 11-001060,
       approved November 29, 2012.

EXHIBIT "A"
Page 5 of 5

Case: 18-52601    Doc# 90-3    Filed: 06/13/19    Entered: 06/13/19 16:41:11    Page 36
Case: 22-50339    Doc# 39-4    Filed: 08/11/22    Entered: 08/11/22 14:51:13    Page 148    137
                                        of 154

EXHIBIT L

# RESOLUTION OF HAWAIIAN RIVERBEND, LLC AUTHORIZING THE FILING OF A CHAPTER 11 BANKRUPTCY PETITION

WHEREAS HAWAIIAN RIVERBEND, LLC, is not able to pay its debts as they come due; and

WHEREAS, HAWAIIAN RIVERBEND, LLC has a pending auction sale; and

WHEREAS, HAWAIIAN RIVERBEND, LLC has authorized Michael Haroutun Miroyan to hire attorney Michael Jay Berger to prepare and file a Chapter 11 Bankruptcy Petition for HAWAIIAN RIVERBEND, LLC and to have Mr. Berger prepare and sign any additional documents needed in connection with said bankruptcy filing; and

WHEREAS, Michael Haroutun Miroyan is the Managing Member of HAWAIIAN RIVERBEND, LLC.

NOW, THEREFORE:

IT IS HEREBY RESOLVED by HAWAIIAN RIVERBEND, LLC to file a Chapter 11 bankruptcy petition. Michael Haroutun Miroyan and Michael Jay Berger are specifically authorized to file said Chapter 11 petition on behalf of HAWAIIAN RIVERBEND, LLC

Dated:                                HAWAIIAN RIVERBEND, LLC


By: _____
        Michael Haroutun Miroyan

EXHIBIT M

Hawaii Lot Repaymet Ledge
Annual Interest rate    14%
Date of loan/repayment

Note – Plus legal fees and other associated fees

| Date | Loan | Interest Due | Previous bal Due | Payment Receiver | Balance Due |
|---|---|---|---|---|---|
| Total | 175,000 | 212,333 | | | 387,333 |
| 10/15/2013 | 175,000 | | 175,000 | 0 | 175,000 |
| 10/15/2014 | | 24,500 | 175,000 | 0 | 199,500 |
| 11/15/2014 | | 2,042 | 199,500 | 0 | 201,542 |
| 12/15/2014 | | 2,042 | 201,542 | 0 | 203,583 |
| 1/15/2015 | | 2,042 | 203,583 | 0 | 205,625 |
| 2/15/2015 | | 2,042 | 205,625 | 0 | 207,667 |
| 3/15/2015 | | 2,042 | 207,667 | 0 | 209,708 |
| 4/15/2015 | | 2,042 | 209,708 | 0 | 211,750 |
| 5/15/2015 | | 2,042 | 211,750 | 0 | 213,792 |
| 6/15/2015 | | 2,042 | 213,792 | 0 | 215,833 |
| 7/15/2015 | | 2,042 | 215,833 | 0 | 217,875 |
| 8/15/2015 | | 2,042 | 217,875 | 0 | 219,917 |
| 9/15/2015 | | 2,042 | 219,917 | 0 | 221,958 |
| 10/15/2015 | | 2,042 | 221,958 | 0 | 224,000 |
| 11/15/2015 | | 2,042 | 224,000 | 0 | 226,042 |
| 12/15/2015 | | 2,042 | 226,042 | 0 | 228,083 |
| 1/15/2016 | | 2,042 | 228,083 | 0 | 230,125 |
| 2/15/2016 | | 2,042 | 230,125 | 0 | 232,167 |
| 3/15/2016 | | 2,042 | 232,167 | 0 | 234,208 |
| 4/15/2016 | | 2,042 | 234,208 | 0 | 236,250 |
| 5/15/2016 | | 2,042 | 236,250 | 0 | 238,292 |
| 6/15/2016 | | 2,042 | 238,292 | 0 | 240,333 |
| 7/15/2016 | | 2,042 | 240,333 | 0 | 242,375 |
| 8/15/2016 | | 2,042 | 242,375 | 0 | 244,417 |
| 9/15/2016 | | 2,042 | 244,417 | 0 | 246,458 |
| 10/15/2016 | | 2,042 | 246,458 | 0 | 248,500 |
| 11/15/2016 | | 2,042 | 248,500 | 0 | 250,542 |
| 12/15/2016 | | 2,042 | 250,542 | 0 | 252,583 |
| 1/15/2017 | | 2,042 | 252,583 | 0 | 254,625 |
| 2/15/2017 | | 2,042 | 254,625 | 0 | 256,667 |

| | |
|---|---|
| Loan | 175,000 |
| Total interest | 212,333 |
| Atterney fee – Leu-Okuda | 7,000 |
| Atterney fee – CA Bankruptcy | 5,532 |
| Atterney fee – Hawaii foreclosure court | 12,400 |
| Atterney fee – CA Bankruptcy 2 | 412,265 |
| Total | |

