Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Debtor

FILED AUG 26 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
US BANKRUPTCY COURT
2022 AUG 26 P 4: 26

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

Michael Miroyan

Debtor

Case No.: 5:22-bk-50339
Chapter 13

MOTION TO RECUSE JUDGE STEPHEN JOHNSON FOR BIAS [28 U.S.C. § 455]

Date: 9-29-2022
Time: 10:06 am
Dept.: Courtroom 9

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTE** that at the Date and Time noted above, Debtor Michael Miroyan shall move this Court recusing Judge Stephen Johnson from this case and Chapter 11 Case No. 5:22-bk-50314. This Motion is based upon 28 U.S.C. § 455, supporting case law and the supporting declaration of Michael Miroyan and any oral argument.

**A.   LAW AND ARGUMENT**

The statute governing recusal of U.S. Bankruptcy Judges is found at 28 U.S.C. § 455 and provides that a Judge:

"shall recuse himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455 (a).

The statute further delineates specific circumstances requiring recusal such as personal bias or prejudice, financial interest, or where a

family member is involved in the controversy:

    a. any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which partiality might reasonably be questioned.
    b. He shall also disqualify himself in the following circumstances:

        (1) Where he has a personal bias or prejudice concerning a party...

Michael Miroyan submits that, because of the facts detailed and set forth herein below and in the supporting declaration of Michael Miroyan, demonstrates Judge Stephen Johnson's and bias, prejudice. As a result, his impartiality is seriously drawn into question.

The test when considering a recusal motion is whether a reasonable person aware of all the circumstances would have doubts concerning the impartiality of the particular judge. <u>United States v. Martorano</u> (3d Cir.1989) 866 F.2d 62, 67; <u>Potashnick v. Port City Construction Co.</u> (1980) (5th Cir.) 609 F.2d 1101, cert. denied, 449 U.S. 820. The test for disqualification is:

"whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired."

Code of Conduct for United States Judges, Cannon 2(A) Commentary.

Because 28 U.S.C. § 455 (a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word "might" in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality. Potashnick, supra, at 1111.

- 2 -
COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

The Fifth Circuit advises that § 455 (a) "requires" a judge to recuse if the judge has "any question" about the appropriateness of remaining on the case. The statute "clearly mandates that it would be preferable for a judge to err on the side of caution and disqualify himself in a questionable case." Potashnick, 609 F.2d at 1112.

The United States Supreme Court significantly notes that "people who have not served on the bench are often all too willing to indulge suspicions and doubts concerning the integrity of judges", and that "the very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Services Acquisition Corp. (1988) 486 U.S. 847, 864-865. In Liljeberg, the Court noted that disqualification "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." 108 S.Ct. at 2202. The Court reasoned as follows:

> The goal of section 455 (a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not mrecall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.... Under section 455 (a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge.'

Id.

Thus, if a judge "concludes that 'his impartiality might reasonably be questioned,' then he should also find that the statute has been violated.' Id. Also see In re Faulkner (5th Cir.1988) 856 F.2d 716.

There are substantial facts that would cause a reasonable person on the street to doubt the impartiality of Judge Stephen Johnson in this matter.

- 3 -
COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

B. **Recusal Appropriate**

Michael Miroyan provides the following as grounds that support his position that Judge Stephen Johnson's has actual bias against him and his LLC, and thus his impartiality may reasonably be called into question:

1. Judge Johnson allowing Attorney Berger to withdraw while Miroyan was placed on Mute during the Chapter 11 case. The withdrawal was done in complete contravention of the rules that must be followed governing withdrawal of attorneys while Miroyan was on mute. The result allowed Attorney Berger to run off with $25,000 that Miroyan had borrowed from friends, resulting in financial abuse against Miroyan and left his LLC without representation in violation of 9th Circuit precedent from Laskowitz v. Shellenberger (1952) 107 F.Supp. 397 which states:

"The Court does not consent to the withdrawal of attorneys. Approval would leave a corporate defendant without representation. Even if a defendant assumes to represent himself, he must either enter his first appearance in the case in propria persona or be substituted for whoever appeared as his attorney. Defendant appropriately does not offer to do this because, being a corporation, it is without capacity to either represent others or itself.

For authorities discussing the principles involved, see cases cited to support the following quotation from Cal.Jur. Ten Year Supplement, 1949, Revision, Vol. 9, Sec. 15, p. 448, where the applicable rules are stated as follows:

"Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed

- 4 -
COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona. A judgment rendered in such a proceeding is void."

In any event a withdrawal of attorneys is not the proper course. A substitution of attorneys approved by the Court is the method of changing representation. The purported withdrawal of attorneys is disallowed."

Laskowitz v. Shellenberger (1952) 107 F.Supp. 397-398.

Furthermore, allowing Attorney Berger to withdraw constitutes a violation of California's Rules of Professional Conduct which states:

"Counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."

Cal. R. Prof. Conduct 1.16(d).

