

The following constitutes the order of the Court.
Signed: September 1, 2022

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>             Debtor. | Case No.: 22-50339 SLJ<br><br>Chapter 13 |

## ORDER DENYING MOTION FOR RECUSAL

Debtor filed a Motion for Recusal ("Motion"), alleging that I am prejudiced against Debtor for ruling against his wholly owned company Hawaiian Riverbend, LLC ("Hawaiian Riverbend") in its chapter 11 case (Case No. 22-50314), and requesting that I recuse myself. He also seeks my recusal in the chapter 11 case of Hawaiian Riverbend by this filing. The Motion showed hearing date and time of September 29, 2022, at 10:00 a.m., but no notice of hearing was filed or served so the matter is not actually on the court's calendar. This matter is appropriate for disposition without oral argument.

      I do not find cause to grant the motion after reviewing the applicable filings and my prior orders. Debtor employed a law firm called the Law Offices of Michael Berger ("Berger Firm") to file this case. Debtor also used that firm to file Hawaiian Riverbend's chapter 11

ORDER DENYING MOTION FOR RECUSAL

1

case. The Berger Firm later sought to withdraw from both representations on the grounds of a breakdown in the attorney-client relationship. (ECF 14 (Individual case), ECF 28 (*Hawaiian Riverbend* case)). After hearings, orders were entered in both cases authorizing the withdrawal of the Berger Firm. (ECF 25 (Individual case), ECF 57 (*Hawaiian Riverbend* case)).

In the meantime, in the *Hawaiian Riverbend* case, creditors Kenneth Kai and Tai Kai, Trustees of the Kai Family 1998 Trust ("the Kais") filed a motion to convert the case to chapter 7, or alternatively, dismiss the case with a two-year re-filing bar ("Motion to Convert")(ECF 51). On June 9, 2022, the Kais filed a motion to shorten time to have their motion heard, which the court granted and set a hearing for June 21, 2022.[1] Because Hawaiian Riverbend had no counsel, I authorized Debtor (Mr. Miroyan), its principal, to request a continuance to allow the company to locate new counsel. I continued the Motion to Convert to August 2, 2022. I granted two more continuances to Hawaiian Riverbend on July 20, 2022 (ECF 68) and August 1, 2022 (ECF 74). Hawaiian Riverbend later secured counsel and filed an opposition to the Motion to Convert on August 24, 2022 (ECF 81).

Recusal is governed by applicable law found in the United States Judicial Code: Title 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) sets forth examples of situations in which a judge must recuse himself, including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; …." 28 U.S.C. § 455(b)(1). Case law is instructive in understanding the statute. It provides the applicable standard for recusal: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned." *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir.1997). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed,

---

[1] At the time of the motion to shorten time, I have already continued an Order to Show Cause Re Dismissal to the June 21 hearing date.

ORDER DENYING MOTION FOR RECUSAL

2

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). A federal judge is presumed to be impartial, and a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case." *Perry v. Schwarzenegger*, 799 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011).

The standard for recusal based solely on *judicial* conduct is extremely high, and it is found only in the "rarest circumstances." *Liteky v. United States,* 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.*; *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). To qualify as bias or prejudice, the favorable or unfavorable ruling must have an "extrajudicial source" or be "so extreme as to display a clear inability to render a fair judgment." *Liteky v. United States*, 510 U.S. at 551. The latter is known as the "pervasive bias" exception to the "extrajudicial source" doctrine. *Id.*; 12 Moore's Federal Practice - Civil § 63.21 (2021).

Debtor does not allege the existence of any extrajudicial source. His sole ground for recusal is his dissatisfaction with the outcome of my decisions in the *Hawaiian Riverbend* case. Specifically, he alleges bias based on my order allowing the Berger Firm to withdraw, my order granting the Tais' motion to shorten time, and his allegation that I gave Hawaiian Riverbend only "17 days over the 4th of July holiday to find new counsel."

Procedurally, Debtor's request for recusal in the *Hawaiian Riverbend* case is improper and cannot be granted on that basis alone. He cannot file a motion in this case-his individual chapter 13-seeking relief in a different case, the chapter 11 case of Hawaiian Riverbend. That enterprise is a limited liability company represented by counsel, coincidentally selected by Debtor (Mr. Miroyan). Not incidentally, the court has some concern that this Motion might be seen as an attempt to circumvent the rule that only licensed counsel can represent and file pleadings on behalf of a corporation. *See* BLR 9010-1(a); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel."); *United Pacific Energy Operations and*

ORDER DENYING MOTION FOR RECUSAL

3

*Consulting, Inc., v. Gas and Oil Technologies, Inc.*, 2012 WL 12953446 (C.D.Cal. 2012); *F.T.C. v. Ideal Financial Solutions, Inc.*, 2014 WL 2565688 (D.Nev. 2014)("pleadings filed on behalf of corporations by non-attorneys are of no effect."). Debtor is aware of this rule as he has been put on notice on multiple occasions in the *Hawaiian Riverbend* case that he cannot represent and file pleadings on behalf of Hawaiian Riverbend. Finally, counsel in that case has not sought recusal.

None of the rulings Debtor refers to support a conclusion of bias. Each was supported by applicable law and the court's effort to maintain a busy and complicated docket. To the extent Hawaiian Riverbend disagrees and asserts errors, its remedy was in the appellate courts. *See Liteky v. United States,* 510 U.S. at 555 ("[adverse rulings] are proper grounds for appeal, not for recusal."). Taking as an example Debtor's contention that Hawaiian Riverbend was given too little time to obtain new counsel, the record shows otherwise. The court granted multiple requests to extend time filed by Debtor (Mr. Miroyan) individually and on behalf of Hawaiian Riverbend. *See, e.g.,* Order Granting Request for Extension, entered on July 20, 2022, ECF 68 in Case No. 22-50314 *Hawaiian Riverbend, LLC*, p. 2:3-6 ("I have previously explained that Miroyan cannot file documents on behalf of Debtor in this case. But while this makes Debtor's request defective, in the interests of granting Debtor a full and fair opportunity to oppose Creditors' motion I will grant the request and extend the deadline to respond as Debtor – through Miroyan – requests."). Indeed, the record in *Hawaiian Riverbend* shows that it was given a total of 65 days to find new counsel from the date of entry of the order allowing Mr. Berger to withdraw as counsel to the date new counsel made their appearance, and 62 days to respond to the Motion to Convert from the date the Motion to Convert was re-served on June 23, 2022, to August 24, 2022.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion is DENIED.

*** END OF ORDER***

ORDER DENYING MOTION FOR RECUSAL

**COURT SERVICE LIST**

Michael Haroutun Miroyan
P.O. Box 3181
Saratoga, CA 95070-1181

Edward Wu
Reid & Wise LLC
One Penn Plaza
Suite 2015
New York, NY 11109

Robert K. Lu
Reid & Wise LLC
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

ECF Notifications

ORDER DENYING MOTION FOR RECUSAL
5