Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Debtor



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

Michael Miroyan

Debtor

) Case No.: 5:22-bk-50339
) Chapter 13
)
) AMENDED DECLARATION OF
) MICHAEL MIROYAN IN SUPPORT
) OF OPPOSITION TO LIFT
) AUTOMATIC STAY
)
) Date:   9-6-2022
) Time:   10:30 a.m.
) Dept.:  Courtroom 9
)

I Michael Miroyan declare:

1.  I am the Debtor in the above captioned case. I am submitting this Amended Declaration in Opposition to Gang Chen's Motion to Lift the Automatic Stay. My opposition papers were filed in this Court on 9-2-2022. The only reason why these papers were filed on 9-2-2022 was that I only received the Creditor Gang Chen`s Motion to lift the Automatic stay 7 days prior to 9-2-2022, i.e. on 8-26-2022 by mail. I am submitting this Amended Declaration on 9-6-2022 prior to the hearing on this matter.

2.  First, I want to request that this Motion be heard by another Judge, other than Judge Stephen Johnson in light of the calendared Motion to Recuse Judge Johnson for bias, filed pursuant to 11 U.S.C. § 455 and supporting case law, calendared to be heard in this Court on 9-29-2022 at 10:30 a.m. As such, the law requires that this Motion be heard by

- 1 -

another Judge.

3. The Motion to Recuse Judge Stephen Johnson for bias against Miroyan and favoritism towards Attorney Wayne Silver includes the following examples of bias that requires that Judge Johnson be disqualified or recuse himself from this case pursuant to 11 U.S.C. Section 455 and governing decisional case law:

1. Judge Johnson allowing Miroyan's Chapter 11 Attorney Berger to withdraw while Miroyan was placed on Mute during the Chapter 11 case. The withdrawal was done in complete contravention of the rules that must be followed governing withdrawal of attorneys while Miroyan was on mute. The result allowed Attorney Berger to run off with $25,000 that Miroyan had borrowed from friends, resulting in financial abuse against Miroyan and left his LLC without representation in violation of 9th Circuit precedent from <u>Laskowitz v. Shellenberger</u> (1952) 107 F.Supp. 397 which states:

   "The Court does not consent to the withdrawal of attorneys. Approval would leave a corporate defendant without representation. Even if a defendant assumes to represent himself, he must either enter his first appearance in the case in propria persona or be substituted for whoever appeared as his attorney. Defendant appropriately does not offer to do this because, being a corporation, it is without capacity to either represent others or itself.

   For authorities discussing the principles involved, see cases cited to support the following quotation from Cal.Jur. Ten Year Supplement, 1949, Revision, Vol. 9, Sec. 15, p. 448, where the applicable rules are stated as follows:

   "Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona. **A judgment rendered in such a proceeding is void."** (Emphasis added).

   In any event a withdrawal of attorneys is not the proper course. A substitution of attorneys approved by the Court is the method of changing

representation. The purported withdrawal of attorneys is disallowed."

Laskowitz v. Shellenberger (1952) 107 F.Supp. 397-398.

Furthermore, allowing Attorney Berger to withdraw constitutes a violation states:

> "Counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."

Cal. R. Prof. Conduct 1.16(d).

2. After granting Attorney Berger's Motion to Withdraw on 6-7-2022 in complete contravention of the rules, Judge Stephen Johnson offered opposing Attorney Wayne Silver an order shortening time for the hearing on Attorney Silver's Motion to convert at a time that Miroyan LLC's was without legal representation.

3. Judge Johnson in a clear unequivocal and clear abuse of his discretion gave Miroyan 8 business days over the Federal 2022 4th of July holiday to find new counsel, bring him up to speed on 7 ½ years of litigation, and prepare an opposition to Wayne Silver's 192 page Motion to Convert.

All of the above conduct constitutes actual bias against Miroyan requiring Judge Johnson's disqualification and/or recusal under the law.

