Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Michael Miroyan<br><br>Debtor | Case No.: 5:22-bk-50339<br>Chapter 13<br><br>OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY<br><br>Date: 9-6-2022<br>Time: 10:30 a.m.<br>Dept.: Courtroom 9 |

Debtor hereby files this Opposition to Gang Chen's Motion to lift the Automatic Stay on the following grounds:

**1. The Automatic Stay Is a Fundamental Debtor Protection and Exceptions Are Narrowly Construed.**

"The automatic stay is among the most basic of debtor protections under bankruptcy law."

Soares v. Brockton Credit Union (1st. Cir. 1997) 107 F. 3d 969, 975 (citing Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection (1986) 474 U.S. 494, 503.

"Congress considered the automatic stay one of the fundamental debtor protections provided by the bankruptcy laws when it was instituted."

In re Halo Wireless, Inc. (5th Cir. 2012) 684 F.3d 581, 586.

The stay

"is extremely broad in scope and, 'aside from the limited exceptions of subsection' (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate."

- 1 -

OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY

In re Montalvo (Bankr. D.P.R. 2015) 537 B.R. 128, 140.

This expansive scope serves the cardinal purposes of bankruptcy: namely, to

> "prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor."

In re SCO Grp., Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007) (internal quotation marks omitted)); Unisys Corp. v. Dataware Prods., Inc., 848 F.2d 311, 313 (1st Cir. 1988);

The Court in In re Jefferson Cnty., 491 B.R. 277, 285 (Bankr. N.D. Ala. 2013) explained that a key purpose of municipal bankruptcy is

> "the breathing spell provided by the automatic stay" and stating "[i]f the automatic stay is to be lifted routinely to allow claimants to assert their claims in state court, a municipality will not have the time, opportunity or ability to confirm a plan").

In re Jefferson Cnty., 491 B.R. 277, 285 (Bankr. N.D. Ala. 2013)

**In light of this fundamental protection, an order lifting the automatic stay is an "extraordinary remedy."** In re 234-6 West 22nd St. Corp., 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997).(Emphasis added).

## 2. A Party Seeking Relief from the Automatic Stay Must Demonstrate "Cause."

A court may grant relief from the automatic stay imposed by 11 U.S.C. § 362(a) only "for cause," 11 U.S.C. § 362(d)(1), and the burden of establishing a prima facie case of "cause" falls squarely on the movant. See, e.g., In re Rothstein Rosenfeldt Adler, P.A., Case No. 09-34791-RBR, 2011 Bankr. LEXIS 591, at *6 (S.D. Fla. Bankr. Jan. 24, 2011).

> "The party asserting that cause exists has the burden of establishing the legally sufficient basis for such relief."

In re Louis, 20-62841-JWC, 2020 WL 2843013, at *2 (Bankr. N.D. Ga. May 29, 2020).

The Bankruptcy Code does not provide a definition of "cause" and

"so courts often analyze cause by considering the totality of the circumstances in each case."

In re Honh-Yin Chan, Case No. 6:18-bk-03297-KSJ, 2019 WL 3948202 at *2 (Bankr. M.D. Fla. June 3, 2019); In re Bryan Road, LLC, 382 B.R. 844, 854 (S.D. Fla. Bankr. 2008).

Therefore, the court must determine whether discretionary relief from the stay is appropriate on a case by case basis. In re Errico, 618 B.R. 41, 48 (Bankr. M.D. Fla. 2020).

"Generally, the court should balance the potential hardship that will be incurred by the moving party if the stay is not lifted against the potential prejudice to the debtor and the debtor's estate.

In re Gulfstream Crane, LLC, Case No. 09-37091-BKC-RBR, 2010 Bankr. LEXIS 5665, at *4 (S.D. Fla. Bankr. Mar. 4, 2010).

While there is no set list of circumstances that a bankruptcy court is required to consider in evaluating whether § 362(d)(1) "cause" exists to lift the automatic stay, Courts have considered:

(1) whether the debtor has acted in bad faith;
(2) the "hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code"; and
(3) the status of pending state court proceedings.

In re Feingold, 730 F.3d 1268, 1277 (11th Cir. 2013); In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir.1989); In re Ellingsworth Residential Cmty. Ass'n, Inc., 6:20-BK-01346-KSJ, 2020 WL 6803154, at *2 (Bankr. M.D. Fla. Oct. 16, 2020); Honh-Yin Chan, 2019 WL 3948202 at *2; In re Siewe, 730 Fed. App'x 871, 877 (11th Cir. 2018).

It is the Plaintiffs' burden to show "cause" for relief from the automatic stay under this test. In re Ellingsworth Residential Cmty. Ass'n, Inc., 6:20-BK-01346-KSJ, 2020 WL 6803154, at *2 (Bankr. M.D. Fla. Oct. 16, 2020). Should the Plaintiffs

"fail[] to make an initial showing of cause, [] the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection."

In re Sonnax Indus., Inc., 907 F.2d 1280, 1285-86 (2d Cir. 1990).

