DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>Michael Haroutun Miroyan<br><br><br><br><br><br><br><br>Debtor(s) | Chapter 13<br>Case No. 22-50339SLJ<br><br>SECOND AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE<br><br>Continued 341 Meeting Date: SEPTEMBER 26, 2022 @ 10:30 AM<br><br>Confirmation Date: N/A – Trustee's Pending List<br><br>Judge: Stephen L. Johnson |

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Trustee questions whether the Chapter 13 plan was filed in good faith pursuant to 11 U.S.C. §1325 (a)(3). The Debtor filed a Chapter 13 case (No. 18-52601MEH) on November 26, 2018 which is still active. The Trustee avers that property of the estate cannot be subject to administration separately under two concurrent cases. The Trustee requests that the Debtor dismiss one of the Chapter 13 cases. *NOTE: The Court found that the above referenced case was in violation of 11 U.S.C. §109(e) and required the*

*Debtor to convert the matter to a Chapter 11 or the case would be dismissed. The Trustee questions why the Debtor has filed another Chapter 13 with the same debts.*

2. The plan is in violation of 11 U.S.C. §1325(a)(5). The Debtor has listed creditor HSBC on Schedule D; however, said creditor has been omitted from the plan. The Trustee requests Debtor file an Amended Plan to provide for the secured claim of HSBC.

3. The Trustee is unable to determine whether the plan complies with 11 U.S.C. §109(e) or 11 U.S.C. §1325(a)(6). The Debtor has failed to provide a numeric dollar amount for the amount of the claims owed to secured creditor HSBC on Schedule D and Matthew C. Shannon, Esq. on Schedule E/F. Without knowing the amount of the claims, the Trustee cannot determine whether the Debtor is above or below the allowed secured and unsecured debt limits, nor can she accurately determine the term in order to verify that the plan is feasible.

4. The Trustee is unable to administer the plan. The Debtor failed to provide the monthly administrative expense under Section 3.06 of the plan.

5. Debtor's counsel has failed to check *any* box in Section 3.05 of the plan to indicate how he intends to seek approval of fees. The Trustee requests that the plan be amended to accurately show how debtor's counsel intends to seek attorney's fees so that plan feasibility pursuant to 11 U.S.C. § 1325 (a)(6) can be determined.

6. The Trustee is unable to administer the plan. The Debtor has failed to provide the collateral descriptions, monthly contract installments and the person/people making the payments under Section 3.10 of the plan for the secured obligations owed to Gang Chen and Kai Family Trust.

7. The plan is in violation of 11 U.S.C. §1325(a)(6). The Debtor has failed to list the payments being made directly to secured creditors Gang Chen and Kai Family Trust on Schedule J.

8. The Trustee is unable to determine whether the plan meets the feasibility test in 11 U.S.C. §1325(a)(6) because the plan payments substantially increase during the pendency of the case. The Trustee requests that the debtor file a declaration, signed under penalty of perjury, which explains how the increased plan payments will be funded.

9. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax return shall be provided to her at the same time it is filed with the taxing authority.

10. The Debtor failed to provide copies of income tax returns prior to the 11 U.S.C. §341 meeting of creditors. *See separate objection point.* So that the Trustee can verify that the copies that the Debtor will provide are true and correct copies of the returns that were provided to the taxing agencies, the Trustee requests that the returns provided to the Trustee be attached to a declaration signed by the Debtor stating under penalty of perjury that the returns being provided are true and correct copies of the returns that the Debtor submitted to the taxing authorities.

11. The Debtor has failed to comply with 11 U.S.C. §521(e)(2)(A)(i) and (B), in that he has not provided the Trustee with a copy of his 2021 federal and state income tax return and

Trustee's Obj to Confirmation 22-50339SLJ

3

Case: 22-50339   Doc# 58   Filed: 09/14/22   Entered: 09/14/22 10:41:32   Page 3 of 7

W-2 form. Until the Debtor provides the requested information, the Trustee is unable to perform her duties under 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)) and is unable to recommend confirmation.

