Entered on Docket
October 07, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: October 7, 2022

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

MICHAEL HAROUTUN MIROYAN,

Debtor.

Case No. 22-50339 SLJ

Date: September 22, 2022
Time: 11:00 a.m.
Ctrm: Remote

**ORDER GRANTING MOTION TO DISMISS CASE**

The chapter 13 trustee's Motion to Dismiss Case came on for hearing at the above-referenced date and time. Appearances were noted on the record. After hearing arguments, the court gave Debtor a deadline of September 29, 2022, to file a written opposition and took the matter under submission. For the following reasons, the court will grant the Motion.

**I.    BACKGROUND**

Debtor filed this chapter 13 petition on April 22, 2022.[1] According to Schedule A/B, Debtor owns real property located at 62-2280 Kanehoa Street, Kamuela, Hawaii ("Kamuela Property") and an empty lot in Hawaii with the parcel number 2-6-8-002-021 ("Parcel 21").

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Under item no. 19 of Schedule A/B, Debtor indicates he is the owner of Hawaii Riverbend LLC, which owns an empty lot with the parcel number 6-8-002-053 ("Parcel 53") in Hawaii.[2] His Schedule D lists five secured creditors, all with liens against real properties: (1) Gang Chen in the amount of $250,000 secured by Parcel 21; (2) HSBC in the amount of "unknown" secured by the Kamuela Property; (3) Kai Family Trust in the amount of $540,000 secured by Parcel 53; (4) Ocwen Loan Servicing in the amount of "unknown" secured by the Kamuela Property; and (5) Hawaii Real Property Tax Division in the amount of $195,276 secured by Parcel 53.[3] All of the secured debts, except for Gang Chen's, are listed as contingent, unliquidated, and disputed.

Of the five secured creditors listed in Schedule D, two of them filed proofs of claim. HSBC Bank[4] filed a proof of claim for a secured claim of $1,306,137.17. The Kai Family Trust filed a proof of claim for a secured claim of $1,914,014.62.

The chapter 13 trustee ("Trustee") filed a Motion to Dismiss Case Pursuant to 11 U.S.C. §§ 1307(c) and 109(e) ("Motion"), alleging that Debtor is over the secured debt limit for a chapter 13 debtor. Trustee asserts Debtor manipulated Schedule D to avoid the secured debt limit. First, Debtor filed a previous chapter 13 case (Case No. 18-52601) in 2018 in which he scheduled Ocwen as having a secured claim of $400,000 and Kai Family Trust as having two secured claims totaling $790,000. In that case, Ocwen and Kai Family Trust filed proofs of claims for secured claims of $1,739,712.99 and $1,439,688, respectively. Despite this, Debtor lists the claim amount of Ocwen as "unknown" and undervalues the claim of Kai Family Trust in this case. Second, Debtor designated all the secured debts except one as contingent and unliquidated in bad faith. Totaling the claims filed by HSBC and Kai Family Trust and the non-

---

[2] Hawaii Riverbend is currently in a chapter 11 proceeding pending before this court.
[3] County of Hawaii Real Property Tax Division filed a proof of claim for an unsecured priority claim of $49,574.42 based on unpaid property taxes on Parcel 21. It did not file a proof of claim for unpaid property taxes on Parcel 53.
[4] The full name of secured creditor is HSBC Bank USA, National Association, as Indenture Trustee for People's Choice Home Loan Securities Trust Series 2005-3.

contingent, liquidated and undisputed secured debt of Gang Chen listed in Schedule D, Trustee argues Debtor is well above the secured debt limit of $1,395,875 pursuant to § 109(e).[5]

Trustee initially noticed the Motion for hearing on September 8, 2022, with written opposition due on August 25, 2022. Debtor did not file an opposition. Prior to the hearing, the court continued the hearing to September 22, 2022. The order continuing the hearing ordered Debtor to file a written response by September 15, 2022, if he opposed the Motion. Debtor did not file a written response. But Debtor appeared at the hearing and argued that he does not owe the debt to the Kai Family Trust, which is a debt of his company Hawaiian Riverbend, and thus it should not be counted toward the debt limit. The court ordered Debtor to file a written response by September 29, 2022, and thereafter the matter would be submitted.