loan repayment ledger

EXHIBIT M

139

| Date | Payment | | Balance | Balance |
|---|---|---|---|---|
| 3/15/2017 | 2,042 | | 256,667 | 258,708 |
| 4/15/2017 | 2,042 | 0 | 258,708 | 260,750 |
| 5/15/2017 | 2,042 | 0 | 260,750 | 262,792 |
| 6/15/2017 | 2,042 | 0 | 262,792 | 264,833 |
| 7/15/2017 | 2,042 | 0 | 264,833 | 266,875 |
| 8/15/2017 | 2,042 | 0 | 266,875 | 268,917 |
| 9/15/2017 | 2,042 | 0 | 268,917 | 270,958 |
| 10/15/2017 | 2,042 | 0 | 270,958 | 273,000 |
| 11/15/2017 | 2,042 | 0 | 273,000 | 275,042 |
| 12/15/2017 | 2,042 | 0 | 275,042 | 277,083 |
| 1/15/2018 | 2,042 | 0 | 277,083 | 279,125 |
| 2/15/2018 | 2,042 | 0 | 279,125 | 281,167 |
| 3/15/2018 | 2,042 | 0 | 281,167 | 283,208 |
| 4/15/2018 | 2,042 | 0 | 283,208 | 285,250 |
| 5/15/2018 | 2,042 | 0 | 285,250 | 287,292 |
| 6/15/2018 | 2,042 | 0 | 287,292 | 289,333 |
| 7/15/2018 | 2,042 | 0 | 289,333 | 291,375 |
| 8/15/2018 | 2,042 | 0 | 291,375 | 293,417 |
| 9/15/2018 | 2,042 | 0 | 293,417 | 295,458 |
| 10/15/2018 | 2,042 | 0 | 295,458 | 297,500 |
| 11/15/2018 | 2,042 | 0 | 297,500 | 299,542 |
| 12/15/2018 | 2,042 | 0 | 299,542 | 301,583 |
| 1/15/2019 | 2,042 | 0 | 301,583 | 303,625 |
| 2/15/2019 | 2,042 | 0 | 303,625 | 305,667 |
| 3/15/2019 | 2,042 | 0 | 305,667 | 307,708 |
| 4/15/2019 | 2,042 | 0 | 307,708 | 309,750 |
| 5/15/2019 | 2,042 | 0 | 309,750 | 311,792 |
| 6/15/2019 | 2,042 | 0 | 311,792 | 313,833 |
| 7/15/2019 | 2,042 | 0 | 313,833 | 315,875 |
| 8/15/2019 | 2,042 | 0 | 315,875 | 317,917 |
| 9/15/2019 | 2,042 | 0 | 317,917 | 319,958 |
| 10/15/2019 | 2,042 | 0 | 319,958 | 322,000 |
| 11/15/2019 | 2,042 | 0 | 322,000 | 324,042 |
| 12/15/2019 | 2,042 | 0 | 324,042 | 326,083 |
| 1/15/2020 | 2,042 | 0 | 326,083 | 328,125 |
| 2/15/2020 | 2,042 | 0 | 328,125 | 330,167 |
| 3/15/2020 | 2,042 | 0 | 330,167 | 332,208 |
| 4/15/2020 | 2,042 | 0 | 332,208 | 334,250 |
| 5/15/2020 | 2,042 | 0 | 334,250 | 336,292 |

140

| Date | | | | |
|---|---|---|---|---|
| 6/15/2020 | 2,042 | 336,292 | 0 | 338,333 |
| 7/15/2020 | 2,042 | 338,333 | 0 | 340,375 |
| 8/15/2020 | 2,042 | 340,375 | 0 | 342,417 |
| 9/15/2020 | 2,042 | 342,417 | 0 | 344,458 |
| 10/15/2020 | 2,042 | 344,458 | 0 | 346,500 |
| 11/15/2020 | 2,042 | 346,500 | 0 | 348,542 |
| 12/15/2020 | 2,042 | 348,542 | 0 | 350,583 |
| 1/15/2021 | 2,042 | 350,583 | 0 | 352,625 |
| 2/15/2021 | 2,042 | 352,625 | 0 | 354,667 |
| 3/15/2021 | 2,042 | 354,667 | 0 | 356,708 |
| 4/15/2021 | 2,042 | 356,708 | 0 | 358,750 |
| 5/15/2021 | 2,042 | 358,750 | 0 | 360,792 |
| 6/15/2021 | 2,042 | 360,792 | 0 | 362,833 |
| 7/15/2021 | 2,042 | 362,833 | 0 | 364,875 |
| 8/15/2021 | 2,042 | 364,875 | 0 | 366,917 |
| 9/15/2021 | 2,042 | 366,917 | 0 | 368,958 |
| 10/15/2021 | 2,042 | 368,958 | 0 | 371,000 |
| 11/15/2021 | 2,042 | 371,000 | 0 | 373,042 |
| 12/15/2021 | 2,042 | 373,042 | 0 | 375,083 |
| 1/15/2022 | 2,042 | 375,083 | 0 | 377,125 |
| 2/15/2022 | 2,042 | 377,125 | 0 | 379,167 |
| 3/15/2022 | 2,042 | 379,167 | 0 | 381,208 |
| 4/15/2022 | 2,042 | 381,208 | 0 | 383,250 |
| 5/15/2022 | 2,042 | 383,250 | 0 | 385,292 |
| 6/15/2022 | 2,042 | 385,292 | 0 | 387,333 |