2. After granting Attorney Berger's Motion to Withdraw on 6-7-2022 in complete contravention of the rules, Judge Stephen Johnson offered opposing Attorney Wayne Silver an order shortening time for the hearing on Attorney Silver's Motion to convert at a time that Miroyan LLC's was without legal representation.

3. Judge Johnson gave Miroyan 17 days over the 4th of July holiday to find new counsel, bring him up to speed on 7 ½ years of litigation, and prepare an opposition to Wayne Silver's 192 page Motion to Convert.

The above facts show clear bias exhibited by Judge Johnson against Michael Miroyan and Hawaiian Riverbend, LLC and shows favoritism of

- 5 -
COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

Attorney Wayne Silver that would clearly be perceived as bias and prejudice by any neutral observer.

**CONCLUSION**

The statute concerning disqualification of a judge provides that a judge "shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455 (a). The facts in this case show precisely that as well as actual bias of Judge Stephen Johnson mandating his recusal from both Bankruptcy cases.

Dated: August 26, 2022.

Respectfully submitted,

Michael Miroyan - Debtor

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel:      (408) 913-3123
E-mail:   mac8881@me.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

    Michael Miroyan

    Debtor.

Case No.: 5:22-bk-50339
Chapter 13

Declaration of Michael Miroyan in Support of Motion to Recuse Judge Stephen Johnson for Bias & Prejudice

Date: 9-29-2022
Time: 10:00 am
Dept.: Courtroom 9

I Michael Miroyan declare:

I am the managing member of Hawaiian Riverbend, LLC. I consider Judge Stephen Johnson to have displayed bias and prejudice towards me and my LLC as follows:

1. During the first hearing on the Chapter 11 case he allowed my attorney Michael Berger to speak while he had me on mute. This is an attorney that I paid $25,000 to and who was allowed by Judge Johnson to withdraw from representation of my LLC in the Chapter 11 bankruptcy. Attorney Berger never represented me personally and he did an absolutely horrible job for my HR LLC and then he was allowed to withdraw leaving my LLC without a voice twisting naked in the wind without any representation. Judge Stephen Johnson let Attorney Berger run away with my $25,000 that I borrowed from friends. This conduct constitutes financial abuse towards me and my LLC and shows actual bias of Judge Stephen

- 7 -

COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

Case: 22-50339    Doc# 44    Filed: 08/26/22    Entered: 08/29/22 12:02:55    Page 7 of 11

Johnson against me and my LLC.

2. Judge Johnson gave only eight business days to answer ~~from 7/1/22 to 7/15/22~~ attorney Wayne Silver's 192 page motion to convert the case to Chapter 7 ~~on~~ over the 4th of July weekend. I was supposed to find a new attorney, bring the new attorney up to speed on 7 ½ years of litigation and answer attorney Wayne Silver's Motion to Convert by July 18th 2022. I was served the papers on July 1st. This constitutes a rush to injustice and constitutes manifest injustice. I asked for 30 days 3 times and was denied every time by Judge Johnson who is determined to screw me and promote this uneven playing field.

3. Judge Steven Johnson made a ruling on 7-20-2022 to give until 7-25-2022 to file an answer to attorney Wayne Silver's motion to convert the case from Chapter 11 to Chapter 7, then he waited 2 days to mail it!. This was not mailed until the 22nd of July 2022 so as to ensure that I would not receive the document until after the 25th of July after 5:00 PM and would have missed the filing deadline. This is a smoking gun and shows a predetermined course of action to hurt me.

4. Judge Johnson allowed attorney Berger to falsely state that he was my Chapter 13 attorney which constitutes fraud upon the court.

5. Judge Stephen Johnson offered opposing counsel Wayne Silver an Order Shortening Time on his Motion to Convert while my LLC was unrepresented showing his extreme bias against me and my LLC and favoritism towards Attorney Wayne Silver.

The above behavior of Judge Stephen Johnson is biased and prejudicial in favor of Attorney Wayne Silver who is the bag man for the Kai's. The purpose of this is to steal Michael Miroyan's property so the Kai's never have to answer for what they have done, that is to seek to steal Miroyan's land for a fraction of what it is worth.

- 8 -
COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

I declare under penalty of perjury of the laws of the state of California that the foregoing is true and correct.

Dated: August 26th 2022.

_____
Michael Miroyan - Debtor

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel:      (408) 913-3123
E-mail:   mac8881@me.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

Michael Miroyan

Debtor.

Case No.: 5:22-bk-50339
Chapter 13

[PROPOSED] ORDER

GOOD CAUSE APPEARING THIS COURT ORDERS THAT JUDGE STEPHEN JOHNSON BE RECUSED FROM BANKRUPTCY CASES 5:22-bk-50339 and 5:22-bk-50314.

Dated:_____                    _____
                                                    Judge

BANKRUPTCY COURT

RECEIVED
AUG 29 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Name:** Michael Miroyan

**Case #:** 5:22-Bk-50339