**UNCLEAN HANDS COMMITTED BY GANG CHEN AND HIS ATTORNEY BY FILING FOR SUMMARY JUDGMENT ON 12-20-2018 AFTER MIROYAN'S 11-26-2018 BANKRUPTCY FILING THAT CREATED THE AUTOMATIC STAY**

4. Creditor Gang Chen and his attorney Karyn Doi's conduct constitutes unclean hands mandating this Court's denial of his Motion to Lift the Automatic stay based upon filing a Motion for Summary Judgment on 12-20-2018, that was heard and granted orally on 2-9-2019 by Judge Robert D.S. Kim of Hawaii's Third Circuit Court located in Kona Hawaii, where a further hearing was held on 3-8-2019 where Judge Kim's oral grant of siummary judgment in favor of Chen was confirmed by Orders in writing signed by Judge Kim. This grant of summary judgment is a void order that the law required Chen and his attorney to require they demand

- 3 -
MIROYAN'S DECLARATION ISO OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY
Case: 22-50339    Doc# 48    Filed: 09/06/22    Entered: 09/06/22 10:45:26    Page 3 of 15

that the Court reverse under governing case law, which they have pointedly failed to do in this case. The 9th Circuit clearly stated in In re Stringer (1988) 847 F.2d 549 at 551:

> "Any proceedings in violation of the automatic stay in bankruptcy are void."

This is a clear case of conduct that constitutes unclean hands that requires this Court to deny Chen his Motion requesting lifting of the automatic stay.

5. The facts clearly show that a Motion for Summary Judgment was filed by Chen and his attorney after Miroyan's 11-26-2018 Chapter 13 Bankruptcy Filing on 12-20-2018 and that they held Court on both 2-9-2019 and 3-8-2019 where the creditor Gang Chen and his attorney held court without notifying me when my back is turned 3000 miles away from the courtroom.

6. This was done after I filed for bankruptcy and during the time that the automatic stay was in full force and effect. What does Attorney Karyn Doi, attorney for Gang Chen do with Judge Kim's full knowledge and consent during the middle of an automatic day? Judge Kim was notified of Miroyan's 11-26-2018 Bankruptcy Filing and thus had actual knowledge of the existence of the automatic stay by virtue of a Notice of BK filing filed on 12-20-2018 in the companion Kai v. Hawaiian Riverbend LLC Case also before Judge Kim in Hawaii's Third Circuit Court in Kona case number: 15-1-164K.

7. Gang Chen's Attorney Karyn Doi blatantly filed a very dirty little request for summary judgment two days before Christmas Eve on 12-20-2018 and filed it 3200 miles away from where I am without any notice of it to me whatsoever. Without ever serving me with a copy of the pleadings. I received none of their papers, did not receive notice of any court date, so as a result, they were able to get Judge Kim to issue an Order granting

- 4 -

summary judgment in their favor on 2-9-2019 that was formalized on 3-8-2019 by written orders issued by Judge Kim on that date. Attached hereto as Exhibits _1_-_2_ are true and correct copies of the Docket entries for the Third Circuit Court located in Kona Hawaii from case number: 3CV-16-00043

8. This pleading is a start to my efforts to set matters right. I am confident that this court is going to do it because that is the mandatory duty of this Court to do so according to law. If this Court does not do this, then it will establish this Court as a farce while you call it force of equal protection under the law. The mockery you make of due process where there's none. How shameful will it be if the public starts to believe It's all a crooked down dirty game run by the judiciary. I have zero respect for all people in every location where money is their God and right and wrong don't even matter anymore. And I don't care what you think about me. I have lived through this experience for seven and a half years. I've seen it with my own eyes. I've heard it with my own ears.

9. I've never been able to speak in a court of law. I've never had opposing counsel in the same courtroom as me and the Hawaiian matters. And this is where it all starts and finishes for you. Because you listen to that crooked Judge Robert D.S. Kim who belongs in federal prison. That's where he belongs. I know. I've been to federal prison. And when I was growing up, they put judges in federal prison. And that's where you guys should be. All of you who knowingly and willingly break the law. Take away the rights of the underdog in this country. Who the hell are you to do so? This isn't your courtroom. You're here temporarily. You can be booted out unless you're a federal judge that has been appointed for life. I don't know why, how. But you should do your job and I'm going to tell you what your job is according to the law.

10.. And that's how pathetic this situation is. Where I have to tell

- 5 -

MIROYAN'S DECLARATION ISO OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY

Case: 22-50339  Doc# 48  Filed: 09/06/22  Entered: 09/06/22 10:45:26  Page 5 of 15

you what the job that is the lawyer's job is to do. Because Judge Stephen Johnson has from the beginning of this case been involved in what any reasonable onlooker can only conclude to be actual bias against me, and favoritism towards Attorney Wayne Silver as documented in my moving papers in support my Motion to Recuse Judge Stephen Johnson who took my attorney for my chapter 11 case and let him withdraw and then keep all my money, all $25,000 of it right off into the sunset, while my LLC was then left twisting in the wind with no representation and without the resources to retain new counsel.  All the while the Court had me on mute the whole time.  This was done in complete contravention of 9th Circuit precedent from <u>Laskowitz v. Schellenberger</u> (1952) 107 F.Supp. 397-398.