The Court in In re Boodrow, 126 F.3d 43, 48 (2d Cir. 1997) stated:

> "We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause."). "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief."

In re Leibowitz, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); see also In re Motors Liquidation Co., 2010 WL 4966018 (S.D.N.Y. Nov. 17, 2010).

At the outset, the cardinal purposes of bankruptcy protection outlined above overwhelmingly support denial of the Stay Relief Motion, and the continued enforcement of the automatic stay. The instant bankruptcy case was filed in good faith and this justifies continued enforcement of the automatic stay in this case, so as to ensure an orderly liquidation of the Debtor's estate.

**3. THERE IS MORE THAN ENOUGH EQUITY IN THE PROPERTY TO PAY CREDITOR'S CLAIMS WITH INTEREST IN FULL. CREDITOR HAS FAILED TO COMPLY WITH BANKRUPTCY CODE SECTION 362(g).**

This Court must deny relief to Creditor Gang Chen when there is more than enough equity in the Property subject to the automatic stay. The law clearly requires the Creditor to prove the facts that show that the Debtor's secured claim does not have sufficient equity to pay his claim. This duty is codified in Bankruptcy Code Section 362(g) which clearly states:

> "(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property;..."

11 U.S.C. Section 362(g).

Nowhere in Mr. Chen's voluminous motion papers including the Exhibits in support of his Motion for Judicial Notice, nor in his declaration is there any reference to the market value of the property and whether there is sufficient equity in the property to secure Mr. Chen's claim or not. The fact that the debtor Mr. Miroyan has filed multiple Bankruptcy filings does not establish bad faith on the part of Mr. Miroyan. The very purpose of the Bankruptcy laws is to allow for debtors to orderly liquidate their property pursuant to an approved plan by the Court, something that Miroyan is doing in this case. Allowing Mr. Miroyan to file and submit a plan for approval by this Court is clearly in the interests of all creditors in this case, especially unsecured creditors who stand to lose everything if a plan is not approved. Allowing for sale of the property by Miroyan under the supervision of the Bankruptcy Court is the way to ensure that the property is sold for its' maximum value as opposed to a foreclosure auction that does not attract buyers and is held under circumstances where the creditor does not have to post any cash and can then be unjustly enriched by acquiring a more than $1.75 million property for a fraction of what its' worth with a credit bid, something that is clearly unfair and uses the judicial machinery to promote injustice.

4. **CREDITOR GANG CHEN AND HIS ATTORNEY KARYN DOI WILLFULLY VIOLATED THE AUTOMATIC STAY BY FILING FOR SUMMARY JUDGMENT IN THE THIRD CIRCUIT COURT IN HAWAII THAT CONSTITUTES UNCLEAN HANDS PRECLUDING RELIEF IN THIS COURT**

The U.S. Supreme Court discussed "unclean hands" in <u>Precision Co. v. Automotive Co.</u> (1945) 324 U.S. 806:

> "The guiding doctrine in this case is the equitable maxim that "he who comes into equity must come with clean hands." This

maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be "the abettor of iniquity." Bein v. Heath, 6 How. 228, 247. Thus while "equity does not demand that its suitors shall have led blameless lives," Loughran v. Loughran, 292 U.S. 216, 229, as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue. Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245; Johnson v. Yellow Cab Co., 321 U.S. 383, 387; 2 Pomeroy, Equity Jurisprudence (5th Ed.) §§ 379-399.

This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." Keystone Driller Co. v. General Excavator Co., supra, 245, 246. Accordingly one's misconduct need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor.

Moreover, where a suit in equity concerns the public interest as well as the private interests of the litigants this doctrine assumes even wider and more significant proportions. For if an equity court properly uses the maxim to withhold its assistance in such a case it not only prevents a wrongdoer from enjoying the fruits of his transgression but averts an injury to the public. The determination of when the maxim should be applied to bar this type of suit thus becomes of vital significance. See Morton Salt Co. v. Suppiger Co., 314 U.S. 488, 492-494.

<u>Precision Co. v. Automotive Co.</u> (1945) 324 U.S. 806 at 814-815.

In this case, at a minimum the Creditor Gang Chen and his attorney Karyn Doi had constructive knowledge of Mr. Miroyan's Bankruptcy filing on 11-26-2018, yet proceeded to file a Motion for Summary Judgment on 12-20-2018 that was decided in Creditor Gang Chen's favor on 3-9-2019 in the Third Circuit Court of Hawaii Case Number:              , while the Automatic Stay of the Bankruptcy Court was in full force and effect. As such, the Order granting Summary Judgment was and is void on it's face,

and Debtor and his counsel had a duty to vacate the Summary Judgment Order as a Void Order, something they have failed to do. This constitutes unclean hands on Creditor's part, that must preclude this Court from granting Chen's Motion to lift the automatic stay.

Dated: August 26, 2022.                Respectfully submitted,

                                       /s/ Michael Miroyan
                                       Michael Miroyan - Debtor