In addition, the Trustee is in receipt of a proof of claim filed by the Internal Revenue Service which states that the Debtor has not filed a tax return for the following tax years: 2016, 2017, 2018, 2019 and 2020. The Trustee is unable to recommend the case for confirmation until such time as the Debtor can provide proof that all delinquent tax returns have been filed.

12. The Trustee requests a copy of the 2021 corporate tax return for the corporation known as Hawaiian Riverbend LLC.

13. The Trustee requests a balance sheet for the corporation known as Hawaiian Riverbend LLC as of March 31, 2022.

14. The Trustee requests copies of profit and loss statements for the corporation known as Hawaiian Riverbend LLC for the following months: November 2021, December 2021, January 2022, February 2022, March 2022 and April 2022.

15. The Trustee is unable to determine if the plan meets the liquidation test in 11 U.S.C. §1325(a)(4) and requests that the Debtor provide her with a copy of whatever evidence the Debtor used to determine the $6,000,000.00 value of the corporation known as Hawaiian Riverbend LLC/real property associated with the corporation (14.66 acres of commercial zoned land) listed on Schedule A/B.

16. The Trustee is unable to determine if the plan meets the liquidation test in 11 U.S.C. §1325(a)(4) and requests that the Debtor provide her with a copy of whatever evidence the Debtor used to determine the $1,000,000.00 value of the real property located at 62-2280 Kanehoa Street, Kamuela, HI, 96743, listed on Schedule A/B.

17. The Trustee is unable to determine if the plan meets the liquidation test in 11 U.S.C. §1325(a)(4) and requests that the Debtor provide her with a copy of whatever evidence the Debtor used to determine the $1,750,000.00 value of the real property located at "Empty Lot in Hawaii Lot: 3-6-8-002-021", listed on Schedule A/B.

18. Priority creditors, Internal Revenue Service and the County of Hawaii Real Property Tax Division, have filed priority claims in the case. The estimated amount has been omitted from Section 3.12 of the plan, and the omission of the estimated claim amount prevents other creditors and interested parties from being able to determine whether the plan is feasible, and when lower priority creditors will start to receive disbursements on their claims. The Trustee requests that the Debtor amend the plan to fill out Section 3.12 of the plan. NOTE: County of Hawaii Real Property Tax Division is listed on Schedule E/F as an unsecured creditor.

19. The Debtor has failed to appear and/or submit to examination under oath at the Meeting of Creditors under 11 U.S.C. § 341(a). Without conducting this examination, the Trustee is unable to adequately investigate the Debtor's financial affairs as she is required to do pursuant to 11 U.S.C. § 1302(b)(1) (incorporating 11 U.S.C. § 704(a)(4)). In addition, until the Debtor is examined by the Trustee, she is unable to recommend confirmation of the Debtor's plan. The Trustee requests that the Debtor appear at a rescheduled meeting of creditors.

20. The Debtor has failed to provide the Trustee with either or both 1) a government photo identification, or 2) proof of social security number. See 11 U.S.C. § 521(h). Without being able to establish the identity of the Debtor, the Trustee is unable to adequately investigate the financial affairs of the Debtor or recommend confirmation. The Trustee requests that the Debtor provide her with verification of both identity and social security number.

THE TRUSTEE STRONGLY RECOMMENDS DEBTOR CONTACT AN EXPERIENCED CHAPTER 13 ATTORNEY FOR ASSISTANCE. DEBTOR'S FAILURE TO COMPLY WITH THE BANKRUPTCY CODE MAY RESULT IN DISMISSAL OF THE CASE.

Dated: September 14, 2022 /S/ Devin Derham-Burk

Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 105 Cooper Court, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on September 14, 2022.

Said envelopes were addressed as follows:

| | |
|---|---|
| Michael Miroyan<br>P O Box 3181<br>Saratoga, CA  95070 | Pro Se |

/S/ Clotilde Costa
Office of Devin Derham-Burk, Trustee

Trustee's Obj to Confirmation 22-50339SLJ