Debtor filed a response on September 29, 2022, and an amended response ("Opposition") on September 30, 2022. Debtor argues he is under the secured debt limit because the non-tax claims are all inflated and disputed. Specifically, Debtor submits that the HSBC claim is only $683,064.22 based on a recent statement, the claim of Kai Family Trust is against Hawaiian Riverbend LLC and not Debtor individually, and the claim of Gang Chen is inflated and disputed. Debtor does not discuss how any of these debts are contingent or unliquidated.

## II. DISCUSSION

### A. Chapter 13 Debt Limit Calculation

Section 109(e) of the Bankruptcy Code, as applicable to this case, provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, . . . noncontingent, liquidated, secured debts of less than $1,395,875 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e).

---

[5] In reviewing the claims filed in Debtor's 2018 case and this case, Trustee believes that Ocwen and HSBC listed in Schedule D of this case consists of one debt and HSBC appears to be the successor-in-interest to Ocwen.

When determining chapter 13 eligibility under § 109(e), "eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *In re Scovis*, 249 F.3d 975, 982 (9th. Cir. 2001). But, where a good faith objection to eligibility has been filed by a party in interest, the bankruptcy court can make a limited inquiry outside of the schedules to determine if the debtor estimated his debts in good faith, and if not, whether he was eligible for chapter 13 relief. *In re Guastella*, 341 B.R. 908, 918 (B.A.P. 9th Cir. 2006). "The phrase 'checking only to see if the schedules were made in good faith' does not mandate that the court make findings of 'bad faith.' Neither does it require that a debtor intentionally misrepresent her debts to create the appearance of eligibility before there can be an absence of good faith." *Id.*, at 920. If it appears to be a legal certainty from the record that the claim is not as stated in the schedules, an actual "good faith" inquiry may be unnecessary. *Id.*, at 921.

The statute specifically excludes contingent and unliquidated debts from the eligibility calculation. *In re Ho*, 274 B.R. 867, 871 (B.A.P. 9th Cir. 2002). "[D]etermining whether a debt is contingent or non-contingent or liquidated or unliquidated . . . is definitional, not factual. The court is perfectly capable of making these determinations expeditiously without having to rely upon the debtor's own assessment, whether made in good faith or not." *In re Faulhaber*, 269 B.R. 348, 356 (Bankr. W.D. Mich. 2001). Debts which are merely disputed are included in the § 109(e) limitation calculation. *In re Fountain*, 612 B.R. 743, 748 (B.A.P. 9th Cir. 2020).

B.   <u>Contingent Debt</u>

A debt is non-contingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition. *In re Nicholes*, 184 B.R. 82, 88 (B.A.P. 9th Cir. 1995). The Ninth Circuit held that "the rule is clear that a contingent debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987) (internal quotations and citations omitted). "[W]here a contract was entered into by parties who did not contemplate that any further act had to be completed in order to trigger contractual

liability, then such liability would not be contingent." *Id.*, at 307 (quoting *In re Lambert*, 43 B.R. 913, 922 (Bankr. D. Utah 1984)); *Nicholes*, 184 B.R. at 88 (debts of a contractual nature are not contingent).

Debtor provided no explanation why any of the mortgage debts and tax debt are contingent. The mortgage debts are premised on promissory notes, which are a form of contract. All of the events giving rise to Debtor's liability on the notes arose pre-petition. Debtor's liability for these debts was created when he signed the promissory notes. Likewise, the property taxes were owed when due; there is no future event to trigger such liability.

Accordingly, the secured debts listed in Schedule D are not contingent.

C.      Liquidated Debt

In the Ninth Circuit, whether a debt is liquidated "turns on whether it is subject to ready determination and precision in computation of the amount due." *Fostvedt*, 823 F.2d at 306 (quoting *In re Sylvester*, 19 B.R. 671, 673 (B.A.P. 9th Cir. 1982)). "The definition of 'ready determination' turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish the amount of liability." *In re Slack*, 187 F.3d 1070, 1073-74 (9th Cir. 1999) (quoting *In re Wenberg*, 94 B.R. 631, 634 (B.A.P. 9th Cir. 1988)). "[A] debt is liquidated if the amount is readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided." *Slack*, 187 F.3d at 1075; *Scovis*, 249 F.3d at 983-84 (citing *Slack*). For the same reason, disputing liability does not render a debt unliquidated. *Slack*, 187 F.3d at 1074; *In re Loya*, 123 B.R. 338, 340 (B.A.P. 9th Cir. 1991) ("whether a debt is liquidated does not depend on whether it is disputed."). Debts arising from a contract are liquidated generally. *Nicholes*, 184 B.R. at 89.