9. What the hell do you call that?  I call that the most ridiculous stupid stand a jurist could possibly do. How the hell do you ever get to be a judge doing something like that?  You're supposed to protect the entity, but you didn't. And then you give me a ridiculous amount of time, just 8 court days to find another attorney when I asked for 30 days and Judge Stephen Johnson wouldn't give it to me.

10. I asked Judge Stephen Johnson three times for a mere 30 days to secure legal counsel, bring him up to speed on 7 ½ years of litigation and file an opposition to Wayne Silver's 192 page Motion to Convert my case from Chapter 11 to Chapter 7.  I begged Judge Johnson three times and was denied every time.

11. We must have had a good laugh on that one huh? got eight days to find him attorney. Pay him bring him up to speed on 7 ½ years of litigation over the Fourth of July weekend and file an opposition to a 192 page brief. It doesn't include six different bankers boxes full of files, to say the least. Judge Johnson allowed attorney Berger to pull the rug out from under me after taking my money and after he'd been retained. And after his

- 6 -
MIROYAN'S DECLARATION ISO OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY
Case: 22-50339    Doc# 48    Filed: 09/06/22    Entered: 09/06/22 10:45:26    Page 6 of 15

paralegal said he was sending me documents requesting the extension but there was no document attached to the e-mail I received. I had FedEx Office verify that. It's just one Okey doke after another round here, isn't it? But I'm still here, aren't I? And so from now on, I'm talking, I'm telling the truth. And I don't care where the chips land or where they fall.
//

12. Maybe there's an honest jurist somewhere that would do their job and not make a mockery of the United States court system and the judiciary. This is the biggest farce I've ever seen and for you to continue with this farce, I believe is not just an abuse of discretion it's a furtherance of the conspiracy to defraud me. Now what needs to be done here is very simple. A finding by this Court that Gang Chen and his attorney violated the automatic stay by filing the Motion for Summary Judgment and holding 2 hearing dates in violation of the Automatic Stay, violations that continue to this very day by their failure to reverse Judge Kim's grant of Summary Judgment that the law requires them to do after they officially received notice in March 2019 of Miroyan's BK filing.

13. The facts supporting a finding that the law was violated are clearly ascertainable by reading the docket entries and the documents themselves. I know that you can read. I know you can. And you read the docket, and it says the case opened on November 26th 2018. Maureen Hammond's order redline version was signed on 3-15-2019 attached hereto as Exhibit 3. . Now, during that period of time, there were 2 very important hearing dates, 2-9-2019 and 3-8-2019. None of which Miroyan was notified about zero. Not notified of court dates. He was not supplied with the pleadings. This is your State of Hawaii Third Circuit Judge Robert D.S. Kim. The trickiest judge west of the Mississippi and that's a total stain on the judiciary, conducting court against the defendant without any

notification without any pleading without any planning without any asking of where the guy is, whether he has he been notified and doing it during an automatic stay?

14. Now what did you call that? That's just right up there with raping nuns, isn't it? That's what it is. It's raping nuns. It's about the same thing is raping our judicial system is raping the defendants raping the underdog. It's raping any chance of equal protection or due process? It's a complete and utter pathetic occurrence and nobody's done anything about it. I have searched the entire United States as best I can on the internet everywhere else every law book Westlaw everywhere. I've never found a Judge that violated the Bankruptcy Law's Automatic Stay. This is the only one and look at how we did it, he welcomed Attorney Karyn Doi with open arms in his courtroom and permits her to file her Motion for Summary Judgment a little more than 48 hours before Christmas.

15. Judge Kim entertained Attorney Karyn Doi's dirty little motion for summary judgment that's our Karyn Doi. She needs to be sanctioned. Gang Chen needs to be sanctioned. Their new lawyers need to be sanctioned. The judge needs to be sanctioned. Then on February 9, 2019 Judge Kim holds court again and on March 8th 2019 he does it again. And during those Court dates, summary judgment is granted, which is absolutely patently absurd. When the defendant doesn't even have notice of the hearing and doesn't see the other side's pleadings, and then 30 days later, less than 30 days 28 days a judgment is issued in favor of Gang Chen without any input from the defendant whatsoever. It's absurd and doesn't take into consideration three years of COVID. It's just an arbitrary and capricious act committed by Judge Robert D.S. Kim.