The mortgage debts are liquidated because the amounts of the claims are readily ascertainable from the underlying contracts. The property tax debts are also liquidated because they are readily ascertainable and easily computed through assessment notices and fixed legal standards in the applicable Hawaii tax code.

Case: 22-50339    Doc# 82    Filed: 10/07/22    Entered: 10/07/22 17:15:24    Page 5 of 8

Therefore, all the claims in Schedule D are liquidated.

D.  Consideration of the Proofs of Claims

Although Debtor listed the claims of HSBC and Kai Family Trust in his schedules, he listed the amount of the former as "unknown" and the latter as $540,000. Trustee made a good faith objection to eligibility based on Debtor's previous chapter 13 case and the proofs of claims filed in this case. Debtor, who prepared his schedules with the advice and assistance of an attorney, either knew or should have known the approximate amount of the mortgage on the Kamuela Property. Even if he does not, it is a legal certainty that HSBC's claim is not "unknown." As noted in Debtor's Opposition, he receives monthly mortgage payments on this debt.

Debtor argues that the debt to Kai Family Trust is owed by Hawaiian Riverbend and not him. But Debtor has not objected to the claim of Kai Family Trust, which was filed on June 30, 2022. Moreover, in his declaration in support of debtor's objection to motion to convert case filed in the Hawaiian Riverbend case, Debtor stated, in transferring Parcel 53 from Hawaiian Riverbend to himself, "I sought to *personally assume all the liabilities of [Hawaiian Riverbend]*." Declaration of Michael Miroyan in Support of Debtor's Objection to Creditors Kenneth and Tae Kai's Motion to Convert Case to Chapter 7, filed on August 25, 2022 in *In re Hawaiian Riverbend LLC* (Case No. 22-50314), Docket No. 82-3, p. 3:23-25 (emphasis in original).[6] This seems consistent with the fact that Debtor scheduled the secured claims of Kai Family Trust and Hawaii Real Property Tax Decision in this case, even though both claims are secured by Parcel 53. Regardless, even if Debtor disputes his liability on the claim, a disputed claim is included in the calculation of the debt limit.

Relying on a mortgage statement dated September 16, 2022, Debtor asserts that the secured claim of HSBC is only $683,064.22. The mortgage statement, however, clearly states that the outstanding balance amount of $683,064.22 is not a payoff amount. A review of HSBC's proof of claim makes this clear. The breakdown attached to the proof of claim shows a

---

[6] The court makes no determination on the validity of this assumption.

principal balance of $683,064.22, plus interest due of $494,747.04, fees due of $41,225.21, and escrow deficiency for funds advanced of $87,100.70, for a total of $1,306,137.17. Debtor has not objected to the claim.

Lastly, Debtor summarily maintains that the secured claim of Gang Chen in the amount of $412,200 was arbitrarily inflated and disputed.[7] Gang Chen did not file a proof of claim in this case, but Debtor listed Gang Chen with a non-contingent, liquidated, and undisputed claim of $250,000. *See In re Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions.").

The fact remains that notwithstanding Debtor's disputes with one or more of these claims, they are included in the debt limit calculation.

## III. CONCLUSION

To summarize, Debtor is over the secured debt limit for chapter 13 cases. All the secured debts are non-contingent and liquidated. Although Debtor vehemently disputes his liability on the Kai Family Trust's claim, that claim of $1,914,014.62 is included in the debt limit calculation and by itself would disqualify him. Even if the Kai Family Trust's claim is not included in the calculation, HSBC's claim of $1,306,137.17 and the undisputed $250,000 scheduled claim of Gang Chen put Debtor above the statutory limit. The court concludes Debtor not eligible for chapter 13 relief. Accordingly,

IT IS HEREBY ORDERED that the Motion is GRANTED and this case is DISMISSED.

*** END OF ORDER ***

---

[7] It is unclear where Debtor obtained the amount of $412,200. It appears the number may be from Gang Chen's Motion for Relief from the Automatic Stay, which alleges that Debtor owes a total of $412,265.

ORDER GRANTING MOTION TO DISMISS CASE -7-

Case: 22-50339    Doc# 82    Filed: 10/07/22    Entered: 10/07/22 17:15:24    Page 7 of 8

**COURT SERVICE LIST**

Michael Haroutun Miroyan
P.O. Box 3181
Saratoga, CA 95070-1181

**[ECF Recipients]**