16. And the lawyers for Chen and other lawyers are all a bunch of common criminals. That's what they are. They're pathetic, but they're doing it in a court of law so they don't have to suffer for it.

MIROYAN'S DECLARATION ISO OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY

Case: 22-50339 Doc# 48 Filed: 09/06/22 Entered: 09/06/22 10:45:26 Page 8 of 15

17. I want to point out that there is no cause for the lifting of the automatic stay. All of my bankruptcy filings have been made in good faith, and my inability in the past to abide by the terms of confirmed plans has been due entirely to a breakdown of communications between myself and retained counsel.

18. The instant bankruptcy filing was made in good faith and good cause exists for maintenance of the automatic stay in this case to confirm a plan that includes the sale of the property in question for near the market value of the property - $1.75 million as opposed to being sold below value at auction. Selling the property close to market value is in the best interest of all the creditors of the Estate.

19. Furthermore, the fact is that there is adequate protection in favor of Gang Chen by the equity cushion in the property requires this Court to deny Chen's Motion to lift the automatic stay. Section 362(g) of the Bankruptcy Code places the burden to prove inadequate protection by lack of an equity cushion on Chen, something he has failed to do in his pleadings, further mandating that this Court deny his Motion.

20. The duty of this Court to deny Chen's Motion is also mandated by Chen's conduct constituting unclean hands that the law requires this Court not to permit by denying him the relief he has requested to lift the automatic stay in this case.

I declare under penalty of perjury of the laws of the state of California that the foregoing is true and correct.

Dated: September 6th 2022.

_____
Michael Miroyan - Debtor

| 15 | 12/11/2018 | Document Converted DOC ID: , Comments: OF TIME TO FILE PRETRIAL STATEMENT | PLAINTIFF'S EX PARTE MOTION FOR FIRST EXTENSION OFTIME TO FILE PRETRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR FIRST EXTENSION | All Case Parties | Leu, Lansen Hon Gong |
| --- | --- | --- | --- | --- | --- |
| 16 | 12/20/2018 | Document Converted DOC ID: , Comments: NOTICE OF HEARING AND CERTIFICATE OF SERVICE (HRG: 2/14/19 AT 8:00 A.M. BEFORE JUDGE KIM) | PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND FOR INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF INDEBTEDNESS; EXHIBITS "1"-"4"; | All Case Parties | Doi, Karyn A. |



| 28 | 02/14/2019 | Minutes DIGITAL RECORDING CC3.19-28/ 2019-2-14/0811-0812FOCLERK - L. FURUTO APPEARANCES: PLAINTIFF COUNSEL - D. KIKAWA (BY PHONE) COURT: DEFENDANT HAS BEEN DEFAULTED. KIKAWA: YES COURT: DEFAULT HAS BEEN ENTERED IN NOVEMBER RESPONSE BY KIKAWA . ***RULING*** COURT WILL GRANT THE MOTION FOR SUMMARY JUDGMENT | | All Case Parties | |
|---|---|---|---|---|---|
| 17 | 03/08/2019 | Findings/Fact Concl of Law-Ord Converted DOC ID: FOF, Comments: (COMMISSIONER: ANDREW M. KENNEDY) | FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES FILED DECEMBER 20, 2018; EXHIBIT "A" | All Case Parties | Doi, Karyn A. |
| 18 | 03/08/2019 | Document Converted DOC ID: JUDG, Comments: | JUDGMENT | All Case Parties | Doi, Karyn A. |
| 19 | 03/08/2019 | Document Converted DOC ID: NOJ, Comments: | NOTICE OF ENTRY OF JUDGMENT | All Case Parties | Doi, Karyn A. |

Ex # 2



LAW OFFICE OF WAYNE A. SILVER
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax: (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for* KENNETH Y. KAI and
TAE K. KAI, Trustees of the Kai Family 1998 Trust

The following constitutes the order of the Court.
Signed: March 15, 2019

M. Elaine Hammond
_____
M. Elaine Hammond
U.S. Bankruptcy Judge

Modifications by court. MEH

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>Debtor. | Case No.: 18-52601-MEH<br>Chapter 13<br>RS No. WS110<br>Date: March 1, 2019<br>Time: 10:00 a.m.<br>Court: 3020, Hon. M. Elaine Hammond |

## ORDER GRANTING MOTION FOR RELIEF FROM STAY AND AWARDING IN REM RELIEF UNDER 11 U.S.C. §362(d)(4)

The motion of the Kai Family 1998 Trust Dated October 5, 1998 ("Kai Trust"), for full and complete relief from the bankruptcy automatic stay under 11 U.S.C. §362(d)(1), together with an *in rem* order under 11 U.S.C. §362(d)(4) ("Motion"), to continue the judicial foreclosure of an undeveloped lot located in Hawaii identified in bankruptcy debtor Michael Haroutun Miroyan's ("Michael Miroyan") bankruptcy schedule A/B, Item 1.4 as: "Empty Land in HI, Lot: 3-6-8-002-053" and described in the Warranty Deed dated August 9, 2018 attached as Exhibit "A" to the Motion for Relief from Stay filed on December 29, 2018 (Docket No. 24) (referred to herein as "Parcel 53"), came on for continued hearing on March 1, 2019 before the Hon. M. Elaine Hammond, U.S. Bankruptcy Court Judge. Debtor Michael Miroyan appeared in *pro per*. Attorney Wayne A. Silver appeared on behalf of the Kai Trust.

The Court having read and reviewed the pleadings, declarations and requests for judicial



Ex #3

notice, having heard the arguments of those appearing, and having stated its findings and conclusions on the record under Federal Rule of Bankruptcy Procedure 7052, with good cause appearing, hereby ORDERS:

1. The Kai Trust's Motion is GRANTED.

2. The Court having analyzed the twelve factor test originated in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984), and having found those factors weigh heavily in favor of the Kai Trust, ~~and having found Debtor Michael Miroyan engaged in bad faith~~, grants the Kai Trust full and complete relief from the bankruptcy automatic stay for cause under 11 U.S.C. §362(d)(1) to pursue all rights and remedies to foreclose upon and if necessary obtain possession of Parcel 53, as follows:

    (a) Continue the prosecution of Civil Action No. 15-1-0164K against Hawaiian Riverbend, LLC in the Circuit Court of the Third Circuit State of Hawaii ("Civil Action") to final judgment;

    (b) Add debtor Michael Miroyan as a defendant in the Civil Action, amend the complaint in the Civil Action as necessary, and pursue the Civil Action against debtor Michael Miroyan to final judgment;

    (c) Bring a claim against debtor Michael Miroyan in the Civil Action for avoidance and cancellation of the Warranty Deed dated August 9, 2018 attached as Exhibit "A" to the Motion for Relief from Stay filed on December 29, 2018 (Docket No. 24) that transferred Parcel 53 from Hawaiian Riverbend, LLC to himself; and,

    (d) Execute on any judgment or interlocutory order in the Civil Action with respect to the foreclosure of Parcel 53 against Hawaiian Riverbend, LLC, debtor Michael Miroyan, and any subsequent transferee of Parcel 53, without further order of this Court.

3. The Court having found Michael Miroyan <u>transferred</u> ~~engaged in bad faith by transferring~~ Parcel 53 from Hawaiian Riverbend, LLC to himself ~~for no consideration and then~~ <u>without consent of the secured creditor or court approval prior to</u> filing for Chapter 13 bankruptcy, and that such conduct was designed to hinder, delay and possibly defraud the Kai Trust, Kai Trust shall have *in rem* relief under 11 U.S.C. §362(d)(4) such that, if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be

binding in any other case under Title 11 purporting to affect Parcel 53 by any person or entity filed not later than 2 years after the date of the entry of this Order by this Court, except that a debtor in a subsequent case under Title 11 may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.

4. Michael Miroyan's Request for Judicial Notice filed on February 28, 2019 (Docket No. 62) is DENIED.

5. Michael Miroyan's motions filed on February 27, 2019 (Docket No. 61): (1) to continue the hearing on the Motion; (2) <u>to prohibit a grant of stay relief</u> ~~extend the bankruptcy automatic stay~~ for twelve (12) months; and (3) authorize Parcel 53 to be listed for sale with John Miller of Sotheby's Real Estate, are DENIED.

6. The Kai Trust's objections to the unsworn Declaration of Michael Miroyan and attachments thereto filed on February 22, 2019 (Docket No. 60) are SUSTAINED.

7. ~~The 14-day stay prescribed by FRBP 4001(a)(3) is waived.~~

***END OF ORDER***

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel:     (408) 913-3123
E-mail:    mac8881@me.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

Michael Miroyan

Debtor.

Case No.: 5:22-bk-50339
Chapter 13

[PROPOSED] ORDER

GOOD CAUSE APPEARING THIS COURT ORDERS THAT CREDITOR GANG CHEN'S MOTION TO LIFT THE AUTOMATIC STAY BE DENIED.

Dated:_____          _____
                                          Judge